UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
:
SCORPIO 8283 LLC,
:
                        Plaintiff,
:
                v.                                  Civil Action No. _____
:
2220 EQUITIES MANAGEMENT LIMITED        JURY TRIAL DEMANDED
PARTNERSHIP and MYCA, LLC,
:
                      Defendants.     :     **08 CIV. 0510**
:
------------------------------------------------------------x

## COMPLAINT

Plaintiff Scorpio 8283 LLC ("Plaintiff"), by its attorneys, Willkie Farr & Gallagher LLP, hereby alleges against Defendants 2220 Equities Management Limited Partnership and MYCA, LLC (collectively "Defendants") as follows:

## THE PARTIES

1.     Plaintiff and Defendants are, collectively, all of the partners of Court-Martine Associates, a general partnership organized and existing under the laws of the State of New York, with its principal place of business at 1350 Avenue of the Americas, New York, New York, 10019.

2.     Plaintiff Scorpio 8283 LLC is a limited liability company organized and existing under the laws of the State of New York, with its principal place of business at 56 Ivy Hill Road, Ridgefield, CT, 06877. Plaintiff Scorpio 8283 LLC's sole member is the Maggie P. Minskoff QTIP Trust, of which Patricia Breede is the sole trustee. Patricia Breede is a citizen of Connecticut.

4092163.6

3. Upon information and belief, Defendant 2220 Equities Management Limited Partnership is a limited partnership organized and existing under the laws of the State of New York, with its principal place of business at 2200 E. Gossamer Lane, Boise, Idaho, 83706. Upon information and belief, the partners of Defendant 2220 Equities Management Limited Partnership are Alan Minskoff and Royanne Minskoff. Upon information and belief, Alan Minskoff and Royanne Minskoff are both citizens of Idaho.

4. Upon information and belief, Defendant MYCA, LLC is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business in Florida. Upon information and belief, the members of Defendant MYCA, LLC are Sara Minskoff Allan and Carolyn Minskoff. Upon information and belief, Sara Minskoff Allan and Carolyn Minskoff are both citizens of Florida.

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction under 28 U.S.C. § 1332 as there is complete diversity among the parties and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

6. Venue is proper in this District under 28 U.S.C. § 1391(a), in that a substantial part of the events giving rise to the claims alleged herein occurred in this District and a substantial part of property that is the subject of this action is situated in this District.

## BACKGROUND ALLEGATIONS AS TO ALL CAUSES OF ACTION

7. Beginning in the 1950's, Henry Minskoff, Jerome Minskoff, and Myron Minskoff (collectively, the "Minskoff Brothers") formed a number of partnerships for the purpose of acquiring, owning, and leasing real estate in and around New York City. Many of the partnerships were formed with the Minskoff Brothers as the sole partners, and several of the partnerships had partners in addition to the Minskoff Brothers.

8. Among the partnerships that the Minskoff Brothers formed with one another was Court-Martine Associates (the "Partnership").

9. The Partnership was formed pursuant to a general partnership agreement dated June 15, 1977 (the "Partnership Agreement"), which agreement is annexed hereto and made a part hereof and marked as "Exhibit A."

10. Pursuant to paragraph 2 of the Partnership Agreement, the Partnership was formed for the purpose of acquiring and holding the title of the partners, previously held individually by said partners as tenants-in-common, in the property known as 169 to 183 Martine Avenue and 39 to 55 Court Street, White Plains, New York.

11. At the time the Partnership Agreement was entered into, Henry Minskoff, Jerome Minksoff, and Myron Minskoff, all now deceased, were the general partners of the Partnership.

12. Pursuant to paragraph 3 of the Partnership Agreement, the Partnership was for a fixed term that expired on or about December 31, 1992.

4092163.6

13. Upon information and belief, the Partnership continued by consent of the partners without further formal written agreement after the expiration of the term.

14. Pursuant to section 45 of the New York Partnership Law, the rights and duties of the partners remained as they were at the expiration of the term, so far as is consistent with a partnership at will.

15. Pursuant to paragraph 7 of the Partnership Agreement, after the deaths of the Minskoff Brothers, their interests were eventually assigned to Plaintiff and Defendants.

16. The Partnership currently owns 75% of the property known as 167 to 183 Martine Avenue and 39 to 55 Court Street, White Plains, New York, 10601 (the "Property"). That is the principal asset of the Partnership.

17. The interests of the partners in the Partnership are currently as follows: Plaintiff Scorpio 8283 LLC has a 41.2% interest; Defendant 2220 Equities Management Limited Partnership has a 41.2% interest; and Defendant MYCA, LLC has a 17.6% interest.

18. Plaintiff and Defendants, as partners, jointly hold a valuable 75% ownership interest in the Property. They have a valuable business, and a number of accounts receivable which can be collected and are due and owing to the Partnership. The assets of the Partnership exceed its liabilities and are substantially in excess of $75,000.

## AS AND FOR A FIRST CAUSE OF ACTION

19. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 18 above as if fully set forth herein.

