**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SCORPIO 8283 LLC, | : |
| Plaintiff, | : |
| | : No. 08 CV 510 (CLB) |
| -against- | : **FILED BY ECF** |
| | : |
| MYCA, LLC and 2220 EQUITIES MANAGEMENT | : |
| LIMITED PARTNERSHIP, | : |
| Defendants. | : |

## DEFENDANTS MYCA, LLC'S AND
## 2220 EQUITIES MANAGEMENT LIMITED PARTNERSHIP'S
## LOCAL RULE 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS
## IN SUPPORT OF DEFENDANTS' JOINT MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56.1 of the Southern District of New York Local Rules, defendants

MYCA, LLC ("MYCA") and 2220 Equities Management Limited Partnership ("2220 Equities"),

by and through their undersigned counsel, allege the following undisputed facts in support of

their joint motion for summary judgment to dismiss Plaintiff's second claim for injunctive relief:

**A.     THE PARTIES, THE PARTNERSHIPS AND THE ABSENT PARTIES**

1.      Court-Martine Associates is a New York general partnership.  (Compl. ¶ 1; Allan

Decl. ¶ 1; Minskoff Decl. ¶ 1.)[1]

---

[1] Throughout this Local Rule 56.1 Statement, "Compl." refers to the plaintiff's Complaint dated January 18, 2008, and attached as Exhibit 1 to the Declaration Of Michael D. Lockard In Support Of Defendants' Joint Motion To Dismiss The Complaint dated February 28, 2008 ("Lockard Decl."); "Allan Decl." refers to the Declaration Of Sara Minskoff Allan In Support Of Defendants' Joint Motion To Dismiss The Complaint dated February 28, 2008; "Minskoff Decl." refers to the Declaration Of Royanne Minskoff In Support Of Defendants' Joint Motion To Dismiss The Complaint dated February 28, 2008; "H-H Compl." refers to the complaint dated January 18, 2008, in *Grant v. MYCA, LLC*, No. 08 CV 508 (CLB) (S.D.N.Y.); and "77th Queens Compl." refers to the complaint dated January 18, 2008, in *MLP I v. MYCA, LLC*, No. 08 CV 511 (CLB) (S.D.N.Y.).

2.      Court-Martine Associates' partners are: (1) defendant MYCA, which owns a 17.6% interest; (2) defendant 2220 Equities, which owns a 41.2% interest; and (3) plaintiff Scorpio 8283 LLC ("Scorpio"), which owns a 41.2% interest.  (Compl. ¶ 17.)

3.      MYCA is a limited liability company whose members are Sara Minskoff Allan and her mother, Carolyn Minskoff.  (*Id*. at ¶ 4.)

4.      MYCA is a citizen of Florida. (*See id.*)

5.      2220 Equities is a limited partnership whose partners are Alan and Royanne Minskoff.  (*Id*. at ¶ 3.)

6.      Alan and Royanne Minskoff and 2220 Equities are citizens of Idaho.  (*Id*.)

7.      Scorpio is a limited liability company whose sole member is a trust whose trustee is Patricia Breede.  (*Id*. at ¶ 2.)  Scorpio is controlled by Michael and Patricia Breede.  (Allan Decl. ¶ 3; Minskoff Decl. ¶ 3; Lockard Decl. Ex. 6 (Affidavit of Michael Edward Breede) at 1.)

8.      Scorpio is a citizen of Connecticut.  (*See* Compl. ¶ 2.)

9.      Court-Martine Associates is a partner in 82nd-83rd Street Venture.  (Allan Decl. ¶ 2; Minskoff Decl. ¶ 2; Lockard Decl. Ex. 6 (Affidavit of Michael Edward Breede) at 1.)

10.     Court-Martine Associates' primary asset is its partnership interest in 82nd-83rd Street Venture.  (Allan Decl. ¶ 2; Minskoff Decl. ¶ 2.)

11.     82nd-83rd Street Venture is a New York general partnership. (Allan Decl. ¶ 2, Minskoff Decl. ¶ 2.)

12.     82nd-83rd Street Venture is not a party to this litigation. (Compl.; Allan Decl. ¶ 15; Minskoff Decl. ¶ 15.)

13.     82nd-83rd Street Venture owns and operates commercial real estate located at 167–183 Martine Avenue and 39–55 Court Street in White Plains, New York (the "Property"). (Allan Decl. ¶ 2; Minskoff Decl. ¶ 2; Lockard Decl. Ex. 7.)

14.     82nd-83rd Street Venture's partners are: (1) Court-Martine Associates, which owns a 75% interest; (2) MYCA, which owns a 6.25% interest; (3) Alan and Royanne Minskoff, who own a 7.8125% interest; (4) Pisces 8283 LLC ("Pisces"), which owns a 7.8125% interest; and (5) Stacey Minskoff-Essenfeld, who owns a 3.125% interest. (Allan Decl. ¶¶ 2, 4, 5, 6; Minskoff Decl. ¶¶ 1, 4, 5, 6; *see also* Lockard Decl. Ex. 6 (Affidavit of Michael Edward Breede) at 1.)

