**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

SCORPIO 8283 LLC,

                              Plaintiff,

             -against-

MYCA, LLC and 2220 EQUITIES MANAGEMENT
LIMITED PARTNERSHIP,

                            Defendants.

No. 08 CV 510 (CLB)
**FILED BY ECF**

---

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS MYCA, LLC'S AND 2220 EQUITIES MANAGEMENT LIMITED PARTNERSHIP'S JOINT MOTION TO DISMISS THE COMPLAINT

AKIN GUMP STRAUSS HAUER
    & FELD LLP
Michael D. Lockard
Rebecca N. Loubriel
590 Madison Avenue
New York, New York 10022
Telephone: (212) 872-7439
Facsimile: (212) 872-1002

*Counsel for defendant MYCA, LLC*

WHITEMAN OSTERMAN & HANNA LLP

Philip H. Gitlen
Christopher E. Buckey
One Commerce Plaza
Albany, New York 12260
Telephone: (518) 487-7600
Facsimile: (518) 487-7777

*Counsel for defendant 2220 Equities*
*Management Limited Partnership*

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................. ii

PRELIMINARY STATEMENT ........................................................................... 1

FACTUAL BACKGROUND ............................................................................... 3

    A.    THE PARTNERSHIPS AND THE PARTNERS ..................................... 3

    B.    GRANT'S MANAGEMENT OF THE PARTNERSHIPS'
          PROPERTY AND HER DISMISSAL IN FAVOR OF
          A THIRD-PARTY MANAGER .................................................................. 4

    C.    SCORPIO'S CLAIMS ............................................................................. 6

ARGUMENT ......................................................................................................... 7

    I.    STANDARDS GOVERNING MOTIONS PURSUANT
        TO RULES 12, 19 AND 56 ........................................................................ 8

    II.    THE COMPLAINT SHOULD BE DISMISSED FOR
         FAILURE TO JOIN INDISPENSABLE PARTIES ............................... 10

        A.    JOINDER OF 82ND-83RD STREET VENTURE
             AND ITS ABSENT PARTNERS WOULD
             DESTROY DIVERSITY ..................................................................... 11

        B.    82ND-83RD STREET VENTURE AND ITS
             ABSENT PARTNERS ARE NECESSARY
             PARTIES UNDER RULE 19 ............................................................... 11

        C.    BECAUSE 82ND-83RD STREET VENTURE AND
             ITS ABSENT PARTNERS CANNOT BE JOINED
             IN FEDERAL COURT, THE COMPLAINT
             SHOULD BE DISMISSED ................................................................. 15

    III.    THE COMPLAINT'S SECOND CAUSE OF ACTION
         SEEKING INJUNCTIVE RELIEF SHOULD BE
         DISMISSED WITH PREJUDICE ........................................................... 16

        A.    THE COMPLAINT FAILS TO STATE A CLAIM
             FOR INJUNCTIVE RELIEF UNDER RULE 12(B)(6) ..................... 17

        B.    THERE IS NO GENUINE ISSUE OF MATERIAL
             FACT PREVENTING DISMISSAL OF THE CLAIM
             FOR INJUNCTIVE RELIEF ............................................................. 20

CONCLUSION ..................................................................................................... 22

## TABLE OF AUTHORITIES

### FEDERAL CASES

*Carey v. Reed Elsevier, Inc.*,
  No. 96 Civ. 8995, 1998 WL 241951 (S.D.N.Y. May 11, 1998) ...................................9

*Circle Indus. v. City Fed. Sav. Bank*,
  749 F. Supp. 447 (E.D.N.Y. 1990) .................................................................10

*Conntech Dev. Co. v. Univ. of Conn. Educ. Props.*,
  102 F.3d 677 (2d Cir. 1996) ........................................................................11

*Cortec Indus. v. Sum Holding, L.P.*,
  949 F.2d 42 (2d Cir. 1991) ...........................................................................8

*Crane Co. v. Coltec Indus.*,
  171 F.3d 733 (2d Cir. 1999) .........................................................................9

*E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co.*,
  160 F.3d 925 (2d Cir. 1998) .........................................................................9

*First Nationwide Bank v. Gelt Funding Corp.*,
  27 F.3d 763 (2d Cir. 1994) ...........................................................................8

*Gennaro v. Rosenfield*,
  600 F. Supp. 485 (S.D.N.Y. 1984) ...............................................................19

*Global Discount Travel Servs., LLC v. Trans World Airlines*,
  960 F. Supp. 701 (S.D.N.Y. 1997) ...............................................................9

*Gonzalez v. New York City Transit Auth.*,
  No. 00 Civ. 4293 (SHS), 2001 WL 492448 (S.D.N.Y. May 9, 2001) ......................9

*Grant v. MYCA, LLC*,
  No. 08 CV 508 (CLB) (S.D.N.Y.) ...............................................................1, 3

*Grant v. MYCA, LLC*,
  No. 08 CV 511 (CLB) (S.D.N.Y.) ...............................................................1, 3

*Haas v. Jefferson Nat'l Bank of Miami Beach*,
  442 F.2d 394 (5th Cir. 1971) ..............................................................14, 15, 16

*Hirsch v. Arthur Anderson & Co.*,
  72 F.3d 1085 (2d Cir. 1995) .........................................................................8

*Kahn v. Kohlberg, Kravis, Roberts & Co.,*
    970 F.2d 1030 (2d Cir. 1992) ..................................................................8

*O Zon Inc. v. Charles,*
    272 F. Supp. 2d 307 (S.D.N.Y. 2003) ....................................................17

*Ocilla Indus. Inc. v. Katz,*
    677 F. Supp. 1291 (E.D.N.Y. 1987) ......................................................21

*Provident Tradesmens Bank & Trust Co. v. Patterson,*
    390 U.S. 102, 88 S. Ct. 733 (1968) ..................................................10, 15

*R.R. P.B.A. of New York, Inc. v. Metro-North Commuter R.R.,*
    699 F. Supp. 40 (S.D.N.Y. 1988) ..........................................................18

*Reuben H. Donnelley Corp. v. Mark I Mktg. Corp.,*
    893 F. Supp. 285 (S.D.N.Y. 1995) ........................................................17

*Roge v. NYP Holdings, Inc.,*
    257 F.3d 164 (2d Cir. 2001) ....................................................................9

*Rosewood Apartments Corp. v. Perpignano,*
    200 F. Supp. 2d 269 (S.D.N.Y. 2002) ..................................................13

*Rozsa v. May Davis Group,*
    187 F. Supp. 2d 123 (S.D.N.Y. 2002) ....................................................9

*Teitelbaum v. Wagner,*
    No. 02 Civ. 4402-LLS, 2003 WL 402794 (S.D.N.Y. Feb. 20, 2003).........13

