UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- x
                                                :

SCORPIO 8283 LLC,

                             :

                Plaintiff,

                             :

          v.                   :       08 CV. 510 (CLB)

2220 EQUITIES MANAGEMENT LIMITED          **FILED BY ECF**
PARTNERSHIP and MYCA, LLC,          :

                Defendants.     :

                             :
-------------------------------------------------------- x

### PLAINTIFF'S COUNTER STATEMENT PURSUANT TO RULE 56.1 IN OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiff Scorpio 8283 LLC ("Plaintiff" or "Scorpio"), pursuant to Local Civil Rule 56.1, responds to Defendants' Statement of Undisputed Material Facts, dated February 28, 2008, in connection with Defendants' motion for partial summary judgment to dismiss Plaintiff's second cause of action ("Defendant's Motion"), as follows:

**PARAGRAPH NO. 1**

Court-Martine Associates is a New York general partnership.

**RESPONSE TO PARAGRAPH NO. 1**

Plaintiff admits.

**PARAGRAPH NO. 2**

Court-Martine Associates' partners are: (1) defendant MYCA, which owns a 17.6% interest; (2) defendant 2220 Equities, which owns a 41.2% interest; and (3) plaintiff Scorpio 8283 LLC ("Scorpio"), which owns a 41.2% interest.

4189983.2

**RESPONSE TO PARAGRAPH NO. 2**

Plaintiff admits.

**PARAGRAPH NO. 3**

MYCA is a limited liability company whose members are Sara Minskoff Allan and her

mother, Carolyn Minskoff.

**RESPONSE TO PARAGRAPH NO. 3**

Plaintiff admits.

**PARAGRAPH NO. 4**

MYCA is a citizen of Florida.

**RESPONSE TO PARAGRAPH NO. 4**

Plaintiff admits.

**PARAGRAPH NO. 5**

2220 Equities is a limited partnership whose partners are Alan and Royanne Minskoff.

**RESPONSE TO PARAGRAPH NO. 5**

Plaintiff admits.

**PARAGRAPH NO. 6**

Alan and Royanne Minskoff and 2220 Equities are citizens of Idaho.

**RESPONSE TO PARAGRAPH NO. 6**

Plaintiff admits.

**PARAGRAPH NO. 7**

Scorpio is a limited liability company whose sole member is a trust whose trustee is

Patricia Breede.  Scorpio is controlled by Michael and Patricia Breede.

**RESPONSE TO PARAGRAPH NO. 7**

4189983.2

Plaintiff admits.

**PARAGRAPH NO. 8**

Scorpio is a citizen of Connecticut.

**RESPONSE TO PARAGRAPH NO. 8**

Plaintiff admits.

**PARAGRAPH NO. 9**

Court-Martine Associates is a partner in 82nd-83rd Street Venture.

**RESPONSE TO PARAGRAPH NO. 9**

Plaintiff admits.

**PARAGRAPH NO. 10**

Court-Martine Associates' primary asset is its partnership interest in 82nd-83rd Street

Venture.

**RESPONSE TO PARAGRAPH NO. 10**

Plaintiff admits.

**PARAGRAPH NO. 11**

82nd-83rd Street Venture is a New York general partnership.

**RESPONSE TO PARAGRAPH NO. 11**

Plaintiff admits.

**PARAGRAPH NO. 12**

82nd-83rd Street Venture is not a party to this litigation.

**RESPONSE TO PARAGRAPH NO. 12**

Plaintiff admits.

4189983.2

**PARAGRAPH NO. 13**

82nd-83rd Street Venture owns and operates commercial real estate located at 167-183

Martine Avenue and 39-55 Court Street in White Plains, New York (the "Property").

**RESPONSE TO PARAGRAPH NO. 13**

Plaintiff admits.

**PARAGRAPH NO. 14**

82nd-83rd Street Venture's partners are: (1) Court-Martine Associates, which owns a

75% interest; (2) MYCA, which owns a 6.25% interest; (3) Alan and Royanne Minskoff, who

own a 7.8125% interest; (4) Pisces 8283 LLC ("Pisces"), which owns a 7.8125% interest; and (5)

Stacey Minskoff-Essenfeld, who owns a 3.125% interest.

**RESPONSE TO PARAGRAPH NO. 14**

Plaintiff admits.

