**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

SCORPIO 8283 LLC,

                              Plaintiff,

                  -against-

MYCA, LLC and 2220 EQUITIES MANAGEMENT
LIMITED PARTNERSHIP,

                              Defendants.

:
:
:
:
:
:  No. 08 CV 510 (CLB)
:  **FILED BY ECF**
:
:
:
:
:

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
MOTION TO DISMISS THE COMPLAINT AND IN OPPOSITION TO
PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT
AND AN ORDER APPOINTING A WINDING-UP PARTNER**

WHITEMAN OSTERMAN & HANNA LLP
Counsel for Defendant 2220 Equities
Management Limited Partnership
One Commerce Plaza
Albany, New York 12260
(518) 487-7600

Philip H. Gitlen, Esq.
Christopher C. Buckey, Esq.
Williams S. Nolan, Esq.
                  *Of Counsel*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................ 1

FACTUAL BACKGROUND .................................................................................................... 3

ARGUMENT ............................................................................................................................. 8

POINT I    PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT SHOULD
BE DENIED.......................................................................................................... 8

    A.  Plaintiff's Motion is Premature; Issue Has Not Been Joined and No
Discovery Has Taken Place............................................................................ 8

    B.  Plaintiff Has Not Established a Basis for a Judicial Decree of Dissolution ..... 9

    C.  The Alleged "At-Will" Status of the Partnership is Irrelevant........................ 13

POINT II    DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO JOIN AN
INDISPENSIBLE PARTY SHOULD BE GRANTED ........................................... 14

POINT III    PLAINTIFF'S SECOND CAUSE OF ACTION SHOULD BE DISMISSED
AND ITS RELATED MOTION TO BE APPOINTED WINDING-UP PARTNER
SHOULD BE DENIED ....................................................................................... 17

    A.  Plaintiff Admits that it Has No Claim for Injunctive Relief ............................ 17

    B.  Partnership Law § 75 Does Not Create an Independent Cause of Action ...... 18

    C.  Plaintiff's Motion is Premature Because No Decree of Dissolution Has
Been Rendered .............................................................................................. 18

    D.  To the Extent Judicial Dissolution is Deemed Appropriate, Plaintiff Should
Not Be Appointed "Winding-Up" Partner ..................................................... 19

CONCLUSION........................................................................................................................... 22

# TABLE OF AUTHORITIES

## Federal Cases

Berger v. United States, 87 F.3d 60 (2d Cir.1996) .......................................................... 8

Colon v. Bernabe, 07-CV-3369, 2007 WL 2068093 (S.D.N.Y. July 19, 2007) ........................... 15

Crystalline H2O, Inc. v. Orminski, 105 F.Supp.2d 3 (N.D.N.Y., 2000) ........................................ 9

Haas v. Jefferson National Bank of Miami Beach, 442 F.2d 394 (5th Cir. 1971) ....................... 15

Hellstrom v. U.S. Dep't of Veterans Affairs, 201 F.3d 94 (2d Cir.2000)........................................ 8

Mattera v. Clear Channel Communications, Inc., 239 F.R.D. 70 (S.D.N.Y. 2006) ..................... 16

Merrill Lynch & Co. Inc. v. Allegheny Energy, Inc., 500 F.3d 171 (2d Cir. 2007) ..................... 16

Natoli v. Carriage House Motor Inn, Inc., 1988 WL 53397 (N.D.N.Y. May 24, 1988) ..........11, 12

Sutera v. Schering Corp., 73 F.3d 13 (2d Cir.1995)........................................................................ 8

Teitelbaum v. Wagner, 2003 WL 402794 (S.D.N.Y. Feb. 20, 2003)............................................. 14

Tele-Guia Talking Yellow Pages v. Cablevision Systems, Corp., 07-CV-3948,
    2007 WL 3224573 (S.D.N.Y. Oct. 31, 2007)........................................................................... 16

Trebor Sportswear Co. v. The Limited Stores, Inc., 865 F.2d 506 (2d Cir. 1989) ......................... 8

Universal Reinsurance Co. v. St. Paul Fire & Marine Ins. Co., 312 F.3d 82 (2d Cir. 2002) ........ 16

## State Cases

Aetna Casualty co. v. Capasso, 75 N.Y.2d 860, 552 N.Y.S.2d 918 (1990)................................... 20

Bishop v. Rubin, 228 A.D.2d 222, 224, 643 N.Y.S. 2d 108 (1st Dep't 1996) ............................... 11

Bitetto v. F. Chau & Associates, LLP, 10 Misc.3d 595, 807 N.Y.S.2d 260 (Sup. Ct. 2005) ........ 16

Boston Concessions Group, Inc. v. Criterion Ctr. Corp., 200 A.D.2d 543, 606 N.Y.S.2d 696
    (1st Dep't 1994)......................................................................................................................... 9

Breidbart v. Wiesenthal, 10 A.D.3d 346, 781 N.Y.S.2d 123 (2nd Dep't 2004) ........................... 16

Carola v. Grogan, 102 A.D.2d 934, 477 N.Y.S.2d 525 (3d Dep't 1984) ..................................... 14

Couch v. Langan, 63 N.Y.2d 987, 473 N.E.2d 248 (1984) .......................................................... 10

Doe v. Axelrod, 73 N.Y.2d 748, 536 N.Y.S.2d 57 (1988)............................................................ 20

Drucker v. Mige Assoc. II, 225 A.D.2d 427, 639 N.Y.S.2d 365 (1st Dep't 1996) ......................... 9

Gardiner Intern., Inc. v. J.W. Townsend & Associates, Inc., 13 A.D.3d 246, 788 N.Y.S.2d 312
    (1 Dep't 2004).................................................................................................................... 16

Gerstein v. Teitelbaum, 273 A.D. 886, 77 N.Y.S.2d 502 (1st Dep't 1948).................................. 13

Goergen v. Nebrich, 4 A.D.2d 526, 167 N.Y.S.2d 491 (4th Dep't 1957) ..................................... 18

Goodwin v. MAC Resources, Inc., 149 A.D.2d 666, 540 N.Y.S.2d 477 (2d Dep't 1989) ........... 14

Harshman v. Pantaleoni,  294 A.D.2d 687, 741 N.Y.S.2d 348 (3d Dep't 2002)......................11, 14

In re Fazio Realty Corp., 10 A.D.3d 363, 781 N.Y.S.2d 118 (2d Dep't 2004) ............................ 10

Jamie v. Jamie, 8 A.D.3d 88, 777 N.Y.S.2d 908 (1st Dep't 2004)............................................... 10

Jones v. Jones, 15 Misc.2d 960, 179 N.Y.S.2d 480 (Supreme Ct., Kings Cty. 1958)............. 10, 13

Josephthal v. Gold, 104 Misc. 137, 171 N.Y.S. 1041 (Sup. Ct., New York County 1918)............. 9

Melham v. Avrech, 146 A.D.2d 753, 537 N.Y.S.2d 236 (2d Dep't 1989) ................................... 13

Posner v. Posner, 280 A.D.2d 318, 720 N.Y.S.2d 465 (1st Dep't 2001)..................................... 13

Seligson v. Russo, 16 A.D.3d 253, 227 N.Y.S.2d 544 (1st Dep't 2005).................................11, 12

Skolny v. Richter, 139 A.D. 534, 124 N.Y.S. 152 (1st Dep't 1910) .................................. 9, 10, 13

**Federal Statutes**

28 U.S.C.A. § 1332(a)(1)........................................................................................................... 15

Fed.R.Civ.P. 19......................................................................................................................... 14

Fed.R.Civ.P. 12(b)(6) ................................................................................................................. 1

Fed.R.Civ.P. 12(b)(7) .............................................................................................................. 1, 22

Fed.R.Civ.P. 19(b) ............................................................................................................. 1, 16, 22

Fed.R.Civ.P. 56 .................................................................................................................. 1

## State Statutes

BCL § 1104 (a) (3) ........................................................................................................11

Partnership Law § 40 (8) ...............................................................................................11

Partnership Law § 60 ................................................................................................... 16

Partnership Law § 62(1)(b) ......................................................................................... 14

Partnership Law § 63 ........................................................................................ 1, 10, 13

Partnership Law § 63 (1) (d) ....................................................................................... 12

Partnership Law § 63 (1) (f) ...........................................................................1, 10, 11, 12

Partnership Law § 63(1) ..................................................................................... 9, 13, 14

Partnership Law § 64 ................................................................................................... 19

Partnership Law § 75 ....................................................................................... 3, 18, 21

## PRELIMINARY STATEMENT

Defendant 2220 Equities Management Limited Partnership ("2220 Equities") respectfully submits this reply memorandum of law in further support of the joint motion to dismiss the Complaint for failure to join necessary parties pursuant to Federal Rules of Civil Procedure 12(b)(7) and 19(b) or, in the alternative, to dismiss Plaintiff's second cause of action with prejudice pursuant to Federal Rules of Civil Procedure 12(b)(6) and/or 56. This memorandum of law also is submitted in opposition to Plaintiff's cross-motion for summary judgment dissolving the partnership of Court-Martine Associates and for an order directing an evidentiary hearing with respect to appointment of Plaintiff as "winding-up" partner of Court-Martine Associates.

At the outset, Plaintiff's motion for summary judgment is premature, as no defendant has answered the complaint and no discovery has taken place. Under these circumstances, Second Circuit case law requires denial of Plaintiff's motion. To the extent the Court considers Plaintiff's motion, however, it should be denied on the merits. Plaintiff has not established any of the criteria required for a judicial decree of dissolution under Partnership Law § 63. Plaintiff contends that the circumstances of this case render dissolution equitable under Partnership Law § 63 (1) (f), but that contention is based *solely* on the existence of "sharp discord" between the majority and minority partners of Court Martine Associates. Plaintiff has not alleged nor proven the existence of deadlock among the partners. Plaintiff has not alleged nor proven permanent injury to the partnership. The existence of sharp discord between the majority and minority interests in a partnership, or between a partnership's majority interests and its managing agent, does not render dissolution equitable absent a showing of permanent injury to the partnership or circumstances making it impracticable to carry on its business. Since Plaintiff has not even

attempted to meet this burden here, its motion for summary judgment dissolving the partnership should be denied.

For many of the same reasons, Plaintiff's motion to be appointed winding-up partner also should be denied. Without a judicial decree of dissolution, Plaintiff's request is premature. Even if the request was ripe for review, appointing Plaintiff (a minority owner) the winding-up partner would be unreasonable. Plaintiff claims it would use a non-partner, MGRMC, to manage the winding-up process, yet MGRMC was already removed from a management role by a majority vote of the partners. Because MGRMC refused to accept its removal as managing agent, it has been preliminarily enjoined from acting as managing agent for the partnership's properties and certain related properties by the New York County Supreme Court. Therefore, both aspects of Plaintiff's cross-motion should be denied.