4092163.6

20. Before the deaths of the Minskoff Brothers, the Partnership, as well as the other partnerships in which the Minskoff Brothers jointly held interests, were run without any significant problems among the partners. However, after the deaths of the Minskoff Brothers, the relationships between and among their successors in interest deteriorated. Such deterioration has affected all the entities in which the parties jointly hold interests.

21. That deterioration of the relationships between and among the partners (and their principals) has resulted in difficulties and disagreements concerning material aspects of the conduct of the Partnership and the business of the Partnership.

22. As a result of those difficulties, Plaintiff and Defendants have been unable to agree on numerous issues affecting the management, direction, and day-to-day operations of the Partnership and the other partnerships in which Plaintiff and Defendants jointly hold interests, including, but not limited to: (i) the roles to be played by each partner in the management of the properties owned by the partnerships; (ii) whether and under what terms to lease space in certain partnership properties; (iii) the organizational structure of the partnerships; (iv) whether to refinance certain partnership loans; (v) whether to make capital investments and tenant improvements and otherwise; and (vi) how to allocate insurance obligations among the properties owned by the various partnerships.

23. Irreconcilable differences exist regarding those issues and others. As a consequence, the parties are unable to conduct business in an appropriate manner and are deadlocked on decisions of import to the Partnership.

4092163.6

24. For years, efforts to resolve the problems that exist in the Partnership, as well as in the numerous other partnerships in which Plaintiff and Defendants jointly hold interests, have consistently failed.

25. As a consequence, there is no hope that the parties will be able to resolve the problems plaguing the Partnership.

26. As a result of the foregoing, it is not reasonably practicable for the Partnership to carry on its business in conformity with the Partnership Agreement.

27. Accordingly, the present circumstances render the dissolution of the Partnership equitable, and the Partnership should therefore be dissolved.

28. There is no adequate remedy at law for the relief sought herein.

## AS AND FOR A SECOND CAUSE OF ACTION

29. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 28 above as if fully set forth herein.

30. Non-party Minskoff Grant Realty & Management Corp. ("MGRMC") is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 1350 Avenue of the Americas, New York, New York, 10019. MGRMC provides asset management and direct management for a diversified portfolio of urban and suburban office buildings and retail properties. Jean Minskoff Grant is the President and Chief Operating Officer of MGRMC, and Francis C. Grant III is the Chief Executive Officer of MGRMC.

31. For several years, Jean Minskoff Grant and Francis C. Grant III, through MGRMC, have efficiently, successfully, and profitably managed the Property of the Partnership to the substantial benefit of all the partners.

32. Through MGRMC, Jean Minskoff Grant and Francis C. Grant III have collected rents, made repairs, distributed profits to the Partnership, and performed numerous other responsibilities to ensure the successful management of the Property.

33. MGRMC has been intimately involved on a day-to-day basis with the management of the Partnership and the Property.

34. Certain partners (the "Revoking Partners") have recently purported to enter into an agreement with a third party (the "Third Party Manager") for the management of the Property, and to revoke MGRMC's authority to act for the Partnership.

35. The Revoking Partners have failed to provide Plaintiff with relevant information concerning the agreement with the Third Party Manager.

36. Upon information and belief, the Third Party Manager has not had any prior involvement with the Partnership or the Property, and has not had any experience in managing the Property.

37. Plaintiff believes that changing management will cause irreparable damage to the Partnership's interests in the Property.

38. Plaintiff also believes that changing management will result in a waste of Partnership assets, as a significant amount of work would be required to transition the

management of the Property to the Third Party Manager, and as the Partnership would have to pay management fees to the Third Party Manager that are not currently being paid to MGRMC.

39. As a result of the foregoing, Plaintiff requests an Order allowing it or its agents to continue managing the Property until the dissolution and winding up of Partnership affairs is completed.

40. There is no adequate remedy at law for the relief sought herein.

WHEREFORE, Plaintiff requests judgment against the Defendants as follows:

(a) on the first cause of action,

   (i) dissolving the Partnership and ordering an accounting of all of the Partnership's transactions and of all property and money received and paid by Plaintiff and Defendants respectively;

   (ii) declaring under section 68 of the New York Partnership Law that there be a winding up of the Partnership;

   (iii) directing the appointment of a referee to oversee the winding up of the Partnership affairs, the payment of the debts and liabilities of the Partnership, and the division of the surplus assets, in accordance with the Partnership Agreement;

(b) on the second cause of action, enjoining Defendants and allowing Plaintiff or its agents to continue managing the Property until the dissolution and winding up of Partnership affairs is completed; and

    (c)    awarding Plaintiff the costs and disbursements of this action, together with such other and further relief as to this Court seems just and proper.

DATED:  New York, New York
               January 18, 2008

Respectfully submitted,

WILLKIE FARR & GALLAGHER LLP

By: /s/ Thomas H. Golden
Thomas H. Golden (TG-1467)
(A Member of the Firm)

787 Seventh Avenue
New York, New York 10019-6099
tgolden@willkie.com
(212) 728-8000

Attorneys for Plaintiff

AGREEMENT made as of this 15th day of June, 1977, by and among HENRY H. MINSKOFF, residing at 710 Park Avenue, New York, N.Y., JEROME MINSKOFF, residing at 2 East 67th Street, New York, N.Y., and MYRON A. MINSKOFF, residing at 700 Park Avenue, New York, N.Y.