15.     Pisces is not a party to this litigation. (Compl.; Allan Decl. ¶ 15; Minskoff Decl. ¶ 15.)

16.     Pisces is a limited liability company whose sole member is a trust controlled by Patricia Breede. (Allan Decl. ¶ 5; Minskoff Decl. ¶ 5; Lockard Decl. Ex. 6 (Affidavit of Michael Edward Breede) at 1.) Pisces is controlled by Michael and Patricia Breede. (*Ids.*)

17.     Pisces is a citizen of Connecticut. (*See ids.*)

18.     Stacey Minskoff Essenfeld is not a party to this litigation. (Compl.; Allan Decl. ¶ 15; Minskoff Decl. ¶ 15.)

19.     Stacey Minskoff Essenfeld is a citizen of Connecticut. (*See* Allan Decl. ¶ 6; Minskoff Decl. ¶ 6.)

20.     Court-Martine Associates and 82nd-83rd Street Venture are citizens of Connecticut, Florida and Idaho. (*See supra* ¶¶ 4, 6, 8, 17, 19.)

**B.      GRANT'S CONTROL OVER THE MANAGEMENT OF THE PROPERTY
AND 82ND-83RD STREET VENTURE'S APPOINTMENT OF A THIRD-
PARTY MANAGER**

21.      Jean Minskoff Grant is not a partner in Court-Martine Associates or in 82nd-83rd
Street Venture, but owns partnership interests in, or owns and/or controls entities that own
partnership interests in, several of the other family partnerships.  (Allan Decl. ¶ 7; Minskoff
Decl. ¶ 7.)

22.      For several years, Jean Minskoff Grant and her husband have exercised control
over the management of properties owned by various Minskoff family real estate partnerships,
including the Property, through Minskoff Grant Realty & Management Corporation
("MGRMC").  (Compl. ¶¶ 30-33; *see also* H-H Compl. ¶¶ 28-31; 77th Queens Compl. ¶¶ 29-32.)

23.      MGRMC is controlled by Grant and her husband.  (Compl. ¶¶ 30, 31; *see also* H-
H Compl. ¶¶ 28, 29; 77th Queens Compl. ¶¶ 29, 30.)

24.      Grant, through MGRMC, has been "intimately involved on a day-to-day basis
with the management" of the Property.  (Compl. ¶ 33; *see also* H-H Compl. ¶ 31; 77th Queens
Compl. ¶ 32.)

25.      The partners have been in a state of sharp discord over the "management and day-
to-day operations" of the properties with which Grant has been intimately involved.  (*See* Compl.
¶¶ 20-25; H-H Compl. ¶¶ 18-23; 77th Queens Compl. ¶¶ 19-24; Allan Decl. ¶¶ 4, 6; Minskoff
Decl. ¶¶ 4, 6.)

26.      Because of their disputes with Grant and her company, MYCA, 2220 Equities and
their principals do not want Grant or her company to manage properties owned by partnerships
in which MYCA, 2220 Equities or their principals are partners.  (Allan Decl. ¶¶ 9-10; Minskoff
Decl. ¶¶ 9-10.)

27.     On November 30 2007, partnership meetings were held in Court-Martine Associates and 82nd-83rd Street Venture.  (*See* Allan Decl. ¶¶ 8-12; Minskoff Decl. ¶ 8-12.)

28.     Attending the November 30, 2007, partnership meeting for Court-Martine Associates were MYCA, represented by me; 2220 Equities, represented by Royanne Minskoff; and Scorpio, represented by Michael Breede.  (Allan Decl. ¶ 12; Minskoff Decl. ¶ 12.)

29.     Attending the partnership meeting for 82nd-83rd Street Venture were MYCA, represented by Sara Alan Minskoff; Alan and Royanne Minskoff, represented by Royanne Minskoff; Pisces 8283 LLC, represented by Michael Breede; and principals of all partners in Court-Martine Associates.  (*Ids*. at ¶ 12, Exs. 1 (meeting minutes).)

30.     At these meetings, the majorities voted in favor of hiring Armstrong Realty Management ("Armstrong") to manage the Property effective January 1, 2008..  (*See* Allan Decl. ¶¶ 11-12, Ex. 1 (meeting minutes); Minskoff Decl. ¶¶ 11-12, Ex. 1 (meeting minutes).)

31.     The vote for retaining Armstrong to manage the property owned by 82nd-83rd Street Venture was 4 in favor (MYCA, Royanne Minskoff, Alan Minskoff and Court-Martine Associates), 1 against (Pisces 8283 LLC).  (*Ids*.)

32.     Those voting in favor of retaining Armstrong as property manager represented 89.0625% of the partnership interests.  (*Ids*.)