*Waldman Publ'g Corp. v. Landoll, Inc.,*
    43 F.3d 775 (2d Cir. 1994) ..............................................................19, 21

*Weizmann Inst. of Sci. v. Neschis,*
    229 F. Supp. 2d 234 (S.D.N.Y. 2002) ..................................................18

## STATE CASES

*Ashley MRI Mgmt. Corp. v. Perkes,*
    814 N.Y.S.2d 559, 10 Misc. 3d 1068 (Sup. Ct. 2006) ..........................18

*Currier v. First Transcapital Corp.,*
    593 N.Y.S.2d 16, 190 A.D.2d 507 (App. Div. 1993) ..............................21

*D'Amour v. Ohrenstein & Brown LLP,*
    No. 601418/2006, 2007 WL 4126386 (N.Y. Sup. Ct. Aug. 13, 2007).......18

*Fisher v. Health Ins. Plan of Greater New York*,
  324 N.Y.S.2d 732, 67 Misc. 2d 674 (Sup. Ct. 1971) ...............................................18

*Goodwin v. MAC Res., Inc.*,
  540 N.Y.S.2d 477, 149 A.D.2d 666 (App. Div. 1989) ............................................13

*Grant v. Minskoff*,
  Index No. 03175/2008 (N.Y. Sup. Ct.) ..............................................................5, 16

*Grant v. Minskoff*,
  Index No. 03176/2008 (N.Y. Sup. Ct.) ..............................................................5, 16

*La Russo v. Paladino*,
  109 N.Y.S.2d 627 (Sup. Ct. 1951) .........................................................................14

*Lippman v. Dime Sav. Bank of New York*,
  691 N.Y.S.2d 437, 262 A.D.2d 52 (App. Div. 1999) .............................................21

*Marks v. Zucker*,
  499 N.Y.S.2d 740, 118 A.D.2d 452 (App. Div. 1986) ...........................................13

*Reed, Roberts Assocs. v. Strauman*,
  353 N.E.2d 590, 40 N.Y.2d 303 (1976) ...........................................................19, 21

*Rosen Trust v. Rosen*,
  386 N.Y.S.2d 491, 53 A.D.2d 342 (App. Div. 1976) .............................................13

*Shubert v. Lawrence*,
  278 N.Y.S.2d 537, 27 A.D.2d 292 (App. Div. 1967) .............................................13

*Town of Oyster Bay v. New York Tel. Co.*,
  426 N.Y.S.2d 807, 75 A.D.2d 598 (App. Div. 1980) .............................................21

## STATUTES

28 U.S.C. § 1332 ...........................................................................................................11

FED. R. CIV. P. 12 ..................................................................................................*passim*

FED. R. CIV. P. 19 ..................................................................................................*passim*

FED. R. CIV. P. 56 .........................................................................................1, 8, 9, 20

N.Y. Partnership Law § 40(8) (McKinney 2006) ...........................................18, 19, 21

N.Y. Partnership Law § 51 (McKinney 2006) ............................................................................14

## SECONDARY AUTHORITY

2 ALAN R. BROMBERG & LARRY E. RIBSTEIN, BROMBERG AND RIBSTEIN
ON PARTNERSHIP § 6.08(d) (2007) ....................................................................................12, 13

7 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE
§ 1607 (3d ed. 2001) .............................................................................................................15

Defendants MYCA, LLC ("MYCA") and 2220 Equities Management Limited Partnership ("2220 Equities") respectfully submit this memorandum of law in support of their joint motion (1) to dismiss the Complaint for failure to join necessary parties pursuant to Federal Rules of Civil Procedure 12(b)(7) and 19(b); or, in the alternative (2) to dismiss with prejudice the second cause of action for an injunction pursuant to Federal Rules of Civil Procedure 12(b)(6) and/or 56.

## PRELIMINARY STATEMENT

This action is one of several related litigations, all involving certain family real-estate partnerships formed decades ago among brothers Myron, Henry and Jerome Minskoff to own and operate commercial real estate in the New York area. As each of the brothers died and their partnership interests passed to their widows and children, or to entities owned and controlled by them, ownership of the partnerships became more fractured and the relationships among some of the partners more strained. Near the end of 2007, majorities of several of the family partnerships voted to replace the management of the properties owned by those partnerships—management that had been controlled by Jean Minskoff Grant, a minority partner in some of the partnerships. In response, Grant and her allies Michael and Patricia Breede caused five substantially identical dissolution suits to be filed in state and federal court on or about January 18, 2008, asking that the partnerships be dissolved and wound up and that the Court issue an injunction requiring Grant and her management company to stay on as property manager pending the completion of the winding-up process. Three of those actions are pending before this Court, and the instant motion is filed in one of those actions.[1]

---

[1] The other two actions before this Court, *Grant v. MYCA, LLC*, No. 08 CV 508 (CLB) (S.D.N.Y.) and *MLP I v. MYCA*, LLC, No. 08 CV 511 (CLB) (S.D.N.Y.), should be dismissed in part for failure to state a cause of action for an injunction. A joint motion to that effect is being filed separately in those actions.

The Complaint should be dismissed for Plaintiff's failure to join parties whose presence is indispensable to protect their rights and the rights of the parties to this action, and in order to afford complete and efficient relief among the parties. Plaintiff has sought to create diversity jurisdiction in this action by suing to dissolve a partnership, Court-Martine Associates, that itself is a partner in a second partnership, 82nd-83rd Street Venture, which owns the property that is at the center of the management disputes among the parties—but without joining 82nd-83rd Street Venture or its absent partners, whose presence would destroy diversity. Dissolving Court-Martine Associates, as the Complaint asks, will <u>not</u> resolve the disputes among the parties: they still will own partnership interests in the underlying partnership that actually owns the property that is the subject of the conflict and discord alleged in the Complaint. Dissolving Court-Martine Associates and accounting for the partners' interests in it will consume the parties' and the Court's resources without resolving the underlying conflict.

Rather than provide any meaningful resolution, this action will to the contrary expose the parties to further litigation regarding the Property and its owner, 82nd-83rd Street Venture, and to potentially inconsistent obligations or inconsistent relief in any subsequent action involving 82nd-83rd Street Venture and its absent partners. The Complaint also makes allegations and seeks relief concerning the ownership and management of real property without joining the actual owner of that property or its partners. Because the Complaint threatens the rights of absent parties and opens the parties to this action to further litigation regarding the same subject matter and to potentially inconsistent relief, without the realistic prospect of actually resolving the disputes alleged in the Complaint, it should be dismissed for failure to join those indispensable parties.