**PARAGRAPH NO. 15**

Pisces is not a party to this litigation.

**RESPONSE TO PARAGRAPH NO. 15**

Plaintiff admits that Pisces is not named as a party to this litigation.  However, the

principals of Pisces are parties to this litigation.  (See Declaration of Sara Minskoff Allan in

support of Defendant's Motion ("Allan Decl.") ¶¶ 3, 5.)

**PARAGRAPH NO. 16**

Pisces is a limited liability company whose sole member is a trust controlled by Patricia

Breede.  Pisces is controlled by Michael and Patricia Breede.

**RESPONSE TO PARAGRAPH NO. 16**

Plaintiff admits.

4189983.2

**PARAGRAPH NO. 17**

Pisces is a citizen of Connecticut.

**RESPONSE TO PARAGRAPH NO. 17**

Plaintiff admits.

**PARAGRAPH NO. 18**

Stacey Minskoff Essenfeld is not a party to this litigation.

**RESPONSE TO PARAGRAPH NO. 18**

Plaintiff admits.

**PARAGRAPH NO. 19**

Stacey Minskoff Essenfeld is a citizen of Connecticut.

**RESPONSE TO PARAGRAPH NO. 19**

Plaintiff admits.

**PARAGRAPH NO. 20**

Court-Martine Associates and 82nd-83rd Street Venture are citizens of Connecticut,

Florida and Idaho.

**RESPONSE TO PARAGRAPH NO. 20**

Plaintiff admits.

**PARAGRAPH NO. 21**

Jean Minskoff Grant is not a partner in Court-Martine Associates or in 82nd-83rd Street

Venture, but owns partnership interests in, or owns and/or controls entities that own partnership

interests in, several of the other family partnerships.

**RESPONSE TO PARAGRAPH NO. 21**

Plaintiff admits.

4189983.2

**PARAGRAPH NO. 22**

For several years, Jean Minskoff Grant and her husband have exercised control over the

management of properties owned by various Minskoff family real estate partnerships, including

the Property, through Minskoff Grant Realty & Management Corporation ("MGRMC").

**RESPONSE TO PARAGRAPH NO. 22**

Plaintiff admits that, for several years, Jean Minskoff Grant and her husband, Francis C.

Grant III have managed properties owned by various Minskoff family real estate partnerships,

including the Property, pursuant to management agreements between MGRMC and such

partnerships. (Affidavit of Jean Minskoff Grant, sworn to March 26, 2008 ("Minskoff Grant

Aff.") ¶¶ 5, 9.)

**PARAGRAPH NO. 23**

MGRMC is controlled by Grant and her husband.

**RESPONSE TO PARAGRAPH NO. 23**

Plaintiff admits.

**PARAGRAPH NO. 24**

Grant, through MGRMC, has been "intimately involved on a day-to-day basis with the

management" of the Property.

**RESPONSE TO PARAGRAPH NO. 24**

Plaintiff admits.

**PARAGRAPH NO. 25**

The partners have been in a state of sharp discord over the "management and day-to-day

operations" of the properties with which Grant has been intimately involved.

4189983.2

**RESPONSE TO PARAGRAPH NO. 25**

      Plaintiff admits.

**PARAGRAPH NO. 26**

      Because of their disputes with Grant and her company, MYCA, 2220 Equities and their principals do not want Grant or her company to manage properties owned by partnerships in which MYCA, 2220 Equities or their principals are partners.

**RESPONSE TO PARAGRAPH NO. 26**

      Plaintiff understands this to be the case based on the actions of MYCA, 2220 Equities, and their principals.

**PARAGRAPH NO. 27**

      On November 30 2007, partnership meetings were held in Court-Martine Associates and 82nd-83rd Street Venture.

**RESPONSE TO PARAGRAPH NO. 27**

      Plaintiff admits.

**PARAGRAPH NO. 28**

      Attending the November 30, 2007, partnership meeting for Court-Martine Associates were MYCA, represented by me; 2220 Equities, represented by Royanne Minskoff; and Scorpio, represented by Michael Breede.

**RESPONSE TO PARAGRAPH NO. 28**

      Plaintiff admits.  MYCA was represented at the meeting by Sara Minskoff Allan.  (Allan Decl. ¶ 12.)