Defendant's motion to dismiss should be fully granted. Nothing in Plaintiff's submission alters the conclusion that 82nd-83rd Street Venture and its absent partners are necessary and indispensable parties. First, their omission from this lawsuit renders the relief sought, namely, an accounting of the partnership assets, impossible for the Court to grant since it is well-settled that all partners are necessary parties to an accounting.   Second, to the extent the Court decrees Court-Martine Associates dissolved, its eventual termination would affect the composition of 82nd-83rd Street Venture because Court-Martine Associates is a partner in that entity. Third, if the Court were to grant Plaintiff's request that MGRMC be reinstated as managing agent during the winding-up of Court-Martine's affairs, MGRMC would be managing the affairs of 82nd-83rd Street Venture and its real property because 82nd-83rd Street Venture is owned in part by Court-Martine. Because 82nd-83rd Street Venture and its absent partners are necessary parties, but would destroy this Court's diversity jurisdiction if joined in this action — they are citizens of

Connecticut, Florida, and Idaho while Plaintiff is a citizen of Connecticut — the complaint must be dismissed in its entirety.

If the Court denies Defendants' motion to dismiss for failure to join an indispensable party, it should, at minimum, dismiss Plaintiff's second cause of action. Plaintiff unabashedly admits that it has not stated a claim for injunctive relief in this cause of action. While Plaintiff now argues that the claim is brought pursuant to Partnership Law § 75, nothing in that statute provides a party with an independent cause of action. Therefore, Plaintiff's second cause of action fails to state a claim and should be dismissed with prejudice.

## FACTUAL BACKGROUND

The background facts of this case, including those relevant to Defendants' motion to dismiss, are included in Defendants' Opening Brief and the argument points below and will not be fully repeated here. The following factual summary, however, is relevant to Plaintiff's opposition and cross-motion.

In 2007, MYCA, LLC and 2220 Equities Management, the defendants in this case, convened duly-noticed partnership meetings in several partnerships where together they hold controlling majorities. These partnerships included Court-Martine Associates, the partnership which Plaintiff wishes to dissolve in this proceeding, and 82nd-83rd Street Venture. (Minskoff Decl., ¶¶ 8-11). Court Martine Associates is itself a partner in 82nd-83rd Associates. 82nd-83rd Associates, in turn, owns and operates commercial real estate located at 167-183 Martine Avenue and 39-55 Court Street in White Plains, New York—the property at issue in this proceeding (the "Property"). (Minskoff Decl., ¶ 2).

At the partnership meetings, the partners decided by majority vote to terminate their relationship with Minskoff Grant Realty & Management Corp ("MGRMC"), which had exercised control over the management of the properties owned by the partnerships. (Minskoff Decl., ¶¶ 11-12, Ex. 1). Thus, 82nd-83rd Street Venture, and the other partnerships where the Defendants hold a majority interest, decided pursuant to majority vote to hire Armstrong Realty Management ("Armstrong"), an independent, third-party managing agent. Armstrong's appointment as property manager became effective January 1, 2008. (Minskoff Decl., ¶¶ 11-12, Ex. 1).

The reason for MGRMC's termination is that its management of the properties was unsatisfactory. MGRMC, whose chief operating officer is Jean Minskoff Grant, did not consult the majority partners or provide them with notice before making decisions about the partnerships' properties, did not provide them with sufficient information about the properties' affairs, and was unresponsive to the majority partners' questions, concerns and interests. (Minskoff Decl., ¶ 9). For years MGRMC refused to provide the majority partners with executed copies of its purported management agreements and refused to provide copies of leases and other important partnership records. (Allan Reply Decl., ¶¶ 7-14).

MGRMC's conflicted management and self-dealing and refusal to recognize the authority of the majority partners permeates its entire operations. MGRMC obliterates the line between the role of Jean Minskoff Grant and her allies as minority partners in the partnerships and the conflicting interests of the managing agent by treating budgets proposed by MGRMC as already approved by the partnerships and consistently refusing requests from the partners to modify items within the budgets. (Minskoff Reply Decl. ¶ 6).

4

Similarly, MGRMC controls the compensation it receives from the partnerships. In fact, MGRMC increased the management fees and leasing commissions paid to MGRMC without the approval of the partnerships. (Id.), ¶ 7). MGRMC also controls the management of the partnerships' cash accounts. (Id., ¶ 9).

MGRMC also prevents the partnerships from controlling operational costs for the properties. MGRMC employs 55 Church, LLC for on-site management of the properties owned by the partnerships and other properties owned by Grant, her husband and/or other family members. Upon information and belief, Grant owns 55 Church, LLC and neither 2220 Equities nor MYCA, or the respective principals, own an interest in 55 Church, LLC. MGRMC allocates the payroll costs of 55 Church, LLC among the partnerships' properties and the properties owned by Grant and her family. MGRMC has consistently refused to provide information as to the calculation for the allocation of the costs to the partnerships' properties and the other properties owned by Grant and her family. Thus, MGRMC has effectively denied the partnerships the ability to determine whether the overall cost allocations are arbitrary. Similarly, MGRMC has refused to provide any supporting documentation to the partnerships relating to the actual hours worked or tasks performed by the employees of 55 Church, LLC. (Id., ¶ 8).

In connection with their termination of MGRMC's management contract, the partnerships directed MGRMC to turn over management of their properties no later than January 1, 2008. MGRMC, however, denied the authority of the majority partners to act on behalf of the partnerships, refused to turn over the partnerships' books, records, accounts, and other property, and continued to seek to exercise control over the partnerships' tenant relationships, and general management of the properties. (Allan Reply Decl., ¶ 17).

For that reason, several of the partnerships, including 82nd-83rd Street Venture, commenced an action against MGRMC to enjoin it from attempting to control the partnerships' properties. By order dated March 21, 2008, the New York County Supreme Court enjoined MGRMC from taking any action on behalf of the partnerships or holding itself out as the agent of the partnerships, and directed MGRMC to turn over the partnerships' books, records, keys and other property to the partnerships. (Buckey Reply Decl. Ex. A at 9-10).   The court confirmed that the majority partners had validly exercised their right, under New York Partnership Law Section 40(8), to determine ordinary matters connected with the partnership business, including the removal of the managing agent for the partnerships' properties. (Id. at 6.).   MGRMC has appealed the preliminary injunction to the Appellate Division, First Department.   MGRMC moved for a stay of the preliminary injunction during the pendency of its appeal, but that motion was denied by Order of the Appellate Division dated April 15, 2008.  (Buckey Reply Decl., Ex. B).

MGRMC has continued to disregard the authority of the partnership and the termination of its agency.  In fact, MGRMC recently commenced an eviction proceeding against a tenant in the property owned by 82nd-83rd Street Venture without the authorization of the partnership.  At no point had the majority of the partnership interest in 82nd-83rd Street Venture authorized commencement of this proceeding.   The majority interests object to prosecution of this proceeding.  Compounding MGRMC's brazen disregard for the authority of the partners is MGRMC's refusal to inform the partners as to substantive matters involving the tenant. MGRMC never disclosed to the partnership it had previously made a lease  proposal to the tenant on December 13, 2007 – the partnership received a copy of the proposal *from the tenant on April 8, 2008*. (Minskoff Reply Decl., ¶¶ 10-11).

6

The minority partners in the partnerships—MGRMC's principals and their allies—have now commenced three actions in this Court, along with two other actions pending in state court, to dissolve the partnerships. The minority partners seek a judicial decree of dissolution of each partnership. They also seek an order enjoining the majority from managing the partnerships and appointing MGRMC to manage the partnerships' properties, and making them solely responsible for winding-up the partnerships. Lastly, they seek an accounting of the partners' interests and a plan to liquidate and distribute the partnerships' assets. (See Complaint; Opp. Br., at 13-18).

In this particular case, Plaintiff (having a minority interest in Court-Martine) resists the majority partners' authority to make decisions for the partnerships, to terminate MGRMC's agency, or to retain an independent, third-party managing agent. Plaintiff asserts that the majority partners never actually elected to terminate MGRMC (56.1 Counterstatement ¶ 33) even though its principal participated in duly-noticed partnership meetings in November 2007 where the majority expressly made the determination to do so. Specifically, by majority vote, the partnership resolved to "hire Armstrong Realty Management effective January 1st of 2008" and "instruct Minskoff Grant to turn over to Armstrong all of the partnership assets, records, monies, keys, all partnership documents in their possession by the end of the year December 31st, 2007." (Breede Aff., Ex. A at 11 (motion) and 15 (vote)).

**ARGUMENT**

**POINT I**

**PLAINTIFF'S CROSS-MOTION FOR
SUMMARY JUDGMENT SHOULD BE DENIED**

**A.    Plaintiff's Motion is Premature; Issue Has Not Been Joined and No
Discovery Has Taken Place.**

The Second Circuit has warned that only "in the rarest of cases may summary judgment be granted against a [party] who has not been afforded the opportunity to conduct discovery." Hellstrom v. U.S. Dep't of Veterans Affairs, 201 F.3d 94, 97 (2d Cir.2000). Indeed, the Second Circuit has routinely denied motions for summary judgment as premature where the nonmoving party has not had an opportunity to conduct discovery. See, e.g., Berger v. United States, 87 F.3d 60, 65 (2d Cir.1996) (quotations omitted); Sutera v. Schering Corp., 73 F.3d 13, 18 (2d Cir.1995). Denial of summary judgment under such circumstances is appropriate because the "nonmoving party should not be 'railroaded' into his offer of proof . . . The nonmoving party must have had the opportunity to discover information that is essential to his opposition to the motion for summary judgment." Trebor Sportswear Co. v. The Limited Stores, Inc., 865 F.2d 506, 511 (2d Cir. 1989) (quotations and internal citations omitted). Here, Plaintiff has moved for summary judgment on both of its claims before Defendants have even answered the complaint, and before any discovery has taken place. The primary "fact" upon which Plaintiff relies is actually a loose characterization of the partnership's operations—the "sharp discord regarding the way in which to conduct the Partnership's affairs." (see Plaintiff's Local Rule 56.1 Statement, ¶ 3). Critically, Plaintiff does not offer any evidence that discord among the partners has had an adverse impact on the partnership's affairs or that an actual deadlock among the partners exists. This failure is fatal to Plaintiff's motion for summary judgment because, as demonstrated in Point I (B), judicial

dissolution pursuant to Partnership Law § 63(1) is not warranted unless the acts complained of directly affect the partnership's operations.  Moreover, having not joined issue in this action, Defendants have had no opportunity to conduct any discovery and cannot be "railroaded" into their offer of proof at this early stage.  Therefore, Plaintiff's motion for summary judgment is premature and should be denied.