## W I T N E S S E T H :

WHEREAS, the parties hereto are the owners of the property known as 169-183 Martine Avenue and 39-55 Court Street, White Plains, New York (the "Property"); and

WHEREAS, the parties hereto have formed a general partnership under the name of COURT-MARTINE ASSOCIATES for the purpose of acquiring the interest of the above named parties in the Property,

NOW, THEREFORE, the parties hereto agree as follows:

1. The parties hereto do hereby form a general partnership to be known as COURT-MARTINE ASSOCIATES.

2. The purpose of the partnership is to acquire and hold the title of the partners, now held individually by said partners as tenants-in-common, in the Property. The partnership business shall be conducted at 1350 Avenue of the Americas, New York, N.Y., and/or such other places as the partners may determine.

3. The existence of the partnership shall commence on the date of the filing of the deed conveying the aforesaid interests of the partners in and to the Property above described and shall terminate on the 31st day of December, 1992 unless sooner terminated by operation of law or the sale or other disposition of all or substantially all of the assets of the Partnership.

4. The initial capital contribution of each partner

shall be the conveyance by each partner of his interest as tenant-in-common of the Property.

5. The fiscal year of the partnership shall be the calendar year. The voting rights of the partners and their respective share of the profits or losses in the partnership shall be as follows:

    Henry H. Minskoff  —  42.7%
    Jerome Minskoff  —  42.7%
    Myron A. Minskoff  —  14.5%

All decisions with respect to the management of the partnership business and the disposition by sale, mortgage or otherwise of any partnership property shall be by majority vote except as provided in paragraph 10 hereof. Each of the partners shall devote such time and attention to the business of the partnership as he may, in his sole discretion, determine, and shall be free to devote such time and attention to other business matters.

6. The partnership shall maintain such bank accounts as the partners shall determine. Checks shall be drawn for partnership purposes only and may be signed by any one of the partners. All moneys received by the partnership shall be deposited in such account or accounts.

7. The death of any of the parties hereto shall not act as a termination or dissolution of this partnership but the legal representative of said deceased partner shall continue as a member thereof and shall be entitled to all benefits thereof and shall be subject to all the liabilities provided for herein.

8. The parties hereto for themselves and their

their heirs, successors and assigns do irrevocably waive and release all rights which they may now have or may hereafter acquire at law or in equity or by provision of any statute or otherwise to obtain a partition of any real estate or leasehold interest which the partnership may own and do hereby irrevocably consent and agree that they will not at any time commence or maintain an action for such partition.

9. Proper books of account shall be kept by the partners and entries made therein on such matters, transactions and things as are usually entered in the books of account kept in the course of the same or similar business. Said books of account and all letters, papers and documents belonging to the partnership shall be kept at the office of the partnership and each partner shall at all times have free access to examine, copy and take extracts from the same.

10. No partner shall without the consent of the other partners (which consent shall not be unreasonably withheld) do any of the following:

>(a) Make, execute or deliver for the partnership any bond, mortgage, deed of trust, guarantee, indemnity bond, surety bond or accommodation paper or accommodation endorsement.

>(b) Borrow money in the partnership name or use partnership property as collateral.

>(c) Assign, transfer, pledge, compromise or release any claim of or debt owing to the partnership except upon payment in full.

      (d) Convey any partnership real property.

      (e) Pledge or transfer in any manner his interest in the Partnership except to another partner.

      (f) Any of the acts for which unanimity is required by other paragraphs of this agreement.

11. To the extent feasible, all distributions in liquidation shall be made pro rata to the partners in kind.

12. Whenever any agreement or other instrument incidental to the business of the partnership, including, without limitation, those matters recited in paragraph "10" with respect to which all of the partners shall have consented, is to be executed and delivered, the same may be executed by any one of the partners on behalf of the partnership.

13. Any notice to a partner required or permitted by this agreement shall be in writing and shall be sufficient if sent by registered or certified mail to the last known residence address of the person to whom such notice is to be given. Any notice may be waived in writing by the person entitled to receive it.

14. Whenever the context of this agreement so requires, the masculine shall include the feminine and neuter, and the singular shall include the plural, and conversely. If any portion of this agreement shall be held invalid or inoperative, then, so far as is reasonable and possible:

      (a) The remainder of this agreement shall be considered valid and operative, and

      (b) Effect shall be given to the intent manifested by the portion held invalid or inoperative.

15. This partnership may be dissolved at any time by agreement of all of the partners in which event the partners shall proceed with reasonable promptness to liquidate the business of the partnership.

16. This agreement shall be binding upon and inure to the benefit of the respective parties hereto, their distributees, administrators, legal representatives and assigns. This agreement may not be modified orally.

IN WITNESS WHEREOF, the parties hereto have duly executed this agreement the date above set forth.

_____
Henry H. Minskoff

_____
Jerome Minskoff

_____
Myron A. Minskoff