33.     Thereafter, on or about December 11, 2007, Royanne Minskoff and Sara Minskoff Allan, on behalf of Court-Martine Associates and 82nd-83rd Street Venture, caused a letter to be sent to MGRMC.  (Allan Decl. ¶ 13, Ex. 2 (letter); Minskoff Decl. ¶ 13, Ex. 2 (letter).)  The letter informed MGRMC that new property management had been selected and directed MGRMC to turn over relevant partnership books, records and property.  (*See ids*.)

34.     82nd-83rd Street Venture later finalized and entered into a management

agreement with Armstrong dated as of January 1, 2008.  (Allan Decl. ¶ 14, Ex. 3 (management

agreement); Minskoff Decl. ¶ 14, Ex. 3 (management agreement).)

35.     Grant and MGRMC did not turn over the partnership books and records.  (Allan

Decl. ¶ 15; Minskoff Decl. ¶ 15.)

36.     On or about January 18, 2008, Grant and Patricia and Michael Breede caused five

lawsuits to be filed in federal and state court seeking the dissolution of five partnerships,

including the above-captioned action seeking to dissolve Court-Martine Associates.  (*Ids*.;

Lockard Aff. ¶ 3, Ex. 3; *see generally* Compl.; H-H Compl.; 77th Queens Compl.)

37.     The Defendants were served on or about February 8, 2008.  (*See* Lockard Decl.

¶ 3.)

38.     The two related state-court actions are captioned *Grant v. Minskoff*, Index No.

03175/2008 (N.Y. Sup. Ct.) and *Grant v. Minskoff*, Index No. 03176/2008 (N.Y. Sup. Ct.).  (*Id.*

¶ 4.)

39.     The two related federal-court actions are captioned *Grant v. MYCA, LLC*, No. 08

Civ. 508 (CLB) (S.D.N.Y.) and *MLP I v. MYCA, LLC*, No. 08 Civ. 511 (CLB) (S.D.N.Y.).  (*Id.*)

40.     The Grants, the Breedes and MGRMC all are jointly represented by the same

counsel in their disputes with the Defendants and their principals.  (*See id*. at ¶ 4, 9, Ex. 2 (civil

cover sheets).)

41.     On or about January 24, 2008, four partnerships commenced an action against

MGRMC in New York State Supreme Court, New York County, captioned *Post-Broadway et al.

v. Minskoff Grant Realty & Management Corporation*, Index No. 08/600217 (N.Y. Sup. Ct.),

seeking to recover the partnership property that Grant and MGRMC continued to withhold from

the partnerships and from Armstrong, and brought a motion by order to show cause for a

preliminary injunction requiring MGRMC to relinquish the property. (*See id.* at Exs. 3 (order to

show cause) & 4 (complaint); Allan Decl. ¶ 16; Minskoff Decl. ¶ 16.)

42.     The four partnership plaintiffs are 77th Queens Associates, Halstead-Harrison

Associates, 82nd-83rd Street Venture and Post-Broadway Associates a/k/a 59 South Broadway

Venture. (*Ids.*)

43.     MYCA and 2220 Equities or its principals together own or control a majority-in-

interest of each of these four partnerships. (Allan Decl. ¶ 16.)

44.     The motion for a preliminary injunction was heard on February 5, 2008, and a

decision on the motion is pending. (*See* Lockard Decl. Ex. 5 (docket report).)

## C.    THE MANAGEMENT AGREEMENT WITH ARMSTRONG AND THE LIMITS ON ITS AUTHORITY TO ACT ON BEHALF OF THE PARTNERSHIPS

45.     82nd-83rd Street Venture entered into a management agreement with Armstrong

dated January 1, 2008. (*See* Allan Decl. Ex. 3 (management agreement); Minskoff Decl. Ex. 3

(management agreement).)

46.     Armstrong has been engaged to manage the Property and Grant and her company,

MGRMC, have been directed to turn over partnership books, records and property. (*Ids.* at Exs.

2 (letter to MGRMC), 3 (management agreements).)

47.     Under 82nd-83rd Street Venture's agreement with Armstrong, Armstrong does not

have the authority to "bind or obligate" the partnership. (*Ids.* Exs. 3 (management agreements)

at 2).

48.     Armstrong's authority is limited to operating and maintaining the property,

preparing budgets, expending funds pursuant to Owner-approved operating budgets, collecting

rents and other charges from tenants, supervising repairs, and similar activities. (*Ids.* at 2-5).

Dated: February 28, 2008

Respectfully submitted,

AKIN GUMP STRAUSS HAUER & FELD LLP

By: _____

Michael D. Lockard (ML 2836)
Rebecca N. Loubriel (RL 4726)
590 Madison Avenue
New York, NY 10022
Telephone: (212) 872-7439
Facsimile:  (212) 872-1002

*Counsel for defendant MYCA, LLC*

- and -

WHITEMAN OSTERMAN & HANNA LLP
Philip H. Gitlen (PG 9603)
Christopher E. Buckey (CB 0187)
One Commerce Plaza
Albany, New York 12260
Telephone: (518) 487-7600
Facsimile: (518) 487-7777

*Counsel for defendant*
*2220 Equities Management Limited*
*Partnership*