2

If, *arguendo*, the Complaint is not dismissed in its entirety, then in the alternative the Complaint's second cause of action seeking an injunction requiring Grant, through her company Minskoff Grant Realty & Management Corporation ("MGRMC"), to manage the property pending an accounting and winding up should be dismissed. First, Plaintiff has no right to force its choice of property management on the partnerships against the will of the majority of the partners, nor the right to veto the decision of the majority to retain independent, third-party property management. Indeed, the property's owner has directed MGRMC to turn over all of the partnership property in its possession and control to a duly-appointed, third-party property manager. Second, Plaintiff has not alleged any irreparable harm that could result from independent, third-party management of the property, nor can it. Finally, it would be inequitable to impose by judicial mandate the very circumstances that led to the discord that caused the partnerships to replace Grant and her company as property manager and that precipitated the related dissolution actions. Accordingly, Plaintiff's claims for injunctive relief should be dismissed with prejudice.

**FACTUAL BACKGROUND**[2]

**A.    THE PARTNERSHIPS AND THE PARTNERS**

This action seeks the dissolution and winding up of Court-Martine Associates, a New York general partnership that is itself a partner in a second partnership, 82nd-83rd Street Venture. Court-Martine Associates' partners are: (1) defendant MYCA, a limited liability company whose

---

[2] For purposes of this motion, the following statement of facts is taken from the complaint in this action and the nearly identical complaints in *Grant v. MYCA, LLC*, No. 08 CV 508 (CLB) (S.D.N.Y.) ("H-H Compl.") and *MLP I v. MYCA, LLC*, No. 08 CV 511 (CLB) (S.D.N.Y.) ("77th Queens Compl."); and supplemented where appropriate by the Declaration Of Sara Minskoff Allan In Support Of Defendants' Joint Motion To Dismiss The Complaint ("Allan Decl."), the Declaration Of Royanne Minskoff In Support Of Defendants' Joint Motion To Dismiss The Complaint ("Minskoff Decl."), and the Declaration Of Michael D. Lockard In Support Of Defendants' Joint Motion To Dismiss The Complaint ("Lockard Decl.") accompanying this motion.

members are Sara Minskoff Allan and her mother, Carolyn Minskoff, and which owns a 17.6% interest; (2) defendant 2220 Equities, a limited partnership whose partners are Alan and Royanne Minskoff, and which owns a 41.2% interest; and (3) plaintiff Scorpio 8283 LLC ("Scorpio"), a limited liability company whose sole member is a Connecticut trust whose trustee is Patricia Breede, which is controlled by Michael and Patricia Breede, and which owns a 41.2% interest. (Compl. ¶¶ 2-4, 17; Allan Decl. ¶ 4; Minskoff Decl. ¶ 4; Lockard Decl. Ex. 6 (Affidavit of Michael Edward Breede) at 1.)

Non-party 82nd-83rd Street Venture is a New York general partnership that owns and operates commercial real estate located at 167–183 Martine Avenue and 39–55 Court Street in White Plains, New York (the "Property"). (Allan Decl. ¶ 2; Minskoff Decl. ¶ 2; Lockard Decl. Ex. 7 at 1.) 82nd-83rd Street Venture's partners are: (1) Court-Martine Associates, which owns a 75% interest; (2) MYCA, which owns a 6.25% interest; (3) Royanne and Alan Minskoff, who own a 7.8125% interest; (4) non-party Pisces 8283 LLC ("Pisces"), a limited liability company whose sole member is another Connecticut trust controlled by Michael and Patricia Breede, and which owns a 7.8125% interest; and (5) non-party Stacey Minskoff-Essenfeld, a citizen of Connecticut who owns a 3.125% interest. (Allan Decl. ¶¶ 2, 4-6; Minskoff Decl. ¶¶ 1, 2, 4-6; Lockard Decl. Ex. 6 (Affidavit of Michael Edward Breede) at 1.)

## B.   GRANT'S MANAGEMENT OF THE PARTNERSHIPS' PROPERTY AND HER DISMISSAL IN FAVOR OF A THIRD-PARTY MANAGER

For several years, Jean Minskoff Grant[3] and her husband have exercised control over the management of properties owned by various Minskoff family real estate partnerships, including

---

[3] Grant or entities controlled by her own partnership interests in various Minskoff family partnerships, though not in Court-Martine Associates or 82nd-83rd Street Venture. (Allan Decl. ¶ 7; Minskoff Decl. ¶ 7.) Grant and these entities are plaintiffs in the four related dissolution actions. (Allan Decl. ¶ 15; Minskoff Decl. ¶ 15; Lockard Decl. Ex. 2 (civil cover sheets).)

the Property owned by 82nd-83rd Street Venture, through MGRMC, a management company that she and her husband control. (Compl. ¶¶ 30-32; *see also* H-H Compl. ¶¶ 28-31; 77th Queens Compl. ¶¶ 29-32.) Grant, through MGRMC, has been "intimately involved on a day-to-day basis with the management" of the Property and, Scorpio alleges, the partnership itself. (Compl. ¶ 33; *see also* H-H Compl. ¶ 31; 77th Queens Compl. ¶ 32.) The partners, however, have been in a state of sharp discord over the "management and day-to-day operations" of the properties with which Grant has been so intimately involved. (*See* Compl. ¶¶ 20-25; *see also* H-H Compl. ¶¶ 18-23; 77th Queens Compl. ¶¶ 19-24.)

In November 2007, unable to resolve their differences with Grant, MYCA and 2220 Equities and its principals convened duly-noticed partnership meetings in five partnerships where they together hold controlling majorities, including Court-Martine Associates and 82nd-83rd Street Venture. (*See* Allan Decl. ¶¶ 8-11; Minskoff Decl. ¶ 8-11.) At these meetings, the majorities voted in favor of hiring a third-party manager that was not tainted by the years of sharp discord that exist among Grant and the Breedes, on one hand, and Defendants, on the other. (*See* Allan Decl. ¶¶ 11-12, Ex. 1 (meeting minutes); Minskoff Decl. ¶¶ 11-12, Ex. 1 (meeting minutes).) Accordingly, on or about December 11, 2007, MGRMC was directed to turn over partnership property and records to the new, third-party manager. (*See ids.* at Ex. 2 (letter).)

Grant and her company defied the partnership's direction. Rather than turn over the books, records and property to the duly-appointed, third-party property manager, Grant and her allies, the Breedes, instead caused the filing of five actions, including this one, in state[4] and federal court on January 18, 2008, seeking dissolution of the partnerships (*see generally* Compl.,

---

[4] Grant and the Breedes commenced two related dissolution actions captioned *Grant v. Minskoff*, Index No. 03175/2008 (N.Y. Sup. Ct.), and *Grant v. Minskoff*, Index No. 03176/2008 (N.Y. Sup. Ct.), in New York State Supreme Court, Westchester County,

H-H Compl., 77th Queens Compl.); though the Defendants were not served until February 8, 2008 (*see* Lockard Decl. ¶ 3). The Grants, the Breedes and MGRMC all are jointly represented by the same counsel in their disputes with the Defendants and their principals. (*See id.* at ¶ 4, 9, Ex. 2 (civil cover sheets).)