- 7 -

4189983.2

**PARAGRAPH NO. 29**

Attending the partnership meeting for 82nd-83rd Street Venture were MYCA, represented by Sara Alan Minskoff; Alan and Royanne Minskoff, represented by Royanne Minskoff; Pisces 8283 LLC, represented by Michael Breede; and principals of all partners in Court-Martine Associates.

**RESPONSE TO PARAGRAPH NO. 29**

Plaintiff admits.

**PARAGRAPH NO. 30**

At these meetings, the majorities voted in favor of hiring Armstrong Realty Management ("Armstrong") to manage the Property effective January 1, 2008.

**RESPONSE TO PARAGRAPH NO. 30**

Plaintiff objects to Defendants' characterization that partners at these meetings voted to hire Armstrong to manage the Properties. Plaintiff admits that the minutes from this meeting – which were drafted by Robb Allan, husband of Sara Minskoff Allan – allege that the motion presented at the meeting was to hire Armstrong effective January 1, 2008. However, Plaintiff disputes that this is an accurate reflection of the vote that took place at the November 30, 2007 meeting. Earlier on the same day, the 77th Queens Associates partnership held a meeting to discuss the same issues that were the subject of the Court-Martine Associates and 82nd-83rd Street Venture meetings. At that meeting, Rob Allan, as the proxy for Sara Minskoff Allan, introduced a motion regarding the management of the partnership's property. In response to Mr. Breede's concerns about signing any agreement with Armstrong at that time, Mr. Allan clarified that "[w]e're not signing anything today." According to Mr. Allan's own characterization of his motion, "[a]ll we're doing today is authorizing moving forward with

retaining Armstrong." Mr. Allan added, "Obviously a management agreement needs to be circulated to members for approval prior to any signature. So we have some time between here and then." This discussion was incorporated by reference at the Court-Martine Associates and 82nd-83rd Street Venture Meeting. (Affidavit of Michael Edward Breede, sworn to March 26, 2008 ("Breede Aff."), ¶ 8 and Ex. A.)

**PARAGRAPH NO. 31**

The vote for retaining Armstrong to manage the property owned by 82nd-83rd Street Venture was 4 in favor (MYCA, Royanne Minskoff, Alan Minskoff and Court-Martine Associates), 1 against (Pisces 8283 LLC).

**RESPONSE TO PARAGRAPH NO. 31**

Plaintiff objects to Defendants' characterization of the vote for the reasons discussed above.

**PARAGRAPH NO. 32**

Those voting in favor of retaining Armstrong as property manager represented 89.0625% of the partnership interests.

**RESPONSE TO PARAGRAPH NO. 32**

Plaintiff objects to Defendants' characterization of the vote for the reasons discussed above. Moreover, Plaintiff disputes that 89.0625% of the partnership interests in 82nd-83rd Street Venture voted in favor of Mr. Allan's motion. To reach this number, Defendants count 100% of Court-Martine Associates' interests as being in favor of the motion. However, Plaintiff has a 41.2% interest in Court-Martine Associates, and did not vote in favor of Mr. Allan's motion. (See Paragraph No. 2; Breede Aff. ¶ 8.)

4189983.2

**PARAGRAPH NO. 33**

Thereafter, on or about December 11, 2007, Royanne Minskoff and Sara Minskoff Allan, on behalf of Court-Martine Associates and 82nd-83rd Street Venture, caused a letter to be sent to MGRMC. The letter informed MGRMC that new property management had been selected and directed MGRMC to turn over relevant partnership books, records and property.

**RESPONSE TO PARAGRAPH NO. 33**

Plaintiff admits that Ms. Minskoff and Ms. Minskoff Allan sent such letters, purportedly on behalf of the Court-Martine Associates and 82nd-83rd Street Venture.

**PARAGRAPH NO. 34**

82nd-83rd Street Venture later finalized and entered into a management agreement with Armstrong dated as of January 1, 2008.