A grant of summary judgment in favor of Plaintiff would be especially unfair because Defendants intend to assert related counterclaims and affirmative defenses based upon, among other things, Plaintiff's breach of fiduciary duty and unclean hands.  Because Plaintiff's claims and defenses would be "inextricably interwoven with and inseparable from the issues raised in the [P]laintiff's [C]omplaint," granting summary judgment at this early procedural stage would be improper.  Crystalline H2O, Inc. v. Orminski, 105 F.Supp.2d 3, 9 (N.D.N.Y., 2000) (denying plaintiff's motion for summary judgment because defendants had not yet had the opportunity to commence discovery with respect to either plaintiff's claims or their own counterclaims), quoting  Boston Concessions Group, Inc. v. Criterion Ctr. Corp., 200 A.D.2d 543, 606 N.Y.S.2d 696, 697 (1st Dep't 1994).

## B.      Plaintiff Has Not Established a Basis for a Judicial Decree of Dissolution.

The judicial dissolution of a partnership, the remedy sought by Plaintiff, is a drastic remedy.   Drucker v. Mige Assoc. II, 225 A.D.2d 427, 429 639 N.Y.S.2d 365 (1st Dep't 1996) (noting that judicial dissolution is a "rarely invoked" remedy); Skolny v. Richter, 139 A.D. 534, 536-37, 124 N.Y.S. 152 (1st Dep't 1910) ("A dissolution is the most far-reaching and radical remedy between partners, and a court of equity will not force partners into a dissolution if justice can be done without resorting to this extreme step"); Josephthal v. Gold, 104 Misc. 137, 171 N.Y.S. 1041 (Sup. Ct., New York County 1918) (refusing to authorize the "drastic remedy" of

dissolution where, despite atmosphere of "suspicion, mistrust, ill-feeling, [and] estrangement" the business continued to operate profitably). Generally, "dissolution will not be decreed except for gross misconduct, lack of good faith or some cause which is productive of serious and *permanent injury to the partnership* concerned or renders it *impracticable to carry on the business.*" Skolny 39 A.D. at 536-37 (emphasis added); cited with approval, Jamie v. Jamie, 8 A.D.3d 88, 777 N.Y.S.2d 908 (1st Dep't 2004) (denying motion for summary judgment seeking judicial dissolution).

The specific grounds for judicial dissolution are set forth in N.Y. Partnership Law § 63. A judicial decree of dissolution is inappropriate unless at least one ground set forth under Partnership Law § 63 is sustained by actual proof. Couch v. Langan, 63 N.Y.2d 987, 473 N.E.2d 248 (1984) (reversing order dissolving partnership that was rendered after a trial, as proof presented sustained none of the grounds alleged in complaint for dissolution); Jamie, 8 A.D.3d at 88, 777 N.Y.S.2d at 908 (motion for summary judgment dissolving partnership was properly denied where plaintiffs met none of the statutory prerequisites for judicial dissolution). The only statutory ground raised by Plaintiff here is Partnership Law § 63 (1) (f), which allows dissolution when "circumstances render a dissolution equitable." Plaintiff claims that the circumstances of this case render a pre-joinder order of judicial dissolution equitable, based *solely* on the existence of "sharp discord" between the majority and minority partners of Court Martine Associates.

Plaintiff's claim should be rejected. Partnership Law § 63 and its various subdivisions are intended to permit a judicial decree of dissolution only "if the acts complained of directly [affect] the management of the partnership." Jones v. Jones, 15 Misc.2d 960, 962, 179 N.Y.S.2d 480, 483 (Supreme Ct., Kings Cty. 1958); see also In re Fazio Realty Corp., 10 A.D.3d 363, 781 N.Y.S.2d 118 (2d Dep't 2004) (analogously, in context of corporate proceeding under BCL §

1104 (a) (3), internal dissension and the existence of multiple factions in ownership were insufficient to warrant dissolution; deadlock was necessary before such relief could be granted). The cases cited by Plaintiff support this construction of the statute.  In Seligson v. Russo, 16 A.D.3d 253, 227 N.Y.S.2d 544 (1st Dep't 2005), for example, judicial dissolution was warranted because there was a 50-50 deadlock between the parties, resulting in the partnership's inability to make decisions.  Likewise, in Harshman v. Pantaleoni,  294 A.D.2d 687, 741 N.Y.S.2d 348 (3d Dep't 2002), dissolution under Partnership Law § 63(1)(f) was appropriate due to a deadlock among the partners resulting in the partnership's inability to sell its property.

Despite what the parties characterize as "sharp discord" among the partners here, there has not been a direct effect on the actual management of the partnership, let alone a "deadlock" preventing the partnership from conducting business.  Plaintiff is a minority shareholder with a 41.2% interest in the partnership, while Defendants have a collective 58.8% interest in the Partnership—41.2% held by 2220 Equities and 17.6% held by MYCA.  (R. Minskoff Decl., pp. 3-6).  Defendants are united in interest, represent a majority of the partnership, and can govern the partnership accordingly. Partnership Law § 40 (8) ("Any difference arising as to ordinary matters connected with the partnership business may be decided by a majority of the partners") see also Bishop v. Rubin, 228 A.D.2d 222, 224, 643 N.Y.S.2d 108 (1st Dep't 1996) ("The majority of the Partnership had every right  . . .to remove the managing agent").  Therefore, a judicial decree of dissolution would be inappropriate, as there has been no impact on the management of the partnership caused by Plaintiff's complaints.

In fact, the Northern District of New York refused to dissolve a family partnership *after a full trial* despite circumstances similar to, but much more contentious than, those alleged by Plaintiff in this case.  See Natoli v. Carriage House Motor Inn, Inc., 1988 WL 53397 (N.D.N.Y.

May 24, 1988). <u>Natoli</u> involved a familial dispute between two siblings, the plaintiff and defendant. The siblings had inherited substantial real property from their parents. The siblings owned a corporation and a partnership by which, among other things, they managed the properties. The defendant, Capone, actively managed both entities. The plaintiff, Natoli, sought judicial dissolution of the partnership under Partnership Law §§ 63 (1) (d) and (f), claiming that Capone willfully and persistently breached their partnership agreement and created circumstances that rendered dissolution equitable. <u>Natoli</u> also sought dissolution of the corporation on similar grounds, including Capone's alleged mismanagement of corporate assets.

After a full trial, the court found that while overseeing both the corporation and the partnership, Capone "treated [the] businesses as his sole property," (<u>Id.</u> at *3), used their assets to benefit himself and his three other business, and "blurred his concept of the lines of ownership for the businesses" despite their corporate and partnership forms. <u>Id.</u> He also transferred funds from the siblings' partnership to his other businesses without Natoli's consent, and without repaying any interest. <u>Id.</u> at *10-11. Nevertheless, the court concluded that the evidence did not establish "willful or persistent breaches of the partnership agreement" or "render a dissolution equitable." <u>Id.</u> at *11. The court also rejected the "drastic" remedy of dissolution of the corporation, noting that the corporation was healthy and dissolution "would be inequitable." <u>Id.</u> at *10.

Dissolution also would be inequitable in this case. The facts here are hardly as compelling as those in <u>Natoli</u>, where dissolution was denied after a full trial. There are no allegations or evidence of mismanagement on the part of Defendants, no allegations or evidence of self-dealing or the wrongful commingling of assets, and no allegations or evidence of voter-deadlock. <u>Contrast</u> <u>Seligson v. Russo</u>, 16 A.D.3d 253, 227 N.Y.S2d 544 (1st Dep't 2005)

(evidence of 50-50 deadlock preventing decision making warranted dissolution). The only evidence before the Court is the parties' characterization of a "sharp discord" between the majority and minority partnership interests. The mere existence of sharp discord between minority and majority partnership interests is not a basis for a judicial decree of dissolution, as it does not establish "serious and permanent injury to the partnership" or show that it is "impracticable to carry on the business." Skolny, 139 A.D. at 536-37. Accordingly, Plaintiff's motion for summary judgment should be denied.

### C.    The Alleged "At-Will" Status of the Partnership is Irrelevant.

Plaintiff also suggests that judicial dissolution under Partnership Law § 63 (1) is appropriate because Court-Martine Associates is a partnership at will. (See Plaintiff's Mem., p 13). Whether Court-Martine Associates is a partnership at will is irrelevant to Plaintiff's claims in this action, however, because Plaintiff is not claiming that the partnership already has been voluntarily dissolved. Rather, Plaintiff has sued for a *judicial decree* of dissolution, and the commencement of such an action does not constitute an election to voluntarily dissolve the partnership. See, e.g., Posner v. Posner, 280 A.D.2d 318, 319, 720 N.Y.S.2d 465, 466 (1st Dep't 2001); Gerstein v. Teitelbaum, 273 A.D. 886, 77 N.Y.S.2d 502 (1st Dep't 1948); Jones v. Jones, 15 Misc.2d 960, 961, 179 N.Y.S.2d 480, 483 (Sup. Ct., Kings County 1958).

Judicial dissolution, the relief sought here, is warranted only if Plaintiff establishes one of the specific grounds for dissolution set forth in Partnership Law § 63. Melham v. Avrech, 146 A.D.2d 753, 754, 537 N.Y.S.2d 236 (2d Dep't 1989) (dismissing claim for dissolution where the plaintiff failed to establish at trial any of the grounds for dissolution under Partnership Law § 63 and there was no dispute as to the prior termination of the partnership). As demonstrated above, Plaintiff has not established any of the grounds for dissolution under Partnership Law § 63.

While judicial dissolution is sometimes warranted where there is a factual dispute as to whether a partnership actually exists, whether the partnership is at will, or the particular date of a prior dissolution (Carola v. Grogan, 102 A.D.2d 934, 477 N.Y.S.2d 525 (3d Dep't 1984) (refusing to order dissolution of a partnership)), Plaintiff has neither alleged nor proven that there is any such dispute in this case.[1]

**POINT II**

**DEFENDANTS' MOTION TO DISMISS FOR FAILURE
TO JOIN AN INDISPENSIBLE PARTY SHOULD BE GRANTED**

As demonstrated in Defendants' initial submission, 82nd-83rd Street Venture and its absent partners are necessary and indispensable parties because they have a genuine and material interest in the subject matter of the lawsuit. Fed.R.Civ.P. 19. Since they cannot be unfairly bound by any determinations as to property value made during the course of this litigation, their omission wastes judicial time and resources, creating the potential for duplicative and fruitless litigation. The omission of 82nd-83rd Street Venture and its absent partners from this lawsuit also renders the relief sought, namely, an accounting of the partnership assets, impossible for the Court to grant since it is well-settled that all partners are necessary parties to an accounting. Teitelbaum v. Wagner, 2003 WL 402794, *3 (S.D.N.Y. Feb. 20, 2003); Goodwin v. MAC Resources, Inc., 149 A.D.2d 666, 667, 540 N.Y.S.2d 477, 478 (2d Dep't 1989).    Further, as

---

[1] Plaintiff's claims in this litigation are fatally inconsistent. On the one hand, Plaintiff contends that Court-Martine is a partnership at will that may be dissolved upon the act of any partner. Plaintiff's Mem., p. 13; Partnership Law § 62(1)(b); Harshman, 294 A.D.2d at 687, 741 N.Y.S.2d at 349; see also Carola, 102 A.D.2d at 935, 477 N.Y.S.2d at 526 (finding that partnership at will was dissolved upon the withdrawal of a partner). On the other hand, Plaintiff claims that this Court should order dissolution pursuant to Partnership Law § 63(1) based on a purported deadlock among the partners. To the extent Plaintiff is unwilling to dissolve Court-Martine by voluntarily withdrawing from the partnership, Plaintiff should not be allowed to use this Court to order the dissolution, particularly since Plaintiff has failed to allege, much less prove, any of the grounds for judicial dissolution under Partnership Law § 63(1). It is clear Plaintiff only commenced this action because it is unhappy that MRGMC's management agreement has been terminated.