On or about January 24, 2008, four partnerships (three of which are subject to Grant's and the Breedes' dissolution actions) commenced an action in New York State Court, New York County, against MGRMC seeking to recover the partnership property that Grant and her company continued wrongfully to withhold from the partnerships and from the new third-party manager, and brought a motion by order to show cause for a preliminary injunction requiring MGRMC to relinquish the property. (*See id.* at Ex. 3 (complaint and order to show cause).) The motion for a preliminary injunction was heard on February 5, 2008, and a decision on the motion is pending. (*See id.* at Ex. 5 (docket report).)

### C.    SCORPIO'S CLAIMS

Scorpio's first cause of action is for a judgment dissolving Court-Martine Associates, ordering an accounting, directing a referee-supervised winding up of Court-Martine Associates' affairs, and directing the distribution of Court-Martine Associates' surplus assets to the partners according to their respective interests. (Compl. at 8, Recital (a).)

Scorpio's second cause of action is for an injunction prohibiting Defendants from managing, and requiring Scorpio or its chosen agent, MGRMC, to manage the Property until the dissolution and winding up of Court-Martine Associates' affairs is completed. (Compl. at 8-9, Recital (b).) Scorpio alleges that an injunction is required to place Grant and her company in control of managing the Property—against the Defendants' will and contrary to 82nd-83rd Street Venture's majority decision—because MGRMC is more familiar with the Property than the independent, third-party manager, and changing management therefore would cause a waste of

partnership assets during the transition period. (Compl. ¶¶ 36, 38.) Scorpio also alleges that management fees would be paid to the third-party manager that are not paid to MGRMC. (Compl. ¶ 38; *but see* Allan Decl. ¶ 8; Minskoff Decl. ¶ 8.) Finally, Scorpio alleges that it "believes that changing management will cause irreparable damage to the Partnership's interests in the Property" (Compl. ¶ 37), but does not allege any kind of irreparable harm that would be caused.

Scorpio's Complaint seeking the dissolution and winding up of Court-Martine Associates and injunctive relief regarding the control and management of the Property owned by 82nd-83rd Street Venture does not join 82nd-83rd Street Venture or its partners Stacey Minskoff-Essenfeld, Pisces, or Alan and Royanne Minskoff.

## ARGUMENT

The Complaint seeks to fabricate diversity jurisdiction by omitting indispensable parties, and should be dismissed. Scorpio's Complaint (1) seeks a partial dissolution, accounting and winding up of interests that will not terminate the parties' relationships in partnerships owning the Property nor cure the alleged discord affecting the Property's management that Scorpio claims to seek to remedy in this action, but will instead expose the parties to subsequent litigation and potentially inconsistent obligations or relief; and (2) seeks relief implicating the control and management of real property without joining the Property's owner or its partners. The action should be dismissed pursuant to Rules 12(b)(7) and 19(b) in favor of a readily-available state-court forum, where (a) all necessary parties can be joined, (b) Scorpio's principals already have instituted related dissolution proceedings with respect to other partnerships and (c) the parties would in any event have to turn even if Scorpio prevailed on its request for a dissolution, in order to obtain complete relief through a second dissolution, accounting and winding up of 82nd-83rd Street Venture.

In the alternative, the Court should dismiss with prejudice Scorpio's second cause of action for an injunction requiring Grant to continue managing the Property pending Court-Martine Associates' dissolution and winding up. First, the Complaint is defective on its face because it fails to allege facts showing the possibility of irreparable harm or wrongful conduct by the Defendants, each of which is required to sustain a request for injunctive relief. The Complaint's allegations, even if they were true, show only the possibility of monetary harm compensable through legal relief. And Scorpio's mere disagreement with 82nd-83rd Street Venture's lawful action in appointing an independent, third-party manager is no basis for seeking judicial relief. The equitable remedy of an injunction therefore is unavailable, and the second cause of action should be dismissed pursuant to Rule 12(b)(6). Second, the evidence submitted in support of this motion shows that there is no genuine question of material fact that the third-party manager does not have authority to take any action that could cause irreparable harm to Scorpio, Court-Martine Associates or 82nd-83rd Street Venture, confirming that there is no basis for an injunction and warranting dismissal of this cause of action under Rule 56. For these reasons, Scorpio's second cause of action should be dismissed with prejudice.

## I.    STANDARDS GOVERNING MOTIONS PURSUANT TO RULES 12, 19 AND 56

On a motion to dismiss pursuant to Rule 12(b)(6), the plaintiff's well-pleaded allegations are accepted as true and all reasonable inferences are drawn in the plaintiff's favor. *See, e.g., First Nationwide Bank v. Gelt Funding Corp.*, 27 F.3d 763, 771 (2d Cir. 1994). Conclusions of law and vague, conclusory assertions, however, need not be accepted. *Id.; see also Hirsch v. Arthur Anderson & Co.*, 72 F.3d 1085, 1092 (2d Cir. 1995). The complaint should be dismissed if the plaintiff fails to allege the elements of its cause of action. *Kahn v. Kohlberg, Kravis, Roberts & Co.*, 970 F.2d 1030, 1039-42 (2d Cir. 1992).

In addition to the plaintiff's allegations, the Court may consider documents the plaintiff refers to or relies upon for its claims. *Cortec Indus. v. Sum Holding, L.P.*, 949 F.2d 42, 47 (2d Cir. 1991). The interpretation of an unambiguous contract is a matter of law for the Court, appropriately resolved on a motion to dismiss. *Crane Co. v. Coltec Indus.*, 171 F.3d 733, 737 (2d Cir. 1999). Allegations contradicted by the provisions of the relevant documents may be disregarded. *Rozsa v. May Davis Group*, 187 F. Supp. 2d 123, 128-29 (S.D.N.Y. 2002).