**RESPONSE TO PARAGRAPH NO. 34**

Plaintiff disputes that the 82nd-83rd Street Venture entered into a management agreement with Armstrong. Plaintiff acknowledges that Royanne Minskoff and Sara Minskoff Allan purported to enter into a management agreement with Armstrong, but disputes that such actions constituted valid actions on behalf of the 82nd-83rd Street Venture, and disputes that the 82nd-83rd Street Venture or Court-Martine Associates are bound by any such agreements. Plaintiff notes that this management agreements was never provided to 82nd-83rd Street Venture or Court-Martine Associates for approval, and was accordingly not approved by the 82nd-83rd Street Venture or Court-Martine Associates. (See Minskoff Grant Aff. ¶ 26; Breede Aff. ¶ 9.)

**PARAGRAPH NO. 35**

Grant and MGRMC did not turn over the partnership books and records.

4189983.2

**RESPONSE TO PARAGRAPH NO. 35**

Plaintiff admits that partnership books and records have not been turned over to Defendants. However, Plaintiff asserts that MGRMC immediately sent copies of the management agreement between MGRMC and Court-Martine Associates after receiving a request to do so from Mr. Breede. (Minskoff Grant Aff. ¶ 26; Breede Aff. ¶ 10.)

**PARAGRAPH NO. 36**

On or about January 18, 2008, Grant and Patricia and Michael Breede caused five lawsuits to be filed in federal and state court seeking the dissolution of five partnerships, including the above-captioned action seeking to dissolve Court-Martine Associates.

**RESPONSE TO PARAGRAPH NO. 36**

Plaintiff admits.

**PARAGRAPH NO. 37**

The Defendants were served on or about February 8, 2008.

**RESPONSE TO PARAGRAPH NO. 37**

Plaintiff admits.

**PARAGRAPH NO. 38**

The two related state-court actions are captioned *Grant v. Minskoff*, Index No. 03175/2008 (N.Y. Sup. Ct.) and *Grant v. Minskoff*, Index No. 03176/2008 (N.Y. Sup. Ct.)

**RESPONSE TO PARAGRAPH NO. 38**

Plaintiff admits.

**PARAGRAPH NO. 39**

The two related federal-court actions are captioned *Grant v. MYCA, LLC*, No. 08 Civ. 508 (CLB) (S.D.N.Y) and *MLP I u MYCA, LLC*, No. 08 Civ. 511 (CLB) (S.D.N.Y).

4189983.2

**RESPONSE TO PARAGRAPH NO. 39**

Plaintiff admits.

**PARAGRAPH NO. 40**

The Grants, the Breedes and MGRMC all are jointly represented by the same counsel in their disputes with the Defendants and their principals.

**RESPONSE TO PARAGRAPH NO. 40**

Plaintiff admits.

**PARAGRAPH NO. 41**

On or about January 24, 2008, four partnerships commenced an action against MGRMC in New York State Supreme Court, New York County, captioned *Post-Broadway et al. v. Minskoff Grant Realty & Management Corporation*, Index No. 08/600217 (N.Y. Sup. Ct.), seeking to recover the partnership property that Grant and MGRMC continued to withhold from the partnerships and from Armstrong, and brought a motion by order to show cause for a preliminary injunction requiring MGRMC to relinquish the property.

**RESPONSE TO PARAGRAPH NO. 41**

Plaintiff admits that an action styled *Post Broadway et al. v. Minskoff Grant Realty & Management Corp.*, Index No. 08/600217 (N.Y. Sup. Ct.) (the "Termination Action") was commenced on or about January 24, 2008 seeking the relief described above, and admit that the above-mentioned motion was brought in the Termination Action. Plaintiff acknowledges that certain partners of 77th Queens, Halstead-Harrison, and 82nd-83rd Street Venture initiated that action, purportedly on behalf of those partnerships. However, Plaintiff disputes that the Termination Action was validly brought on behalf of those three partnerships that are named as plaintiffs. Plaintiff asserts that the partners of 77th Queens, Halstead-Harrison, and 82nd-83rd

Street Venture that commenced the Termination Action did not consult with the other partners of those partnerships before commencing that action. (Minskoff Grant Aff. ¶ 27; Breede Aff. ¶ 11.)

## PARAGRAPH NO. 42

The four partnership plaintiffs are 77th Queens Associates, Halstead-Harrison Associates, 82nd-83rd Street Venture and Post-Broadway Associates a/k/a 59 South Broadway Venture.