14

absent parties claiming an interest in the at-issue property, 82nd-83rd Street Venture and its partners indisputably are necessary parties since Plaintiff's claims seek relief affecting the management of ownership of the property.  Haas v. Jefferson National Bank of Miami Beach, 442 F.2d 394, 398-99 (5th Cir. 1971).

As Defendants also previously demonstrated, the joinder of 82nd-83rd Street Venture and its absent partners would destroy diversity jurisdiction because they are citizens of Connecticut, Florida, and Idaho, and Plaintiff Scorpio 8283 LLC is also a citizen of Connecticut.  28 U.S.C.A. § 1332(a)(1) (*complete* diversity is required for subject matter jurisdiction to attach); Colon v. Bernabe, 07-CV-3369, 2007 WL 2068093, at *2 (S.D.N.Y. July 19, 2007) (diversity jurisdiction was lacking where both plaintiff and defendant were citizens of New York).  Because the joinder of 82nd-83rd Street Venture and its absent partners is necessary, but their inclusion would destroy this Court's jurisdiction, the complaint must be dismissed in its entirety.

While Plaintiff concedes that the joinder of Ms. Minskoff-Essenfeld, a Connecticut citizen with an interest in 82nd-83rd Street Venture, would destroy diversity, it urges the Court to take a flexible approach with respect to joining an indispensable party.  Plaintiff argues that since some of the partners of 82nd-83rd Street Venture are already parties to this lawsuit, representing 82nd-83rd Street Venture's interests, it is unnecessary to join 82nd-83rd Street Venture or the absent partners.  This argument is entirely unavailing.

As Plaintiff admits, the interests of Ms. Minskoff-Essenfeld and the 82nd-83rd Street Venture are entirely intertwined with the issues litigated in this lawsuit.  Since Court-Martine owns 75% of 82nd-83rd Street Venture, any negative judgment against Court-Martine in this action would heavily impact 82nd-83rd Street Venture and its partners.  To the extent judicial dissolution of Court-Martine, a partner in 82nd-83rd Street Venture, might result in the

dissolution of the 82nd-83rd Street Venture partnership (see N.Y. Partnership Law § 60; Gardiner Intern., Inc. v. J.W. Townsend & Associates, Inc., 13 A.D.3d 246, 788 N.Y.S.2d 312 (1 Dep't 2004); Breidbart v. Wiesenthal, 10 A.D.3d 346, 781 N.Y.S.2d 123 (2nd Dep't 2004); Bitetto v. F. Chau & Associates, LLP, 10 Misc.3d 595, 807 N.Y.S.2d 260 (Sup. Ct. 2005)), it would *directly* affect the partnership status of 82nd-83rd Street Venture and its partners.    Even if judicial dissolution of Court Martine would not result in dissolution of 82nd-83rd Street Venture, it would still result in the realignment of the ownership interests in 82nd-83rd Street Venture. Further, the "discord" among partners that Plaintiff purportedly seeks to address here would still survive with respect to the 82nd-83rd Street Venture, Court Martine's primary asset. [2]  Therefore, 82nd-83rd Street Venture and its partners are necessary and indispensable parties.

Plaintiff argues in the alternative that, even if 82nd-83rd Street Venture and its absent partners are necessary parties, none of the factors listed in Rule 19(b) require dismissal of the action where, as here, joinder is not feasible.  To the contrary, the first factor to be considered by the Court under Rule 19(b) – "the extent to which the judgment rendered in the person's absence might prejudice that person or the existing parties" – weighs heavily in favor of dismissal.  If the Court grants the relief requested by Plaintiff, 82nd-83rd Street Venture and its absent partners would be required to transfer management of the real property to MGRMC.  Thus, 82nd-83rd Street Venture and its absent partners would face significant hardship in the event that the Court grants the relief requested by Plaintiff.  Accordingly, because 82nd-83rd Street Venture and its

---

[2]  The cases cited by Plaintiff are wholly inapplicable.  Although they cite the correct standard for determining whether a party is necessary, as briefed earlier by Defendants, none of them present partnership disputes with factual issues analogous to the instant case.  See Tele-Guia Talking Yellow Pages v. Cablevision Systems, Corp., 07-CV-3948, 2007 WL 3224573 (S.D.N.Y. Oct. 31, 2007) (patent infringement claims); Merrill Lynch & Co. Inc. v. Allegheny Energy, Inc., 500 F.3d 171 (2d Cir. 2007) (contract claims); Universal Reinsurance Co. v. St. Paul Fire & Marine Ins. Co., 312 F.3d 82 (2d Cir. 2002) (contract claims); Mattera v. Clear Channel Communications, Inc., 239 F.R.D. 70 (S.D.N.Y. 2006) (employment wage claims).  Plaintiff fails to cite a single case in which a Court has refused to consider a party with a genuine and material partnership interest in the subject matter of the lawsuit indispensable.

absent partners are necessary and indispensable parties, and joinder would destroy this Court's jurisdiction, Plaintiff's complaint must be dismissed in its entirety.

**POINT III**

**PLAINTIFF'S SECOND CAUSE OF ACTION SHOULD BE DISMISSED AND ITS RELATED MOTION TO BE APPOINTED WINDING-UP PARTNER SHOULD BE DENIED**

Through its second cause of action, Plaintiff asks that it be appointed "winding-up" partner so that it can manage the affairs of the partnership until it is completely terminated. As related relief, Plaintiffs seek to enjoin Defendants from managing the property in the interim. Defendants have moved to dismiss this claim because it fails to state a cause of action.    In response to that motion, Plaintiff has cross-moved to, among other things, be appointed winding-up partner.   For the reasons discussed below, not only should Plaintiff's request to be appointed winding-up partner be denied, its entire second cause of action should be dismissed.

**A.     Plaintiff Admits that it Has No Claim for Injunctive Relief.**

Defendants, in their initial moving papers, established that Plaintiff's second cause of action does not state a claim for injunctive relief because, among other things, it does not sufficiently allege the elements of irreparable injury, or wrongful conduct by Defendants. (Memorandum of Law in Support of Defendant MYCA, LLC's and 2220 Equities Management Limited Partnership; Joint Motion to Dismiss the Complaint; pp. 16-22).   Plaintiff neither disputes this ground for dismissal nor argues that it has properly alleged the elements of injunctive relief.   It is thus undisputed that Plaintiff has failed to state a cause of action for injunctive relief, and that an order enjoining Defendants from managing the property would be inappropriate.   Inasmuch as an order enjoining Defendants (the majority partners) from

managing the property would be inappropriate, it logically follows that an order allowing Plaintiff (the minority partner) to manage the partnership's affairs also would be improper. Therefore, Plaintiff's second cause of action should be dismissed with prejudice and its request to be appointed winding-up partner should be denied.

### B.    Partnership Law § 75 Does Not Create an Independent Cause of Action.

Although Plaintiff admits that its second cause of action does not seek injunctive relief, it now contends that the claim seeks relief under Partnership Law § 75.    This argument cannot resuscitate Plaintiff's second cause of action.    Nothing in Partnership Law § 75 provides a party with a private right of action.    The statute merely permits the Court, in its discretion, "to authorize the partnership business to be continued, during the pendency of the action by one or more of the partners, upon their executing and filing with the clerk an undertaking . . ."    In other words, the statute allows a court to appoint one or more partners to continue the partnership's business, but it does not create an independent cause of action.    While an application for an order under Partnership Law § 75 can be made in a prayer for relief or by motion, it is simply not an independent cause of action.    Therefore, Plaintiff's second cause of action should be dismissed for failure to state a claim.

### C.    Plaintiff's Motion is Premature Because No Decree of Dissolution Has Been Rendered.

While it is within the Court's discretion to appoint a winding-up partner upon cause shown, a decree of judicial dissolution is a logical and statutory prerequisite to any such appointment.    There can be no question that the winding-up of a partnership's affairs can only occur *after* a decree of dissolution is entered.    See, e.g., Goergen v. Nebrich, 4 A.D.2d 526, 528, 167 N.Y.S.2d 491, 492 (4th Dep't 1957) ("judgment of dissolution of the partnership pursuant to Section 63 of the Partnership Law was properly granted.    It *remained*, therefore, the function of

18

the court to . . .supervise the winding-up of the partnership pursuant to Partnership Law Section 75") (emphasis added); see also, Partnership Law § 64 (dissolution terminates the authority of partners, except as is necessary to wind-up partnership affairs). Because no judicial decree of dissolution has been entered in this case, and no grounds for such a decree are in the record before the Court (see Point I (B)), any order appointing a "winding-up" partner would be premature. Therefore, Plaintiff's motion to be appointed "winding-up" partner should be denied.

**D.    To the Extent Judicial Dissolution is Deemed Appropriate, Plaintiff Should Not Be Appointed "Winding-Up" Partner.**

To the extent the Court concludes that a judicial decree of dissolution is appropriate, Plaintiff's application to be appointed "winding-up" partner should be denied. Plaintiff does not propose to manage the winding-up process itself, nor does it claim to have any independent expertise that qualifies it for the appointment. Plaintiff claims it would use a non-partner, MGRMC, to manage the winding-up process, and has submitted the affidavit of non-party Jean Minskoff Grant, the principal of MGRMC.