Under Rule 56, a motion for summary judgment should be granted where there are no genuine issues as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Roge v. NYP Holdings, Inc.*, 257 F.3d 164, 167 (2d Cir. 2001). While reasonable inferences must be drawn in favor of the non-moving party, the party opposing summary judgment must do "more than simply show that there is some metaphysical doubt as to the material facts." *Gonzalez v. New York City Transit Auth.*, No. 00 Civ. 4293 (SHS), 2001 WL 492448, at *6 (S.D.N.Y. May 9, 2001), *aff'd*, 32 Fed. Appx. 10 (2d Cir. Apr. 16, 2002) (internal citations omitted). Rather, the party opposing summary judgment must "enumerate specific facts and circumstances supported by deposition, affidavits based on personal knowledge, and admissions, and cannot rely upon conclusory allegations or denials." *Carey v. Reed Elsevier, Inc.*, No. 96 Civ. 8995, 1998 WL 241951, at *3 (S.D.N.Y. May 14, 1998) (internal quotations and citations omitted).

A complaint that fails to join indispensable parties under Rule 19(b) should be dismissed. FED. R. CIV. P. 12(b)(7). Under Rule 19, a plaintiff *must* join any party who is necessary and indispensable to the action. FED. R. CIV. P. 19. If a party is both necessary and indispensable, but their presence would divest the court of diversity jurisdiction, the action must be dismissed under Rule 12(b)(7). *Global Discount Travel Servs., LLC v. Trans World Airlines*, 960 F. Supp.

701, 710 (S.D.N.Y. 1997). In a diversity action, state law determines whether a non-party is a necessary party. *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 123 n. 22, 88 S. Ct. 733, 745 (1968); *see also E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co.*, 160 F. 3d 925, 938 n. 27 (2d Cir. 1998). When deciding a motion to dismiss pursuant to Rule 12(b)(7), the Court is not limited to the allegations in the complaint, but may also consider evidence outside of the pleadings. *See, e.g., Circle Indus. v. City Fed. Sav. Bank*, 749 F. Supp. 447, 457 n. 2 (E.D.N.Y. 1990), *aff'd* 931 F.2d 7 (2d Cir. 1991).

## II.     THE COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO JOIN INDISPENSABLE PARTIES

Scorpio's suit, engineered to exclude non-diverse parties 82nd-83rd Street Venture and its absent partners Pisces and Stacey Minskoff-Essenfeld, cannot provide "complete, consistent and efficient settlement" of the controversies alleged in the Complaint and should be dismissed. *Provident Tradesmens Bank & Trust Co.*, 390 U.S. at 111. A complaint that fails to join indispensable parties under Rule 19 should be dismissed pursuant to Rule 12(b)(7). FED. R. CIV. P. 12(b)(7). Rule 19 reflects the policy that, "wherever feasible, the persons materially interested in the subject of an action . . . should be joined as parties so that they may be heard and a complete disposition made. When this comprehensive joinder cannot be accomplished . . . the case should be examined pragmatically and a choice made between the alternatives of proceeding with the action in the absence of particular interested persons, and dismissing the action." FED. R. CIV. P. 19 advisory comm. note. Here, 82nd-83rd Street Venture and its partners are both necessary and indispensable. Thus, because diversity would be destroyed by joining these materially interested persons—who could be joined in a readily-available state-court forum—dismissal of this action pursuant to Rule 12(b)(7) is appropriate.

**A.    JOINDER OF 82ND-83RD STREET VENTURE AND ITS ABSENT PARTNERS WOULD DESTROY DIVERSITY**

82nd-83rd Street Venture and its absent partners cannot be joined in this action without destroying diversity. 82nd-83rd Street Venture's partners are Court-Martine Associates, MYCA, Alan and Royanne Minskoff, Pisces and Stacey Minskoff-Essenfeld. (Allan Decl. ¶¶ 2, 4, 5, 6; Minskoff Decl. ¶¶ 1, 2, 4-6.) Pisces and Minskoff-Essenfeld are, like plaintiff Scorpio, citizens of Connecticut. (*See ids.* at ¶¶ 3, 6; Compl. ¶ 2.) Moreover, Court-Martine Associates and 82nd-83rd Street Venture share the citizenships of their partners—Connecticut, Florida and Idaho. *Conntech Dev. Co. v. Univ. of Conn. Educ. Props.*, 102 F.3d 677, 681 (2d Cir. 1996). The presence of 82nd-83rd Street Venture and its absent partners thus would destroy diversity, the sole basis for Scorpio's invocation of this Court's jurisdiction. (Compl. ¶ 5.) *See* 28 U.S.C. § 1332.

As discussed below, 82nd-83rd Street Venture and its absent partners are necessary and indispensable parties who cannot be joined and, accordingly, the Complaint should be dismissed under Rule 12(b)(7). Nonetheless, a complete and efficient resolution of the claims in this action can be had in the courts of the State of New York, where Grant and Scorpio's principals already have commenced related actions against Defendants and their principals asserting nearly identical claims and seeking the dissolution of other family partnerships.

**B.    82ND-83RD STREET VENTURE AND ITS ABSENT PARTNERS ARE NECESSARY PARTIES UNDER RULE 19**

82nd-83rd Street Venture and its absent partners are necessary parties to this action. Rule 19(a) describes the circumstances where a non-party "must be joined as a party" if feasible:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's

> absence may (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

FED. R. CIV. P. 19(a). These circumstances apply to 82nd-83rd Street Venture and its absent partners. Scorpio's complaint for an accounting, dissolution and winding up of Court-Martine Associates cannot accord complete relief among the existing parties. Even if Scorpio's claims were successful and it achieved the dissolution and winding up of Court-Martine Associates it purports to seek, the Defendants or their principals and Scorpio's principals, through Pisces, will remain partners in the owner of the Property, 82nd-83rd Street Venture (*see* Allan Decl. ¶¶ 2, 4-6; Minskoff Decl. ¶¶ 1, 2, 4-6), and thus will remain embroiled in the same disputes and discord regarding the Property that Scorpio alleges caused it to bring the instant action. Instead of settling the dispute, the resources of the Court and the parties will have been spent on an inefficient, piecemeal and partial resolution of the disputes and further, duplicative litigation will be required. If, on the other hand, Scorpio's claims are unsuccessful, there is no guarantee that Defendants or their principals will not be subjected to a subsequent action by Pisces seeking a dissolution and winding up of 82nd-83rd Street Venture, and potentially to an inconsistent outcome of that suit.

Scorpio's request for an accounting of the partners' interests in Court-Martine Associates similarly exposes the parties to further, duplicative litigation and potentially inconsistent results. Because Court-Martine Associates' principal asset is its partnership interest in 82nd-83rd Street Venture, an accounting of the interests of the partners to Court-Martine Associates will require a determination of Court-Martine Associates' interest in 82nd-83rd Street Venture. An accounting "gives the partners the right to a complete and systematic financial review" of partnership affairs.