## RESPONSE TO PARAGRAPH NO. 42

Plaintiff admits that the partnerships listed above are named as plaintiffs in the Termination Action. For the reasons discussed above, Plaintiff disputes that the Termination Action was validly brought by or on behalf of three of those four partnerships. (Ids.)

## PARAGRAPH NO. 43

MYCA and 2220 Equities or its principals together own or control a majority-in-interest of each of these four partnerships.

## RESPONSE TO PARAGRAPH NO. 43

Plaintiffs admit.

## PARAGRAPH NO. 44

The motion for a preliminary injunction was heard on February 5, 2008, and a decision on the motion is pending.

## RESPONSE TO PARAGRAPH NO. 44

Plaintiff admits that the motion for preliminary injunction was heard on February 5, 2008, and that a decision on the motion was pending as of the date Defendants filed their Local Rule 56.1 statement. The court in the Termination Action issued an order and decision (the "Lower Court Order") granting the plaintiffs' motion for a preliminary injunction on March 18, 2008. The defendants in the Termination Action have appealed the order and decision to the

Appellate Division, First Department.  The Appellate Division, First Department granted an

interim stay of the Lower Court Order pending the full court's determination of whether the

Lower Court Order should be stayed during the entire pendency of the appeal.  (Affidavit of

Thomas H. Golden, sworn to March 26, 2008 ("Golden Aff.") ¶ 6.)

**PARAGRAPH NO. 45**

82nd-83rd Street Venture entered into a management agreement with Armstrong dated

January 1, 2008.

**RESPONSE TO PARAGRAPH NO. 45**

Plaintiff disputes that the Partnerships entered into management agreements with

Armstrong for the reasons stated in Response No. 34.

**PARAGRAPH NO. 46**

Armstrong has been engaged to manage the Property and Grant and her company,

MGRMC, have been directed to turn over partnership books, records and property.

**RESPONSE TO PARAGRAPH NO. 46**

Plaintiff disputes that the that Armstrong has been properly engaged to manage the

Property for the reasons stated in Response No. 34.  Plaintiff admits that Grant and MGRMC

have been asked to turn over partnership books, records, and property.

**PARAGRAPH NO. 47**

Under 82nd-83rd Street Venture's agreement with Armstrong, Armstrong does not have

the authority to "bind or obligate" the partnership.

4189983.2

**RESPONSE TO PARAGRAPH NO. 47**

Plaintiff admits that, pursuant to Section 2.2 of the management agreements purportedly entered into between Halstead-Harrison and 77th Queens on the one hand and Armstrong on the other, "[n]either party shall have the power to bind or obligate the other." (Allan Decl., Ex. 3.)

**PARAGRAPH NO. 48**

Armstrong's authority is limited to operating and maintaining the property, preparing budgets, expending funds pursuant to Owner-approved operating budgets, collecting rents and other charges from tenants, supervising repairs, and similar activities.

**RESPONSE TO PARAGRAPH NO. 48**

Plaintiff admits that this paragraph represents a fair characterization of Armstrong's authority pursuant to the management agreements purportedly entered into between 82nd-83rd Street Venture and Armstrong.

4189983.2

DATED:   New York, New York
         March 26, 2008

                                Respectfully submitted,

                                WILLKIE FARR & GALLAGHER LLP

                                By: _____
                                    Thomas H. Golden (TG-1467)
                                    (A Member of the Firm)

                                787 Seventh Avenue
                                New York, New York 10019-6099
                                tgolden@willkie.com
                                (212) 728-8000

                                Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned, a member in good standing of the bar of this Court, certifies that on

March 26, 2008, he caused a copy of the foregoing document to be served via e-mail, pursuant to

an agreement, upon the following:

Philip H. Gitlen
Whiteman Osterman & Hanna LLP
Once Commerce Plaza
Albany, New York  12260
pgitlen@woh.com


Christopher E. Buckley
Whiteman Osterman & Hanna LLP
Once Commerce Plaza
Albany, New York  12260
cbuckley@woh.com


Michael D. Lockard
Akin Gump Strauss Hauer Feld LLP
590 Madison Avenue
New York, New York  10022-2524
mlockard@akingump.com


Rebecca N. Loubriel
Akin Gump Strauss Hauer Feld LLP
590 Madison Avenue
New York, New York  10022-2524
rloubriel@akingump.com

Thomas H. Golden