Plaintiff is attempting to reinstate MGRMC as the managing agent of the partnership even though MGRMC was already removed from that role by a majority vote of the partnership, and for good reason. MGRMC did not consult the majority partners or provide them with notice before making decisions about the partnerships' properties, did not provide them with sufficient information about the properties' affairs, and was unresponsive to the majority partners' questions, concerns and interests. (Minskoff Decl., ¶ 9). For years MGRMC refused to provide the majority partners with executed copies of its purported management agreements and refused to provide copies of leases and other important partnership records. (Allan Reply Decl., ¶¶ 7-14). MGRMC also has; (i) dominated and controlled the budgeting process for the partnerships; (ii) unilaterally increased the compensation paid to MGRMC; (iii) refused to document the

19

allocation of the operational costs to the partnerships and other properties owned by Grant and her family; and (iv) refused to allow the partners to participate in the management of the partnerships' cash accounts. (Minskoff Reply Decl., ¶ 5).

In connection with their termination of MGRMC's management contract, the partnerships directed MGRMC to turn over management of their properties no later than January 1, 2008. MGRMC, however, denied the authority of the majority partners to act on behalf of the partnerships, refused to turn over the partnerships' books, records, accounts, keys and other property, and continued to seek to exercise control over the partnerships' tenant relationships, finances, and general management of the properties. This forced the partnerships, including 82nd-83rd Street Venture, to commence an action against MGRMC to enjoin its continued unauthorized and unlawful attempt to control the partnerships' properties. On March 21, 2008, the Supreme Court of New York, New York County, issued an order enjoining MGRMC from taking any action on behalf of the partnerships or holding itself out as the agent of the partnerships, and directing MGRMC to turn over the partnerships' books, records, keys and other property to the partnerships. (Buckey Reply Decl. Ex. A at 9-10). Under New York law, preliminary injunctive relief was dependent upon a showing that MGRMC's continued management would result in irreparable harm. See, e.g., Aetna Casualty co. v. Capasso, 75 N.Y.2d 860, 552 N.Y.S.2d 918 (1990); Doe v. Axelrod, 73 N.Y.2d 748, 536 N.Y.S2d 57 (1988).

An example of this harm is the recent eviction proceeding commenced by MGRMC against a tenant in the property owned by 82nd-83rd Street Venture without any authorization of the partnership. The majority interests object to prosecution of this proceeding. (Minskoff Reply Decl., ¶¶ 10). Compounding this problem, MGRMC apparently made a lease proposal to the tenant on December 13, 2007. MGRMC never disclosed to the partners that it had made this

proposal – the partners received a copy of the proposal from the tenant on April 8, 2008.  There is no dispute that this eviction proceeding was not approved by 82nd-83rd Street's majority partners.  (Minskoff Reply Decl., ¶ 11).

To avoid any further risk of similar misconduct by MGRMC as against Court-Martine Associates, it is respectfully submitted that the Court should deny Plaintiff's application to be appointed winding-up partner under Partnership Law § 75, even if a decree of judicial dissolution is deemed appropriate.

## CONCLUSION

For the foregoing reasons, Defendant 2220 Equities Management Limited Partnership respectfully requests that the Court enter an Order (1) dismissing this action under Rules 12(b)(7) and 19(b) for failure to join an indispensable party, or, in the alternative, (2) dismissing Scorpio 8283 LLC's Second Claim for injunctive relief with prejudice; (3) denying Scorprio 8283 LLC's cross motion for (a) summary judgment on its first cause of action for a judicial decree of dissolution and (b) an order appointing the plaintiff as "winding-up partner;" and (4) granting such other and further relief as the Court deems just and proper.

Dated: Albany, New York
      April 17, 2008

                                WHITEMAN OSTERMAN & HANNA LLP

                        By:   _____
                                Philip H. Gitlen, Esq. (PG 9603)
                                Christopher C. Buckey, Esq. (CB 0187)
                                Williams S. Nolan, Esq. (WN 8091)
                                Counsel for Defendant 2220 Equities
                                      Management Limited Partnership
                                One Commerce Plaza
                                Albany, NY 12260
                                (518) 487-7600

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SCORPIO 8283, LLC,

                    Plaintiffs,

     -against-                                 Index No.: 08 CV 510 CLB
                                                       **FILED BY ECF**

MYCA, LLC and 2220 EQUITIES MANAGEMENT
LIMITED PARTNERSHIP,

                    Defendants.

---

## REPLY DECLARATION OF CHRISTOPHER E. BUCKEY IN FURTHER SUPPORT OF DEFENDANTS' JOINT MOTION TO DISMISS THE COMPLAINT AND IN OPPOSITION TO PLAINTIFF'S CROSS-MOTION

CHRISTOPHER E. BUCKEY affirms under penalties of perjury as follows:

1.      I am a member of the law firm of Whiteman Osterman & Hanna LLP, attorneys for Defendant 2220 Equities Management Limited Partnership ("2220 Equities"). As counsel for 2220 Equities, I am fully familiar with the facts set forth herein and the documents attached hereto.

2.      A true and accurate copy of the Order of the Supreme Court of New York, New York County, dated March 18, 2008 and issued in Post-Broadway, et al. v. Minskoff Grant Realty & Management Corporation, Index No. 08/600217 (N.Y. Sup. Ct.) (the "Post-Broadway Action") is attached to this Reply Declaration as **Exhibit "1"**.

3.      A true and accurate copy of the Order of the Appellate Division of the Supreme Court, First Department, dated April 15, 2008 and issued in connection with the application for a stay pending appeal in the Post-Broadway Action is attached to this Reply Declaration as **Exhibit "2"**.

4.      I declare the foregoing to be true and correct.


Dated: April 17, 2008
        Albany, New York

_____
CHRISTOPHER E. BUCKEY

# EXHIBIT "1"

SUPREME COURT OF THE STATE OF NEW YORK – NEW YORK COUNTY.

PRESENT: _Lowe_ _____     PART 36m

_Justice_

Post Broadway Associates     INDEX NO. _600217 68_
– et al

MOTION DATE _2/m/08_

– v –

MOTION SEQ. NO. _001_

Minshoff Grant Realty etal     MOTION CAL. NO. _____

The following papers, numbered 1 to _____ were read on this motion to/for _____

| | PAPERS NUMBERED |
|---|---|
| Notice of Motion/ Order to Show Cause – Affidavits – Exhibits ... | |
| Answering Affidavits – Exhibits | |
| Replying Affidavits | |

Cross-Motion:  ☐ Yes  ☑ No

Upon the foregoing papers, it is ordered that this motion

RECEIVED

MAR 2 1 2008

MOTION SUPPORT
OFFICE

_MOTION DECIDED IN ACCORDANCE_
_WITH ACCOMPANYING MEMORANDUM_
_DECISION_

FILED

MAR 2 1 2008

NEW YORK
COUNTY CLERKS OFFICE

MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE
FOR THE FOLLOWING REASON(S):

Dated: _3/18/08_ _____     _____ J.S.C.

Check one:  ☐ FINAL DISPOSITION   ☑ NON-FINAL DISPOSITION

Check if appropriate:  ☐ DO NOT POST   ☐ REFERENCE
MIJH1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK    IAS PART 56

---------------------------------------------------------X

POST BROADWAY ASSOCIATES,
a/k/a 59 SOUTH BROADWAY VENTURE,
77th QUEENS ASSOCIATES, 82nd 83rd STREET
VENTURE, HALSTEAD HARRISON AVENUE
VENTURES                                          Index No: 600217/08
                        *Plaintiff*
                                                  DECISION AND ORDER

-against-

MINSKOFF GRANT REALTY &
MANAGEMENT CORP.,

                        *Defendant*

---------------------------------------------------------X

RICHARD B. LOWE III, J:

This dispute arises out of the purported termination of Defendant as managing and leasing

agent of certain properties by Plaintiffs. In the Complaint, Plaintiffs seek, among other things,

declaratory relief that Plaintiff has terminated its principal-agency relationship with Defendant.

Plaintiff now moves pursuant to CPLR 6301 and 6311 to restrain Defendant from taking action

on behalf of Plaintiffs, among other things.[1]

BACKGROUND

*The Partnerships*

Plaintiffs Post Broadway Associates ("Broadway"), 77th Queens Associates ("77th

Queens"), 82nd 83rd Street Venture ("82nd 83rd"), and Halstead Harrison Avenue Ventures

("Halstead") are New York partnerships (collectively referred to as the "Partnerships"). Each

---

[1] A Consent Order, dated February 5, 2008, resolved Plaintiffs' application for preliminary
injunctive relief with respect to Post Broadway Associates a/k/a 59 South Broadway Venture.

1

partnership owns or leases property (the "Properties") rented to various tenants

### The Managing Agent

Minskoff Grant Realty & Management Corp. ("Minskoff") has acted as the managing and exclusive leasing agent for each of the Properties pursuant to agreements between Minskoff and the Partnerships. Minskoff negotiated leases for space on the Properties, billed tenants for rents due on leases, received payment of rents from tenants, held money in a bank account over which Minskoff had the power to disburse funds, and was responsible for the operation and maintenance of the Properties and the payment of related bills.

Jean Minskoff Grant ("Grant") is the Chief Operating Officer ("COO") of Minskoff. However, in addition to being the COO of Minskoff, Grant holds interests in two of the Partnerships. Grant owns a direct partnership interest in Halstead and an indirect partnership interest in 77th Queens.

### The Purported Termination

At a meeting held after notice was given to all partners, the holders of the majority interest in each of the Partnerships determined that (1) effective January 1, 2008, each partnership would hire Armstrong Realty Management Corp. ("Armstrong") to manage the Properties owned or leased by the Partnerships, and (2) that the Partnerships would instruct Minskoff to (a) cease, effective immediately, all leasing activities for the Properties, and (deliver to Armstrong all partnership assets, keys, records and documents concerning the Properties. The Partnerships thereafter revoked any agency agreement between a partnership and Minskoff.

### The Continuing Representation

Minskoff refused to recognize that its agency had terminated and the Partnerships no

longer wished to have Minskoff act as managing or leasing agent for, or to take action with

respect to, any of the Properties.

In response to a letter from the Partnerships, Minskoff stated that because a principal of

Minskoff, Grant, was also a partner in two of the Partnerships and held a minority interest in such

entities, Minskoff would continue to act as managing and leasing agent for the three properties

owned by a partnership in which she held an interest.

Minskoff has not ceased its activities with respect to the Properties. Minskoff continues

to act as leasing agent, collect rents from tenants, and exercise control over the bank accounts of

the Partnerships.

Plaintiffs assert that the actions of Minskoff have prevented Armstrong from managing

the Properties. The required documents and property have not been turned over to the

Partnerships or Armstrong. Thus, Plaintiffs argue, Armstrong does not have access to the books

and records that it needs to manage the Properties.