2 ALAN R. BROMBERG & LARRY E. RIBSTEIN, BROMBERG AND RIBSTEIN ON PARTNERSHIP

§ 6.08(d) (2007). It is "a formal process requiring a complete review of the partnership's records and cannot be done on a summary basis." *Rosewood Apartments Corp. v. Perpignano*, 200 F. Supp. 2d 269, 276 (S.D.N.Y. 2002). An accounting of a partnership owning real estate, or owning interests in real estate companies, includes a valuation of its real property interests. *See, e.g., Rosen Trust v. Rosen*, 386 N.Y.S.2d 491, 505, 53 A.D.2d 342, 362 (App. Div. 1976) (referee conducting accounting of dissolved real estate partnership "erred in failing to make specific findings as to the rental values, expenses, vacancy allowances, percentage return on land and capitalization rates" for partnership's real estate assets); *Shubert v. Lawrence*, 278 N.Y.S.2d 537, 539-40, 27 A.D.2d 292, 293-95 (App. Div. 1967) (accounting after dissolution of real estate partnership included valuation of real estate companies owned or controlled by the dissolved partnership). But if the absent partners in 82nd-83rd Street Venture—Stacey Minskoff-Essenfeld, Alan & Royanne Minskoff, and Pisces—are not joined in this action, they will not be bound by any determinations respecting Court-Martine Associates' interest in 82nd-83rd Street Venture. The parties to this action will be exposed to subsequent, duplicative proceedings to account for the interests of the partners in 82nd-83rd Street Venture and potentially inconsistent accounts. *See Teitelbaum v. Wagner*, No. 02 Civ. 4402-LLS, 2003 WL 402794, at *3 (S.D.N.Y. Feb. 20, 2003) (all partners are necessary parties to an accounting); *Goodwin v. MAC Res., Inc.*, 540 N.Y.S.2d 477, 478, 149 A.D.2d 666, 667 (App. Div. 1989) ("Generally, all partners are necessary parties in an action for a partnership accounting[.]") (citation omitted); *Marks v. Zucker*, 499 N.Y.S.2d 740, 742, 118 A.D.2d 452, 455 (App. Div. 1986) ("We also think it clear with regard to the cause of action seeking an accounting with regard to the partnerships, that the other partners are necessary parties who must be joined."). The accounting of Court-Martine Associates that Scorpio seeks is an inefficient and incomplete remedy that will neither fully settle

the disputes alleged in the Complaint nor protect the parties from potentially inconsistent

judgments or obligations.

Finally, 82nd-83rd Street Venture and its absent partners are necessary parties to

Scorpio's contested allegations concerning the ownership of the Property and its request for

relief affecting the ownership and management of the Property.[5]  Defendants dispute Scorpio's

allegation that Court-Martine Associates owns 75% of the Property.  (*Compare* Compl. ¶ 16 *with*

Allan Decl. ¶ 2; Minskoff Decl. ¶ 2.)  Court-Martine Associates does not own the Property, but

rather is a partner in the owner, 82nd-83rd Street Venture.[6]  (Allan Decl. ¶ 2; Minskoff Decl. ¶ 2;

Lockard Decl. Ex. 7 (deed).)  Indeed, Scorpio's representative admitted as much in affidavits

filed in the action 82nd-83rd Street Venture (and other partnerships) brought against Grant's

management company.  (*See* Lockard Decl. ¶ 8, Ex. 6 (Affidavit of Michael Edward Breede) at

1-2.)  Because the allegations in Scorpio's Complaint and the relief it requests implicate the

ownership and management of the Property, 82nd-83rd Street Venture and its absent partners are

necessary parties.  *See Haas v. Jefferson Nat'l Bank of Miami Beach*, 442 F.2d 394, 398-99 (5th

Cir. 1971).  In *Haas*, the plaintiff sued the bank custodian of stock held in the name of an absent

third party, alleging that the plaintiff and the absentee had jointly purchased the stock and that the

plaintiff therefore owned one-half of it.  *Id.* at 395.  The court readily found that the absentee

---

[5] To the extent that Grant or her company, MGRMC, or Armstrong Realty Management (the independent, third-party managing agent hired by 82nd-83rd Street Venture to manage the Property) also claim interests realting to the subject of this action, they may be necessary parties as well.  Because the Complaint must be dismissed for failure to join other indispensable parties whose presence would be fatal to diversity jurisdiction, this motion does not address MGRMC's or Armstrong Realty's possible interests.

[6] Court-Martine Associates' partnership interest in 82nd-83rd Street Venture does not make it a direct owner of the Property.  *See La Russo v. Paladino*, 109 N.Y.S.2d 627, 630 (Sup. Ct. 1951) ("Under our law, a partner has no personal right in any specific partnership property of which he is a member and any real estate which the partnership owns is considered personalty."); *see also* N.Y. Partnership Law § 51 (McKinney 2006) (partner's interest in partnership property is solely as "tenant in partnership," and a partner cannot possess partnership property for non-partnership purposes, nor can his interest in partnership property be assigned, attached, executed against, or devised).

owner was a necessary party under Rule 19(a), *id.* at 398, and affirmed the trial court's dismissal under Rule 19(b), *id.* at 398-99. As in *Haas*, absent parties claiming an interest in the subject property are necessary parties to Scorpio's requests for relief affecting the management and ownership of the Property.

**C.    BECAUSE 82ND-83RD STREET VENTURE AND ITS ABSENT PARTNERS CANNOT BE JOINED IN FEDERAL COURT, THE COMPLAINT SHOULD BE DISMISSED**

Because 82nd-83rd Street Venture and its absent partners are necessary parties but cannot be joined, the Complaint should be dismissed. Rule 19(b) describes the factors courts consider when determining whether an action should be dismissed when necessary parties cannot be joined: (1) "to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties;" (2) "the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided;" (3) "whether a judgment rendered in the person's absence will be adequate;" and (4) "whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder." FED. R. CIV. P. 19(b). These factors are not mutually exclusive, nor are they exhaustive. 7 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1607 (3d ed. 2001). The factors balance the plaintiff's choice of forum against the defendants' interests in avoiding prejudice, the rights of absent parties and "the interests of the court and the public in complete, consistent and efficient settlement of controversies." *Provident Tradesmens Bank & Trust*, 390 U.S. at 109-11.

As discussed above, there is no hope that Scorpio's request for a dissolution, accounting and winding up of Court-Martine Associates will provide a "complete, consistent and efficient settlement" of the controversies alleged in the Complaint. Even if Scorpio's suit is successful, the same disputes will exist among the same parties or their principals with respect to the same Property, as Defendants or their principals and another entity controlled by the Breedes will

15

remain partners in 82nd-83rd Street Venture. Not only will this action consume the resources of the parties and the Court while providing little, if any, benefit to the parties, it will threaten the interests of absent parties who claim interests in the Property and will expose the parties to subsequent duplicative litigation and potentially inconsistent outcomes regarding the management and ownership of the Property, the availability of dissolution or the accounting of Court-Martine Associates' interests in 82nd-83rd Street Venture. As the Fifth Circuit held in *Haas*, an action should be dismissed where it threatens prejudice to the parties from potentially inconsistent obligations, endangers to the rights of an absent party, and provides "no semblance of a guarantee that a judgment on [the plaintiff's] terms would settle the whole dispute generated by the facts here." *Haas*, 442 F.2d at 398-99.