In their Complaint, Plaintiffs assert causes of action for declaratory and injunctive relief

(first cause of action), and for conversion and replevin (second cause of action). Plaintiffs now

move pursuant to CPLR 6301 and 6311 for an order restraining Minskoff (1) from taking any

action on behalf of any plaintiff or holding itself out as the managing or leasing agent with

respect to any of the Properties; (2) from taking any action to destroy or otherwise transfer any of

the books, records, documentation, keys, and other property concerning any of the Properties,

and (3) to turn over the aforementioned items.

DISCUSSION

*Motion for Preliminary Injunction*

3

*Likelihood of Success on the Merits*

The party seeking a preliminary injunction must demonstrate a probability of success on the merits, danger of irreparable injury in the absence of an injunction and a balance of equities in its favor (*Nobu Next Door, LLC v Fine Arts Hous., Inc.*, 4 NY3d 839, 840 [2005]).

Here, Plaintiffs seek declaratory relief that any agency relationship between a partnership and Minskoff has terminated (Banks Affirmation Ex 1 ¶27, 28).

"It is well settled that    a principal has the power to revoke at any time his agent's authority to represent him" (*Wilson Sullivan Co. v International Paper Makers Realty Corp.*, 307 NY 20 [1954]).

Generally, Plaintiffs allege that each of the four partnerships terminated its principal agent relationship with Minskoff, that Minskoff refuses to recognize the termination, continues to take actions with respect to the properties, fails to provide Plaintiffs with books and records necessary for the new managing and leasing agent to perform its duties (See Banks Affirmation Ex 1 ¶2).

The Complaint alleges that the majority interest holders in each of the Partnerships determined that each would hire Armstrong to manage the Properties (Banks Affirmation Ex 1 ¶ 18; Ex A), each of the Partnerships then revoked the agency agreement with Minskoff (Banks Affirmation Ex 1 ¶ 19), each of the Partnerships wrote to Minskoff advising Minskoff that its authority as managing and leasing agent had terminated (Banks Affirmation Ex 1 ¶ 21, Ex C).

Minskoff argues that New York Partnership law prevents partners from imposing a management company on the partnership over the objection of other partners (Mem in Opp at 13). Minskoff cites *Krulwich v Posner* for the general proposition that "the law bestows on each

4

partner the 'right to participate in the management' of the partnership" (291 AD2d 301, 303 [1st Dept 2002], citing Partnership Law § 50(c)).

Additionally, Minskoff cites *Northmon Inv. Co. v Milford Plaza Assocs.*, in which the Appellate Division held that a partner's authority to bind the partnership to transactions apparently in the ordinary course of the partnership's business does not affect the right of partners as between themselves to prevent contemplated transactions with third parties, or otherwise to assert their "equal rights in the management and conduct of the partnership business" (284 AD2d 250, 251 [1st Dept 2001] [the binding partners lacked authority to enter into a 99 year lease of real property]). Expressing a partner's rights in stronger terms, the court stated that a partner's right "to interfere with [an extant] contract or prospective contract involving the partnership is 'absolute' and 'privileged, excusable and justified'" (*Id*.)

However, Minskoff attempts to argue that the proposition - "that it is deemed contrary to public policy for a principal to have an agent forced upon [it] against [its] will" - supports Minskoff's argument that Grant should not be imposed with having Armstrong as the managing agent over her objections (*see Smith v Conway*, 198 Misc 886 [Supt Ct, New York County 1950]). However, the distinction here is that Grant is not the principal with respect to Armstrong, the managing agent. Rather, each of the Partnerships is the principal in relation to Armstrong. Thus, Grant stands outside the principal-agent relationship in *Smith* because Grant is merely a partner of a partnership, which, in turn, is a principal of the managing agent (*see cf G.K Alan Assoc., Inc v Lazzari*, 2007 NY Slip Op 6019, *5 [2d Dept 2007] ["A corporation and its shareholder are separate legal persons. Therefore, the agent of a corporate principal is not, merely by virtue of the agency relationship with the corporation, an agent of a shareholder of the

5

corporate principal."]).

Moreover, the proposition cited in *Smith* is inapposite because the Partnerships, by majority vote, seek to install Armstrong as the managing agent instead of opposing it. Indeed, if the Court were to reverse Minskoff's argument upon Minskoff, this Court would be compelled to prevent Grant from forcing a management company, namely Minskoff, on the Partnerships against the will of the majority in interest. Accordingly, even if the proposition in *Smith* were to apply, the proposition would apply to the Partnerships, not Grant, vis-a-vis Armstrong.

New York Partnership Law § 40(8) states that "any difference arising as to ordinary matters connected with the partnership business may be decided by a majority of the partners; but no act in contravention of any agreement." In *Bishop v. Rubin*, the court held that the "majority of the partnership had every right to remove its managing agent for cause, which included assertions of precipitous decline in rental income, overcharges and selective failures to charge certain tenants, overcharging the partnership for management fees and personal expenses, and conflicts of interest, *inter alia*" (228 AD2d 222, 224 [1st Dept 1996] [citing NY Partnership Law ¶¶ 40(5) and 40(8)). Further, the court explained that the minority partner "could lay claim to no more than its nominal 35% interest, which would have been insufficient to block a removal resolution by majority vote" (*id*). Thus, Section 40(8) resolves the apparent stalemate, resulting from the differences between Plaintiffs and Minskoff, in favor of the majority in interest (*see id.*).

Accordingly, based on Plaintiffs' allegations and supporting papers, this Court finds that Plaintiffs sufficiently demonstrate a likelihood of success on the merits with respect to its claim for declaratory relief.

*Irreparable Harm*

6

Plaintiffs argue that they will face irreparable injury without injunctive relief because if Minskoff continues to hold itself out as the managing and leasing agent for the partnerships, Minskoff may bind the partnerships with long term leases that the partnerships object to. Additionally, relationships with tenants may suffer if tenants are uncertain as to the identity of the actual managing and leasing agent.

Minskoff argues that Plaintiffs' grounds for irreparable harm are speculative and conclusory, and, therefore, insufficient to satisfy this prong for a preliminary injunction (*but see American Home Assur. Co. v Stor Tech. Risks Agency, Inc.*, 2006 NY Slip Op 50169U, *5 [Sup Ct, New York County 2006 Cahn, J.] [holding that the possible harm to reputation satisfies the prong of irreparable harm]).

Irreparable harm exists where an award for monetary damages is not adequate compensation (*see Credit Agricole Indosuez v Rossiyskiy Kredit Bank*, 94 NY2d 541, 544-45 [2000]; *Credit Index, L.L.C. v Riskwise Intl*, L.L.C., 282 AD2d 246, 247 [1st Dept 2001]; *SportsChannel Am. Assocs. v National Hockey League*, 186 AD2d 417, 418 [1st Dept 1982])

Here, in the absence of injunctive relief, irreparable harm may result because Plaintiffs show that it will lose managing and leasing control over its Properties pending trial (*see Suchodolski Assocs. v Cardell Fin. Corp.*, 2003 U.S. Dist. LEXIS 24933, *12-13 [SDNY 2003] ["The dilution of a party's stake in, or a party's loss of control of, a business constitutes irreparable harm."]). With management and leasing control over the Properties Minskoff could bind the Partnerships to undesirable arrangements, including leases with extended terms, low rental rates and/or other unfavorable terms. In addition, continued management by an unauthorized and terminated agent threatens injury to the goodwill and reputation associated with

7

the Properties.

Accordingly, the Court finds that Plaintiffs sufficiently demonstrate irreparable harm.

*Balance of the Equities*

Lastly, Plaintiffs argue that a balance of the equities weighs in its favor because a terminated agent does not suffer much harm as a result of an injunction.

Minskoff argues that Plaintiffs breached their duty of candor to their fellow partners with respect to the retention of Armstrong, that Plaintiffs have made no claims that Minskoff has performed deficiently, and that a change in property management would be disruptive in connection with certain dissolution proceedings. The Court finds these arguments contradicted by the record, unavailing and without basis in law, respectively.

In *American Home*, the petitioner sought an injunction barring the respondent from entering into a reinsurance agreement on petitioner's behalf (2006 NY Slip Op at *5 6). The court held that, under the circumstances of the case, the respondent opposing injunctive relief would not suffer as much harm from injunctive relief as the petitioner would suffer from the absence of the same (*id*). While the respondent could have continued to represent other reinsurers even if injunctive relief was granted, the petitioner would be bound by its agent's actions in the absence of injunctive relief (*id*). Similarly, granting relief in favor of Plaintiffs here would cause less harm to Minskoff than to Plaintiffs.

Here, Plaintiffs demonstrate a likelihood of success on its claim that the activities of Minskoff were in violation of the Partnerships' determinations to terminate the agency relationship with Minskoff. Plaintiffs also demonstrate irreparable harm in the absence of injunctive relief if Minskoff continues to have managing and leasing control

8

Accordingly, in view of the reasoning above, Plaintiffs' likelihood of success on its claim for declaratory relief and the irreparable harm that would result absent injunctive relief, the Court finds that the balance of equities tips sufficiently in Plaintiffs' favor as to warrant an injunction pending an adjudication of its claims.

## CONCLUSION

Therefore, based on the foregoing it is hereby

ORDERED that the undertaking is fixed in the sum of $ 20,000.00 conditioned that the Plaintiffs, if it is finally determined that it was not entitled to an injunction, will pay to the defendant all damages and costs which may be sustained by reason of this injunction; and it is further

ORDERED that Defendant Minskoff Grant Realty & Management Corp., its agents, servants, employees and all other persons acting under the jurisdiction, supervision and/or direction of Defendant, are enjoined and restrained, during the pendency of this action, from doing or suffering to be done, directly or through any attorney, agent, servant, employee or other person under the supervision or control of Defendant or otherwise, any of the following acts: (A) from taking any action on behalf of any Plaintiff (77th Queens Associates, 82nd 83rd Street Venture, Halstead Harrison Avenue Ventures) or with respect to any property owned by a Plaintiff (116 02/32 Queens Boulevard, Forest Hills, New York; 39 45 Court Street/167-183 Martine Avenue, White Plains, New York; and 270-78 Halstead Avenue, Harrison, New York) or holding itself out as the leasing or managing agent with respect to any of these properties pending the Court's determination of the claim by Plaintiffs for a Declaratory Judgment that the agency relationship between each plaintiff and Defendant has terminated and that Defendant may

9

no longer act or hold itself out as the managing or leasing agent of the property owned by a

Plaintiff; (B) from taking any action to destroy or otherwise transfer any of the books, records,

documentation, keys, and other property concerning 116-02/32 Queens Boulevard, Forest Hills,

New York; 39-55 Court Street/167-183 Martine Avenue, White Plains, New York, and 270-78

Halstead Avenue, Harrison, New York set forth on Exhibit D attached to the Verified Complaint

that is in the possession, custody or control of Defendant, its officers, directors, agents or

employees; and (C) to turn over said items to Plaintiffs so that each Plaintiff can effectively

manage the property it owns or leases

Dated: March 18, 2008

ENTER:

J.S.C.