Moreover, while non-party 82nd-83rd Street Venture and its absent partners cannot be joined in this action without destroying diversity jurisdiction, the courts of the State of New York afford "a ready forum to settle the question." *Id.* at 400. In state court, all necessary parties can be joined and all disputes resolved effectively, completely and efficiently. Indeed, Scorpio's principals already have caused related actions to be filed against Defendants and their principals in state court involving similar factual predicates and similar requests for relief. *See Grant v. Minskoff*, Index No. 03175/2008 (N.Y. Sup. Ct.); *Grant v. Minskoff*, Index No. 03176/2008 (N.Y. Sup. Ct.). Accordingly, the Complaint should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(7) and 19.

## III. THE COMPLAINT'S SECOND CAUSE OF ACTION SEEKING INJUNCTIVE RELIEF SHOULD BE DISMISSED WITH PREJUDICE

In the alternative, if, *arguendo*, the Complaint were not dismissed in its entirety for failure to join indispensable parties, then the second cause of action should be dismissed with prejudice. As a preliminary matter, there is no cause of action for an injunction. An injunction is

a remedy that may only be issued if the plaintiff has a valid claim or cause of action, and if

injunctive relief is otherwise appropriate. As the court explained in *Reuben H. Donnelley*

*Corporation v. Mark I Marketing Corporation*:

> There is no "injunctive" cause of action under New York or federal
> law. Instead, defendants must allege some wrongful conduct on
> the part of plaintiff for which their requested injunction is an
> appropriate remedy. Moreover, they must allege that they will
> suffer irreparable harm because of the conduct, e.g., that they have
> no adequate remedy at law, and that the balance of equities weighs
> in their favor.

893 F. Supp. 285, 293 (S.D.N.Y. 1995) (citation omitted); *see also O Zon Inc. v. Charles*, 272 F.

Supp. 2d 307, 312 (S.D.N.Y. 2003). Accordingly, Scorpio may only seek an injunction if the

Complaint alleges (1) wrongful conduct by Defendants, (2) that Scorpio will suffer irreparable

harm for which there is no adequate remedy at law, and (3) that the balance of equities weighs in

their favor. The Complaint does not allege, and Scorpio cannot show, any of these three

requirements. Indeed, the requested injunction would thwart valid partnership action to appoint

an independent, third-party manager and mandate a return to the very circumstances that led to

the discord that the Complaint alleges. Moreover, as shown by the management agreements with

the third-party manager, there is no prospect of irreparable harm because the third-party manager

is not authorized to take any action respecting title to the partnerships' property without approval

by the partnerships.

## A.    THE COMPLAINT FAILS TO STATE A CLAIM FOR INJUNCTIVE RELIEF UNDER RULE 12(B)(6)

The Complaint fails to allege the essential element of irreparable harm. Scorpio's

conclusory assertion that it "*believes* that changing management will cause irreparable damage"

to Court-Martine Associates' interests in the underlying real estate (Compl. ¶ 37 (emphasis

supplied)) is insufficient to support the extraordinary remedy of an injunction. "[T]he mere

allegation of serious or irreparable injury, apprehended or threatened, is insufficient." *Fisher v. Health Ins. Plan of Greater New York*, 324 N.Y.S.2d 732, 67 Misc. 2d 674, 677 (Sup. Ct. 1971); *see also R.R. P.B.A. of New York, Inc. v. Metro-North Commuter R.R.*, 699 F. Supp. 40, 43 (S.D.N.Y. 1988). The only harm the Complaint alleges is that changing management "will result in a waste of Partnership assets, as a significant amount of work would be required to transition the management" to the third-party manager, and that the partnership "would have to pay management fees" to the third-party manager. (Compl. ¶ 38.) Even if true, these assertions of monetary harm can be remedied at law and, thus, cannot state a claim for an injunction. As the court held in *D'Amour v. Ohrenstein & Brown LLP*, "[A]ssuming that defendants do waste [the partnership]'s assets in the manner alleged, plaintiffs have failed to allege facts indicating that they cannot be fully compensated by an award of monetary damages. Accordingly, plaintiffs have failed to allege the sort of irreparable injury which is prerequisite to the granting of an injunction." No. 601418/2006, 2007 WL 4126386, at *15 (N.Y. Sup. Ct. Aug. 13, 2007); *see also Weizmann Inst. of Sci. v. Neschis*, 229 F. Supp. 2d 234, 259 (S.D.N.Y. 2002); *Reuben H. Donnelley Corp.*, 893 F. Supp. at 294.; *Ashley MRI Mgmt. Corp. v. Perkes*, 814 N.Y.S.2d 559, 10 Misc. 3d 1068(A), 2006 WL 27685, at *4 (Sup. Ct. 2006).

Moreover, the Complaint fails to allege wrongful conduct by the Defendants, as required before an injunction may issue. *Reuben H. Donnelley Corp.*, 893 F. Supp. at 293; *O Zon Inc.*, 272 F. Supp. 2d at 312. There simply is no allegation that Court-Martine Associates' or 82nd-83rd Street Venture's appointment of an independent, third-party manager is wrongful or contrary to law (*see* Compl. ¶ 34; *see also* H-H Compl. ¶¶ 32-33; 77th Queens Compl. ¶¶ 33-34); nor can there be. Scorpio's disagreement with the decision to replace Grant as managing agent does not make that decision unlawful or wrongful. *See* N.Y. Partnership Law § 40(8) (McKinney

18

2006) ("[A]ny difference arising to ordinary matters connected with the partnership business may be decided by a majority of the partners."). An injunction should not burden the lawful actions of Court-Martine Associates and 82nd-83rd Street Venture. *See Waldman Publ'g Corp. v. Landoll, Inc.*, 43 F.3d 775, 785 (2d Cir. 1994) (modifying an injunction that imposed unnecessary burdens on lawful activity); *Reed, Roberts Assoc., Inc. v. Strauman*, 353 N.E.2d 590, 593-94, 40 N.Y. 2d 303, 308-309 (1976) (reversing injunction where, *inter alia*, the defendant did not engage in wrongful conduct).