FILED

MAR 21 2008

NEW YORK
COUNTY CLERKS OFFICE

10

# EXHIBIT "2"

At a Term of the Appellate Division of the Supreme
Court held in and for the First Judicial Department in
the County of New York on April 15, 2008.

Present - Hon. Peter Tom,              Justice Presiding,
              Angela M. Mazzarelli
              Milton L. Williams
              John W. Sweeny, Jr.,      Justices.

----------------------------------------x
Post Broadway Associates, also known
as 59 South Broadway Venture, et al.,

        Plaintiffs-Respondents,

        -against-                              M-1656
                                         Index No. 600217/08

Minskoff Grant Realty & Management
Corp.,

        Defendant-Appellant.
----------------------------------------x


        An appeal having been taken to this Court from the order of
the Supreme Court, New York County, entered on or about March 21,
2008,

        And defendant-appellant having moved for a stay of the order
pending hearing and determination of the aforesaid appeal,

        Now, upon reading and filing the papers with respect to the
motion, and due deliberation having been had thereon,

        It is ordered that the motion is denied, and the interim
relief granted by an order of a Justice of this Court dated
March 25, 2008, is vacated.

                              ENTER:

                                                  Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SCORPIO 8283 LLC, | : |
| Plaintiff, | : |
| | : |
| | : No. 08 CV 510 (CLB) |
| -against- | : **FILED BY ECF** |
| | : |
| MYCA, LLC and 2220 EQUITIES MANAGEMENT | : |
| LIMITED PARTNERSHIP, | : |
| | : |
| Defendants. | : |
| | : |

## REPLY DECLARATION OF ALAN MINSKOFF
## IN FURTHER SUPPORT OF DEFENDANTS' JOINT MOTION TO DISMISS THE
## COMPLAINT AND IN OPPOSITION TO PLAINTIFF'S CROSS-MOTION

ALAN MINSKOFF , being duly sworn, deposes and says:

1.      I am a general partner of 2220 Equities Management Limited Partnership, a New

York limited partnership.  2220 Equities is a partner in and owns a 41.2% partnership interest in

Court-Martine Associates, the New York general partnership that plaintiff Scorpio 8283 LLC

("Scorpio") seeks to dissolve in the above-captioned litigation.  My wife, Royanne Minskoff, and

I also are partners in 82nd-83rd Street Venture, owning a 7.8125% partnership interest.  The

statements in this declaration are based on my own personal knowledge.  I am over the age of

majority and competent to testify to the matters described herein.

2.      Court-Martine's primary asset is a 75% partnership interest in a second

partnership known as 82nd-83rd Street Venture.  82nd-83rd Street Venture owns and operates

commercial real estate located at 167–183 Martine Avenue and 39–55 Court Street in White

Plains, New York (the "Property").

3.      MYCA, LLC ("MYCA") also is a partner in both Court-Martine Associates,

owning a 17.6% partnership interest, and 82nd-83rd Street Venture, owning a 6.25% partnership

interest. Thus, 2220 Equities and MYCA together own a majority of the partnership interests (58.8%) in Court-Martine Associates. Court-Martine Associates, Royanne Minskoff and I, and MYCA together control a majority of the partnership interests (89.06%) in 82nd-83rd Street Venture.

4.      As set forth in the February 28, 2008 Declaration of Royanne Minskoff, on November 30, 2007, a majority of the partnership interests in five family partnerships where 2220 Equities, MYCA or their respective principals hold a majority of partnership interests, including 82nd-83rd Street Venture, decided to hire Armstrong Realty Management ("Armstrong") to manage the properties owned by the partnerships effective January 1, 2008. Armstrong is an independent, third-party managing agent.

5.      The partnerships elected to replace Minskoff Grant Realty & Management Corporation ("MGRMC"), which is operated by my sister, Jean Minskoff Grant and her husband (who are also partners in family real estate partnerships, either directly or through entities they control), due to MGRMC's conflicted property management and self-dealing and its refusal to recognize the authority of the majority partners to act on behalf of the partnerships. Examples of the conflicted management and refusal to recognize the authority of the majority partnerships, include, but are not limited to: (A) MGRMC's control of the budgeting process for the partnerships; (B) MGRMC's unilateral action in increasing its compensation and allocating the costs of its management business to the partnerships: and (C) MGRMC's control of the partnerships' cash accounts.

6.      MGRMC has regularly adopted annual budgets for the partnerships before the budgets actually are reviewed by the partners. MGRMC obliterates the line between the role of Jean Minskoff Grant and her allies as minority partners in the partnerships and the conflicting

interests of the managing agent by treating budgets proposed by MGRMC as already approved by the partnerships and consistently refusing requests from the partners to modify items within the budgets.

7.    MGRMC also has ignored the partnerships' authority by increasing its compensation for management of the properties. On several occasions, MGRMC increased the management fees and leasing commissions paid to MGRMC without the approval of the partnerships.

8.    MGRMC also prevents the partnerships from controlling operational costs for the properties. MGRMC employs 55 Church, LLC for on-site management of the properties owned by the partnerships and other properties owned by Jean Minskoff Grant, her husband and/or other family members. Upon information and belief, Grant owns 55 Church, LLC and neither 2220 Equities nor MYCA, or the respective principals, own an interest in 55 Church, LLC. MGRMC allocates the payroll costs of 55 Church, LLC among the partnerships' properties and the properties owned by Grant and her family. MGRMC has consistently refused to provide information as to the calculation for the allocation of the costs to the partnerships' properties and the other properties owned by Grant and her family. Thus, MGRMC has effectively denied the partnerships the ability to determine whether the overall cost allocations are arbitrary. Similarly, MGRMC has refused to provide any supporting documentation to the partnerships relating to the actual hours worked or tasks performed by the employees of 55 Church, LLC

9.    MGRMC's control of the partnerships extends to the partnerships' cash accounts. MGRMC has insisted on managing the investment of the partnerships' accounts and charges the partnerships fees for such management. MGRMC has denied the partners the opportunity to

decide when or where the partnerships' accounts are opened and the manner in which the accounts are managed.

10.    MGRMC has continued to disregard the authority of the partnerships and the termination of its agency. In fact, MGRMC recently commenced an eviction proceeding against a tenant in the property owned by 82nd-83rd Street Venture without the authorization of the partnership. At no point had the majority of the partnership interests in 82nd-83rd Street Venture authorized commencement of this proceeding; in fact, the majority interests object to prosecution of this proceeding. Copies of the Notice of Petition and Petition relative to this eviction proceeding are attached to this Reply Declaration as **Exhibit "1"**.

11.    Compounding this brazen disregard for the authority of the majority of the partners is MGRMC's refusal to inform the partners as to substantive matters, including matters relating to this tenant. For example,, MGRMC previously made a lease proposal to the tenant on December 13, 2007. MGRMC never disclosed to the partners that it had made this proposal – the partners received a copy of the proposal *from the tenant on April 8, 2008*. A copy of the lease proposal is attached to this Reply Declaration as **Exhibit "2"**.

12.    Based upon MGRMC's refusal to acknowledge, much less respect, the authority of the majority of the partnership interests and its long history of conflicted management of the partnership's property and blatant self-dealing, the partnership would suffer a manifest injustice if the Court appointed MGRMC as a receiver of 82nd-83rd Street Venture.

13.    I declare under penalty of perjury that the foregoing is true and correct.

Executed:    April 17, 2008
             Boise, Idaho

                                        _Alan Minskoff_
                                        ALAN MINSKOFF

# EXHIBIT "1"



CITY COURT OF THE CITY OF WHITE PLAINS
COUNTY OF WESTCHESTER: STATE OF NEW YORK
------------------------------------------------------------------X

COURT-MARTINE ASSOCIATES,

              Petitioner-Landlord,

    -against-

CHERYL WASSERMAN
173 Martine Avenue
street level & basement underneath
White Plains, New York 10601, in the building
known as 167-183 Martine Avenue and 39-55
Court Street, White Plains, New York 10601,

              Respondent-Tenant,

    -and-

"JOHN DOE" and "JANE DOE",

          Respondents/Undertenants

the names of the undertenants being fictitious
and unknown to Petitioner, the persons intended
being in possession of the Premises hereinabove
described.
------------------------------------------------------------------X

**NOTICE OF PETITION**
(HOLDOVER)

Index No. SP 916/08

       To the Respondents above-named and described, in possession of the Premises

hereinafter described or claiming possession thereof:

       **PLEASE TAKE NOTICE,** that a hearing at which you must appear will be held at

the White Plains City Court, located at 77 South Lexington Avenue, White Plains, New

York 10601, on the **10th day of April, 2008,** at 9.30 A.M., on the annexed Verified

Petition of Court-Martine Associates ("Landlord" or "Petitioner"), verified on the 2nd day

of April, 2008, which prays for, inter alia, a Final Judgment of Possession and Warrant

of Eviction, awarding to Petitioner the possession of the Premises designated and

described as follows: street level commercial premises and basement space

underneath in the premises known as 173 Martine Avenue, White Plains, New York

G&F 809257.1

10601 (the "Premises"), in the building known as 167-183 Martine Avenue and 39-55 Court Street, White Plains, New York 10601, as depicted in the lease plan annexed to the Verified Petition annexed hereto and incorporated herein, and further granting to the Petitioner such other and further relief as is demanded in the Verified Petition annexed hereto

**PLEASE TAKE NOTICE**, that demand is made in the Petition for a monetary judgment against Tenant Cheryl Wasserman for use and occupancy fees owed to Petitioner for the holdover period of April 1, 2008 through and including the date Petitioner obtains possession of the Premises, together with costs, expenses and legal fees.

**PLEASE TAKE NOTICE**, that your answer may set forth any defense you may have against the Petitioner.

**PLEASE TAKE NOTICE**, that if you fail at such time to interpose and establish any defense that you may have to the allegations of the Petition, you may be precluded from asserting such defense or the claim on which it is based in any other proceeding or action.

**PLEASE TAKE NOTICE**, that your answer may be made at the time of the hearing specified above unless this Notice of Petition is served upon you on or before the 2nd day of April, 2008, in which event you must answer at least three (3) days before the Petition is noticed to be heard, either orally before the Clerk of the Court at his or her office or in writing by serving a copy thereof upon the attorney for the Petitioner as set forth below, and by filing the original of such written answer with proof of service thereof in the Office of the Clerk at least three (3) days before the time of the Petition is



Petition is noticed to be heard; in addition thereto you must appear before the Court at

the time and place hereinabove set forth for the hearing.