Finally, it would be inequitable to issue an injunction thwarting Court-Martine Associates' and 82nd-83rd Street Venture's choice of management and forcing the partnerships to suffer the management of the Property by Grant and her company, where Grant's management gave rise to the very discord that caused the partnerships to replace Grant and precipitated Grant's and the Breedes' subsequent attempts to dissolve the partnerships. *See Gennaro v. Rosenfield*, 600 F. Supp. 485, 492 (S.D.N.Y. 1984) (balance of equities tipped in favor of defendant where injunction could require defendant to be "in the uncomfortable position of working closely with someone whom he allegedly had replaced, had litigated against, and had no desire to work with"). Scorpio alleges that Grant and her husband, through their company MGRMC, have controlled the management of the Property. (Compl. ¶¶ 31-32; *see also* H-H Compl. ¶¶ 29-30; 77th Queens Compl. ¶¶ 30-31.) Indeed, they have been "intimately involved on a day-to-day basis with the management." (Compl. ¶ 33; *see also* H-H Compl. ¶ 31; 77th Queens Compl. ¶ 32.) But Scorpio also alleges that, while Grant has controlled the management of various properties owned by Minskoff family partnerships, Grant and the Breedes (or entities owned or controlled by them) and Defendants and their principals "have been unable to agree on numerous issues *affecting the management, direction, and day-to-day operations*" of those

19

properties. (Compl. ¶ 22; *see also* H-H Compl. ¶ 20; 77th Queens Compl. ¶ 21 (emphasis supplied).) Defendants confirm that their disputes have centered on Grant and her management. (*See* Allan Decl. ¶¶ 8-10; Minskoff Decl. ¶ 8-10.) Grant's management, in other words, is at the heart of the conflict that led 82nd-83rd Street Venture to appoint third-party management and that precipitated Grant's and her allies' filing of the dissolution actions. And Grant's refusal to honor the partnership's directions to turn management over to an independent, third-party manager has only deepened the conflict and distrust. (Allan Decl. ¶ 17; Minskoff Decl. ¶ 17.) An injunction requiring a return to the state of affairs that led to dissolution in the first place would offend equity.

Accordingly, Plaintiff fails to state a claim for injunctive relief, and the second cause of action should be dismissed with prejudice under Rule 12(b)(6).

## B.    THERE IS NO GENUINE ISSUE OF MATERIAL FACT PREVENTING DISMISSAL OF THE CLAIM FOR INJUNCTIVE RELIEF

In the alternative, Scorpio's second cause of action should be dismissed under Rule 56, as there is no genuine issue of material fact that (1) third-party management will not cause irreparable harm and (2) the partnerships lawfully appointed the third-party manager.

Under 82nd-83rd Street Venture's agreements with the third-party manager, the new agent cannot take any actions affecting title to the partnership's interests in real property. (*See* Allan Decl. ¶ 14, Ex. 4 (management agreement); Minskoff Decl. ¶ 14, Ex. 3 (management agreement).) The manager does not have the authority to "bind or obligate" the partnership (*ids.* at 2); its authority is limited to operating and maintaining the property, preparing budgets, expending funds pursuant to Owner-approved operating budgets, collecting rents and other

charges from tenants, supervising repairs, and similar activities (*id.* at 2-5).[7] In short, the new managing agent does not have the authority to take any action that could constitute irreparable harm, and there is no basis for Scorpio's claim for injunctive relief. *See Ocilla Indus. Inc. v. Katz*, 677 F. Supp. 1291, 1302 (E.D.N.Y. 1987).

Finally, there is no genuine issue of fact that the new third-party manager was duly appointed pursuant to valid partnership action. 82nd-83rd Street Venture agreed to retain third-party management at a partnership meeting where the decision was approved by the majority. (Allan Decl. ¶¶ 11, 12, Ex. 1 (meeting minutes); Minskoff Decl. ¶¶ 11, 12, Ex. 1 (meeting minutes).) *See* N.Y. Partnership Law § 40(8) (McKinney 2006). 82nd-83rd Street Venture entered into a valid management agreement with Armstrong. (*See ids.* Exs. 3 (management agreement).) The new property manager already has been engaged and Grant and her company, MGRMC, have already been directed to turn over partnership books, records and property. (*Ids.* Exs. 2 (letter).) Scorpio cannot seek an injunction to prohibit lawful conduct, *see Waldman Publ'g Corp.*, 43 F.3d at 785, *Reed, Roberts Assocs., Inc.*, 40 N.Y. 2d at 308-309, or to enjoin that which already has occurred. *See Lippman v. Dime Sav. Bank of New York*, 691 N.Y.S. 2d 437, 262 A.D.2d 52, 52 (N.Y. A.D. 1999) (dismissing plaintiff's cause of action for an injunction where the conduct sought to be prohibited has already occurred); *Currier v. First Transcapital Corp.*, 593 N.Y.S.2d 16, 17, 190 A.D.2d 507, 508 (App. Div. 1993); *Town of Oyster Bay v. New York Tel. Co.*, 426 N.Y.S.2d 807, 75 A.D.2d 598, 598 (App. Div. 1980).

---

[7] Grant, in contrast, claims also to manage the Partnership itself (Compl. ¶ 33; *see also* H-H Compl. ¶ 32, 77th Queens Compl. ¶ 31). Defendants dispute that Grant has authority to act on behalf of the Partnership, and Grant's assertion underscores the danger and inequity of an injunction requiring her to continue her disputed exercise of control over the Property and of partnership book, records and accounts. Unlike Armstrong, whose authority to manage the Property is clearly defined and limited, Grant purports to be able to act without similar constraint or limitation.

For the foregoing reasons, the Complaint's second cause of action for injunctive relief should be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, defendants MYCA, LLC and 2220 Equities Management Limited Partnership respectfully request that the Court (1) enter an Order dismissing the action for failure to join an indispensable party; or, in the alternative, (2) enter an Order dismissing the Complaint's Second Cause of Action for injunctive relief with prejudice; and grant such other and further relief as the Court deems just and proper.

Dated: February 28, 2008

Respectfully submitted,

AKIN GUMP STRAUSS HAUER & FELD LLP

By: _____
      Michael D. Lockard (ML 2836)
      Rebecca N. Loubriel (RL 4726)
      590 Madison Avenue
      New York, NY 10022
      Telephone: (212) 872-7439
      Facsimile:  (212) 872-1002

*Counsel for defendant MYCA, LLC*

- and -

WHITEMAN OSTERMAN & HANNA LLP
Philip H. Gitlen (PG 9603)
Christopher E. Buckey (CB 0187)
One Commerce Plaza
Albany, New York 12260
Telephone: (518) 487-7600
Facsimile: (518) 487-7777

*Counsel for defendant 2220 Equities Management Limited Partnership*

22