**PLEASE TAKE NOTICE**, that your failure to appear and answer may result in

final judgment by default for the Petitioner for all of the relief demanded in the Petition

Dated. White Plains, New York
    April 2, 2008

                        CUDDY & FEDER LLP
                        Attorneys for Petitioner
                        445 Hamilton Avenue- 14th Floor
                        White Plains, New York 10601
                        (914) 761-1300

                        By: _____
                                Joshua E. Kimerling

TO:    Cheryl Wasserman
       173 Martine Avenue
       White Plains, New York  10601

3

CKF 898257 1



CITY COURT OF THE CITY OF WHITE PLAINS
COUNTY OF WESTCHESTER: STATE OF NEW YORK
------------------------------------------------------------------X
COURT-MARTINE ASSOCIATES,

                              Petitioner-Landlord,

            -against-                                **VERIFIED PETITION**
                                                     (HOLDOVER)
CHERYL WASSERMAN
173 Martine Avenue                                   Index No.
street level & basement underneath
White Plains, New York  10601, in the building
known as 167-183 Martine Avenue and 39-55
Court Street, White Plains, New York 10601,

                              Respondent-Tenant,

            -and-

"JOHN DOE" and "JANE DOE",

                       Respondents/Undertenants.

the names of the undertenants being fictitious
and unknown to Petitioner, the persons intended
being in possession of the Premises hereinabove
described.
------------------------------------------------------------------X

            TO THE CITY COURT OF THE CITY OF WHITE PLAINS:

        Petitioner, Court-Martine Associates ("Petitioner" or "Landlord"), by its attorneys,

Cuddy & Feder LLP, as and for its Verified Petition herein, against Respondent-Tenant

Cheryl Wasserman ("Tenant" or "Respondent"), respectfully alleges as follows:

            1.      Petitioner is a New York partnership having offices at c/o Minskoff

Grant Realty & Management Corp., 1350 Avenue of the Americas, 32nd Floor, New

York, New York 10019.

            2.      Petitioner is the landlord and owner in fee of the Premises, which

consist of certain street level store space (and basement thereunder) located at and

known as 173 Martine Avenue, White Plains, County of Westchester, New York 10601

C&F 894262.1

(the "Premises"), as depicted in the lease plan annexed hereto and made a part hereof
as Exhibit "A", and as located in the building known as 167-183 Martine Avenue and 39-
55 Court Street, White Plains, County of Westchester and State of New York 10601.

     3.    Petitioner is authorized to institute and maintain this proceeding.

     4.    Tenant is an unlawful holdover occupant of the Premises.

     5.    Upon information and belief, "John Does" and "Jane Does" are
fictitious and unknown undertenants or occupants who may claim a right of possession
of the Premises.

     6.    On or about the 11th day of March, 1998, Petitioner, as Landlord
and Respondent, as Tenant, entered into a written lease agreement (the "Lease") for
the Premises. A copy of the Lease is annexed hereto and made a part hereof as Exhibit
"B".

     7.    The Lease, by its express terms, terminated and expired on March
31, 2008 (the "Expiration Date").

     8.    Paragraph 21 of the Lease provided as follows:

"21. End of Term

"Upon the expiration or other termination of the term of this lease,
Tenant shall quit and surrender to Owner the demised premises,
broom clean, in good order and condition, ordinary wear excepted,
and Tenant shall remove all its property. Tenant's obligation to
observe or perform this covenant shall survive the expiration or
other termination of this lease. If the last term of the term of this
lease or any renewal thereof, falls on Sunday, this lease shall
expire at noon on the preceding Saturday unless it be a legal
holiday in which case it shall expire at noon on the preceding
business day."

     9.    Based on the above, the term of the Lease expired, ended and
terminated by its unambiguous terms on March 31, 2008.



10.     Tenant now unlawfully holds over after the Expiration Date of the Lease and continues in possession of the Premises without the permission of the Petitioner.

11.     The Premises herein sought to be recovered by Landlord are commercial premises and are situated within the territorial jurisdiction of this Court.

12.     The Premises are not the residence of Respondent.

13.     The Premises are not subject to the Emergency Tenant Protection Act and are not a multiple dwelling.

14.     The Premises are not subject to rent stabilization.

15.     Based on the above, Petitioner respectfully requests Judgment against Respondent awarding Landlord possession of the Premises, a Warrant to remove Respondent and all other occupants from possession of the Premises, plus an award of use and occupancy fees for the Premises for the holdover period of April 1, 2008 through and including the date Landlord obtains possession of the Premises, together with attorney's fees, costs and disbursements of this proceeding, and such other and further relief as to the Court may seem just and proper

16.     No prior application for the relief requested herein has been made to this or any other Court.

WHEREFORE, Petitioner respectfully requests Judgment against Respondent awarding Landlord possession of the Premises, a Warrant to remove Respondent and all other occupants from possession of the Premises, plus an award of use and occupancy fees for the Premises for the holdover period of April 1, 2008 through and including the date Landlord obtains possession of the Premises, together with attorney's

CAF 868262 1



fees, costs and disbursements of this proceeding, and such other and further relief as to

the Court may seem just and proper.

Dated.        White Plains, New York
              April 2, 2008

                         **CUDDY & FEDER LLP**
                         Attorneys for Petitioner-Landlord
                         445 Hamilton Avenue-14th Floor
                         White Plains, New York 10601
                         (914) 761-1300

                         By: _____
                              Joshua E. Kimerling

4                                               C&F 898262.1

## VERIFICATION

STATE OF NEW YORK )
) ss.:
COUNTY OF NEW YORK ) :

Franlis C. Grant _____ being duly sworn, deposes and says:

*ECo if Montell Grant Realty a Managers Self, the Managing*

I am the _____ of Petitioner in the within proceeding. I have read the
annexed Petition, know the contents thereof and the same are true to my knowledge,
except as to those matters therein stated to be alleged on information and belief, and as
to those matters I believe them to be true based on the books and records of Petitioner

_____

Francis C. Grant III

Sworn to before me this 2nd
day of April, 2008

_____
Notary Public

ELIZABETH J. COTTRILL
Notary Public - State of New York
No. 01CO6181901
Qualified in New York County
My Commission Expires February 11, 20 12

# EXHIBIT "2"

**Memorandum**

# MINSKOFF GRANT
## REALTY & MANAGEMENT CORP.
### PHONE: 212-765-9700
### FAX: 212-664-9007

Date: December 13, 2007

To: Mrs Wasserman

From: Elizabeth Cottrill

Subject: Lease renewal

– Please review the enclosed proposal for renewal & sign. If you have any questions please feel free to contact me

   Thank you,
   Elizabeth

1350 AVENUE OF THE AMERICAS 32ND FLOOR
NEW YORK NY 10019
EMAIL: INFO@MINSKOFFGRANT.COM

# MINSKOFF GRANT
## REALTY & MANAGEMENT CORP.

### Proposed Lease Renewal

*SPACE INFORMATION:*

<u>Owner:</u>

82ND - 83RD STREET VENTURE
COURT & MARTINE ASSOCIATES (11)
c/o Minskoff Grant Realty & Management Corp.
1350 Avenue of the Americas, 32nd Floor
New York, NY 10019
Phone: 212-765-9700
Fax: 212-664-9007

<u>Property:</u>

167-183 Martine Avenue
39-55 Court Street
White Plains, NY

<u>Space:</u>

173 Martine Avenue

<u>S.F.:</u>

Approximately 812 square feet on street level and existing
basement underneath

<u>Use:</u>

As per Article 2, Agreement of Lease dated
March 11, 1998.

<u>Prepared By:</u>

T Grant         tgrant@minskoffgrant.com
Elizabeth Cottrill    ecottrill@minskoffgrant.com

*TENANT INFORMATION:*

<u>Tenant:</u>

Freshi's Stationary & Fruit Farm, Inc.
Attn: Cheryl Wasserman
173 Martine Avenue
White Plains, NY 10601

<u>Federal ID # or
Social Security #:</u>      13-3930464

<u>Telephone Numbers:</u>      914-779-4808 (Home)
914-448-2363 (Store)

three (3) times in a given during
during

| | |
|---|---|
| **Electric:** | Tenant |
| **Gas:** | Tenant |

## *OTHER TERMS:*

**Security Deposit:**    $4,500 (on deposit)

**Owner's Work:**    None - as is.

**Tenant's Work:**    Tenant is responsible for all Permits and Certificate of Occupancy compliance for Tenant's work as well as any permits or licenses regarding Tenant's use.

**Signage:**    With Owner's permission subject to code and uniform signage, not unreasonably withheld.

**Insurance:**    $2MM Liability

**Sale of Business:**    Notwithstanding any provision in the existing lease, tenant shall not have the right to sell its business or otherwise assign the lease or sublet the premises during the first five (5) years of the renewal term. After that assignment and subletting is permitted with landlord's permission, not unreasonably withheld.

**Holdover Clause:**    If Tenant shall fail to vacate and surrender the premises upon expiration or earlier termination of this Lease, it shall be deemed a holdover Tenant on a month-to-month basis at a fixed monthly rent equal to three (3) times the monthly rate of all fixed rent, escalation rent and additional rent payable for the last month of the term hereof.

**Relocation:**    Owner reserves the right at any time to relocate the (1) Premises to another location within the "Property," or (2) other common areas in or about the Property, at Owner's expense.

**Demolition Clause:**    Terms to be provided.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

SCORPIO 8283 LLC,

                    Plaintiff,

                  -against-

MYCA, LLC and 2220 EQUITIES MANAGEMENT
LIMITED PARTNERSHIP,

                    Defendants.

No. 08 CV 510 (CLB)

**FILED BY ECF**

### CERTIFICATE OF SERVICE

I hereby certify that on April 17, 2008, I electronically filed REPLY DECLARATION OF CHRISTOPHER E. BUCKEY IN FURTHER SUPPORT OF DEFENDANTS' JOINT MOTION TO DISMISS THE COMPLAINT AND IN OPPOSITION TO PLAINTIFF'S CROSS-MOTION; REPLY DECLARATION OF ALAN MINSKOFF IN FURTHER SUPPORT OF DEFENDANTS' JOINT MOTION TO DISMISS THE COMPLAINT AND IN OPPOSITION TO PLAINTIFF'S CROSS-MOTION; AND REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION To DISMISS PLAINTIFFS' SECOND CAUSE OF ACTION AND IN OPPOSITION TO PLAINTIFFS' CROSS-MOTION FOR SUMMARY JUDGMENT ANd AN ORDER APPOINTING A WINDING-UP PARTNER the with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to the following:

        Thomas Golden, Esq.
        Willkie Farr & Gallagher
        787 Seventh Avenue
        New York, New York  10019


        Michael D. Lockard, Esq.
        Akin Gump Strauss Hauer & Feld LLP
        590 Madison Avenue
        New York, New York  10022

                                    *Carrie L. Lalyer*
                                    Carrie L. Lalyer