**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

SCORPIO 8283 LLC,

                    Plaintiff,

        -against-

MYCA, LLC and 2220 EQUITIES MANAGEMENT
LIMITED PARTNERSHIP,

                    Defendants.

:
:
:
:
: No. 08 CV 510 (CLB)
: **FILED BY ECF**
:
:
:
:
:

**MYCA, LLC'S REPLY MEMORANDUM OF LAW**
**IN FURTHER SUPPORT OF DEFENDANTS' JOINT MOTION**
**TO DISMISS THE COMPLAINT AND IN OPPOSITION TO**
**PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT**

AKIN GUMP STRAUSS HAUER & FELD LLP
Michael D. Lockard
Rebecca N. Loubriel
590 Madison Avenue
New York, New York 10022
Telephone: (212) 872-7439
Facsimile: (212) 872-1002

*Counsel for defendant MYCA, LLC*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................ .... ii

PRELIMINARY STATEMENT ........................................................................... ....1

FACTUAL AND PROCEDURAL BACKGROUND ............................................. ....2

ARGUMENT ........................................................................................................ ....7

I.    THE COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO JOIN
      INDISPENSABLE PARTIES ....................................................................... ....7

II.   IN THE ALTERNATIVE, SCORPIO'S SECOND CAUSE OF ACTION FOR
      INJUNCTIVE RELIEF SHOULD BE DISMISSED.................................... ....10

III.  SCORPIO'S CROSS-MOTIONS FOR A JUDICIAL DECREE OF
      DISSOLUTION AND FOR A RECEIVER SHOULD BE DENIED.......................11

      A.    The Minority's Disagreement With The Majority's Decisions Does Not
            Constitute Partnership Deadlock..........................................................12

      B.    Even If The Partnership Were In Dissolution, Scorpio Is Not Entitled To
            Impose A Rogue Agent As Receiver Against The Will Of The Majority .............13

            1.    Scorpio's Cross-Motion Effectively Seeks A Temporary Receiver
                  For 82nd-83rd Street Venture's Property ...................................14

            2.    Even If the Partnership's Management Were Subject To The
                  Court's Plenary Discretion, MGRMC Should Not Be Appointed To
                  Manage The Partnership .........................................................17

CONCLUSION ...................................................................................................19

# TABLE OF AUTHORITIES

**FEDERAL CASES**                                                              **PAGE(S)**

*Bluestein v. Olden*
    Bo. 04 Civ. 602 (RO), 2004 WL 435081 (S.D.N.Y. Mar. 8, 2004)......................16

*Grant v. MYCA, LLC*
    No. 7:08-CV-508 (CLB) ...............................................................................4

*Haas v. Jefferson Nat'l Bank of Miami Beach*
    442 F.2d 394 (5th Cir. 1971).......................................................................7

*MLP I v. MYCA, LLC*
    No. 7:08-CV-511 (CLB) ...............................................................................4

*Scorpio 8283 LLC v. MYCA, LLC*
    No. 7:08-CV-510 (CLB) ...............................................................................4

**STATE CASES**

*Bishop v. Rubin*
    643 N.Y.S. 2d 108, 228 A.D. 2d 222 (App. Div. 1996) ..................................5

*Glassner v. Kaufman*
    244 N.Y.S. 2d 449, 19 A.D. 2d 885 (App. Div. 1963) .................................15

*Goergen v. Nebrich*
    167 N.Y.S. 2d 491, 4 A.D. 2d 526 (App. Div. 1957) .............................15, 16

*Grant v. Minskoff*
    No. 01375/2008 (N.Y. Sup. Ct.)...................................................................4

*Grant v. Minskoff*
    No. 01376/2008 (N.Y. Sup. Ct.)...................................................................4

*Harmon v. Marks*
    572 N.Y.S. 2d 305, 175 A.D. 2d 44 (App. Div. 1991) .................................14

*Harshman v. Pantaleoni*
    741 N.Y.S. 2d 348, 294 A.D. 2d 687 (App. Div. 2002) ...............................13

*In re Armienti & Brooks, P.C.*
    767 N.Y.S. 2d 2, 309 A.D. 2d 659 (App. Div. 2003) ..................................17

*Netburn v. Fischman*
    364 N.Y.S. 2d 727, 81 Misc. 2d 117 (Sup. Ct. 1975)................................15, 16

*Post Broadway Assocs. v. Minskoff Grant Realty & Mgmt. Corp.*
    Index No. 600217/08, 2008 WL 828071 (N.Y. Sup. Ct. Mar. 21, 2008) ....................3

*Post Broadway Associates v. Minskoff Grant Realty & Mgmt. Corp.*
    M-1656, Index No. 600217/08 (N.Y. App. Div. Apr. 15, 2008) ....................3

*Rapuano v. Prod. Co.*
    756 N.Y.S. 2d 555, 303 A.D. 2d 243 (App. Div. 2003) ...................14

*Sanley Co. v. Louis*
    602 N.Y.S. 2d 605, 197 A.D. 2d 412 (App. Div. 1993) ...................14

*Seiden v. Gogick, Seiden, Byrne & O'Neill LLP*
    718 N.Y.S. 2d 188, 278 A.D. 2d 302 (App. Div. 2000) ...................16

*Seligson v. Russo*
    792 N.Y.S. 2d 34, 16 A.D.3d 253 (App. Div. 2005) ...................12

*Shandell v. Katz*
    464 N.Y.S. 2d 177, 95 A.D. 2d 742 (App. Div. 1983) ...................14

*Tannenbaum v. Rosenbaum*
    141 N.Y.S. 2d 708 (Sup. Ct. 1955) ...................15, 16

*Zaubler v. Zaubler*
    490 N.Y.S. 2d 843, 112 A.D. 2d 157 (App. Div. 1985) ...................16

## STATUTES & OTHER AUTHORITIES

2 ALAN R. BROMBERG & LARRY E. RIBSTEIN,
    PARTNERSHIP §7.08(b)(5) ...................15, 16

7 WRIGHT, MILLER & KANE,
    FEDERAL PRACTICE AND PROCEDURE: CIVIL 3D § 1621 ...................8

N.Y. C.P.L.R. § 6401(a) ...................15, 16, 17

N.Y. Partnership Law § 40(8) ...................3, 5, 13, 16

N.Y. Partnership Law § 41 ...................18

N.Y. Partnership Law § 68 ...................13, 16

Defendant MYCA, LLC ("MYCA") respectfully submits this memorandum of law (1) in opposition to plaintiff Scorpio 8283 LLC's ("Scorpio") cross-motion for (a) summary judgment on its first cause of action for a decree of dissolution and (b) an order declaring plaintiff the "winding-up partner" in the event of dissolution; and (2) in further support of MYCA's and defendant 2220 Equities Management Limited Partnership's ("2220 Equities") joint motion to dismiss Plaintiff's second cause of action for injunctive relief.

## PRELIMINARY STATEMENT

Scorpio's Complaint is in the wrong court, against the wrong parties, and seeks the wrong relief. In its attempt to gerrymander diversity jurisdiction for this action, Scorpio asserts that disputes involving the management of real estate owned by a non-party to this action warrant the dissolution of a non-owner partnership. Scorpio has sought to omit the non-diverse property owner and its absent partners, yet seeks relief directly affecting the management and control of the non-party's real property. The Court should dismiss the action in favor of a readily-available state-court forum, where the property's owner and its absent partners all can be joined and the controversies Scorpio alleges can be efficiently and finally adjudicated.

Even if, arguendo, Scorpio's requests for relief against a non-party's real property could proceed in this forum, Scorpio does not contest that it is not entitled to the injunctive relief it seeks in the Complaint's second cause of action. There simply is no dispute that Scorpio has not and cannot show irreparable harm and, accordingly, the second cause of action should be dismissed. Rather than defend the claim it asserted, Scorpio now seeks to re-cast its request as one for the appointment of a "winding up partner" in order to designate Minskoff Grant Realty & Management Corp. ("MGRMC"), an already-terminated managing agent, to exercise exclusive control over the real estate at issue, to devise a plan for winding up the partnership's affairs and to conduct an accounting, at the exclusion of the majority partners. But the partnership has not

been dissolved and is not subject to judicial dissolution, as Scorpio requests. Scorpio's argument that the partnership is "deadlocked" is belied by the fact that a majority of partners in the partnership Scorpio seeks to dissolve, and a majority of partners in the property's owner, recently elected to terminate MGRMC's agency and retain an independent, third-party manager for the property. MGRMC nonetheless has refused to recognize the authority of the majority partners or its own discharge, forcing the partnerships to obtain a preliminary injunction against it in New York state court. Scorpio's attempt to saddle the partnership and the property with this rogue agent is contrary to New York law and offensive to equity, and should be denied.

## FACTUAL AND PROCEDURAL BACKGROUND[1]

Defendants' opening brief ("Opening Br.") in support of their joint motion to dismiss the Complaint sets forth the factual background of the decision by several real estate partnerships, acting through their majority partners (the Defendants or their principals), to terminate any agency relationship those partnerships may have had with Minskoff Grant Realty & Management Corp.—a company controlled by principals that also are partners or control partnership interests in two of the three partnerships before this Court—and to hire an independent, third-party manager to manage the properties owned by the partnerships. (*See* Opening Br. at 4-6.) MGRMC's conflicted management of those properties had caused sharp discord among the partners, some of whom (MGRMC's principals and their allies) were content with MGRMC's management and some of whom (the majority partners and Defendants here) were extremely dissatisfied. (*Id.* at 5.)

When the partnerships, acting through the majority partners, directed MGRMC to turn over management of the properties no later than January 1, 2008, MGRMC turned rogue. It

---

[1] Abbreviations in this memorandum have the same definition provided in the Opening Brief.

denied the authority of the majority partners to act on behalf of the partnerships; refused to turn over the partnerships' books, records, accounts, keys and other property; and continued to seek to exercise control over the partnerships' tenant relationships, finances, and general management of the properties.  The partnerships were forced to commence an action against MGRMC to enjoin its unauthorized and unlawful attempt to control the partnerships' properties, and on March 21, 2008, the Supreme Court of New York, New York County, issued an order enjoining MGRMC from taking any action on behalf of the partnerships or holding itself out as the agent of the partnerships, and directing MGRMC to turn over the partnerships' books, records, keys and other property to the partnerships.  (Declaration Of Michael D. Lockard In Further Support Of Defendants' Joint Motion To Dismiss The Complaint And In Oppositoin To Plaintiff's Cross-Motion For Summary Judgment dated April 17, 2008 ("Lockard Reply Decl.") Ex. 1 (Decision and Order at 9-10, *Post Broadway Assocs. v. Minskoff Grant Realty & Mgmt. Corp.*, Index No. 600217/08, 2008 WL 828071 (N.Y. Sup. Ct. Mar. 21, 2008) ("Preliminary Injunction"))).[2]  The court found that the majority partners had validly exercised their rights, under New York Partnership Law Section 40(8), to determine ordinary matters connected with the partnership business, including the removal of the managing agent for the partnerships' properties.  (*Id.* at 6.)

In response to the partnerships' decision to free themselves from MGRMC's conflicted property management, the minority partners in the partnerships (MGRMC's principals and their allies) commenced three actions before this Court,[3] along with two other actions pending in state

---

[2] Scorpio's opposition brief notes an interim stay order regarding the Preliminary Injunction. (Opp. Br. at 12.) The Appellate Division vacated the interim stay and denied MGRMC's motion for a stay pending appeal by order dated April 15, 2008. (*See* Lockard Reply Decl. Ex. 2 (Order of the Appellate Division of the Supreme Court, First Judicial Department, New York County in *Post Broadway Associates v. Minskoff Grant Realty & Mgmt. Corp.*, M-1656, Index No. 600217/08 (N.Y. App. Div. Apr. 15, 2008)).)

[3] *Grant v. MYCA, LLC*, No. 7:08-cv-508 (CLB) (S.D.N.Y.); *Scorpio 8283 LLC v. MYCA, LLC*, No. 7:08-cv-510 (CLB) (S.D.N.Y.); and *MLP I v. MYCA, LLC*, No. 7:08-cv-511 (CLB) (S.D.N.Y.).

court,[4] to dissolve the partnerships. In their complaints and cross-motions, the minority partners

ask this Court (1) to judicially dissolve the partnerships, (2) to enjoin the majority from

participating in the management of the partnerships or from making decisions on behalf of the

partnerships, and (3) to authorize Scorpio to appoint a rogue agent, MGRMC, to manage the

partnerships' properties and to be solely responsible for winding up the partnerships, preparing

an accounting of the partners' interests, and preparing a plan to liquidate and distribute the

partnerships' assets. (*See* Compl. at 8; Plaintiff's Memorandum Of Law (1) In Opposition To

Defendants' Joint Motions To Dismiss; And (2) In Support Of Its Cross-Motions For: (i) An

Order Declaring The Partnerships Dissolved And (ii) An Order Directing An Evidentiary Hearing

Be Held With Respect To The Appointment Of A Winding-Up Partner ("Opp. Br.") at 13-18.)

In its brief in opposition to Defendants' motions and in support of its cross-motions,

Scorpio does not take issue with the basic facts described above. Rather, Scorpio asserts

erroneous legal conclusions from those facts. Scorpio denies the majority partners' ability to

make decisions on behalf of the partnerships, to terminate MGRMC, or to retain an independent,

third-party managing agent. Scorpio, supported by MGRMC and its principals, calls the

majority partners the "Revoking Partners" (Opp. Br. at 9-11), "Certain Partners" (*id.* at 9), or "a

handful of partners" (Affidavit Of Michael Edward Breede ("Breede Aff.") ¶ 7, Affidavit Of Jean

Minskoff Grant ("Grant Aff.") ¶ 23)—anything but what they actually are: the majority partners

with authority, under New York law, to decide ordinary matters for the partnership. N.Y.

Partnership Law § 40(8); *Bishop v. Rubin*, 643 N.Y.S. 2d 108,110-11, 228 A.D. 2d 222, 224

(App. Div. 1996). (*See also* Lockard Reply Decl. Ex. 1 (Preliminary Injunction at 6).) Similarly,

---

[4] *Grant v. Minskoff*, No. 01375/2008 (N.Y. Sup. Ct.) and *Grant v. Minskoff*, No. 01376/2008 (N.Y. Sup. Ct.).

Scorpio asserts that the partnerships never actually elected to terminate MGRMC (Plaintiff's Counter Statement Pursuant To Rule 56.1 In Opposition To Defendants' Motion For Partial Summary Judgment ("56.1 Counter Statement") ¶ 33; Opp. Br. at 9-10; Breede Aff. ¶¶ 7-8); despite the fact that Scorpio's principal participated in duly-noticed partnerships meetings in November 2007 where the majority passed motions "that we hire Armstrong Realty Management effective January 1st of 2008 and that we would instruct Minskoff Grant to turn over to Armstrong all of the partnership assets, records, monies, keys, all partnership documents in their possession by the end of the year December 31st, 2007." (Breede Aff. Ex. A (transcript of partnership meeting at 11 (motion) and 15 (vote)).) Indeed, the Supreme Court found the assertion that the majority partners "breached their duty of candor" with respect to Armstrong's retention was "contradicted by the record." (Lockard Reply Decl. Ex. 1 (Preliminary Injunction at 8); Declaration Of Michael D. Lockard In Support Of Defendants' Joint Motion To Dismiss The Complaint dated February 28, 208 ("Lockard Decl.") Ex. 6 (Affidavit Of Michael Edward Breede at 7-8).) The New York courts similarly have rejected Scorpio's claim to an absolute right to ignore and contradict the decisions of the majority. (*Compare* Opp. Br. at 16-17 & n.2 *with* Lockard Reply Decl. Ex. 1 (Preliminary Injunction at 5-6).)

It is not necessary to address Scorpio's and MGRMC's lengthy and self-serving recitation of MGRMC's property management practices (*see* Opp. Br. at 5-8, 17-18; Breede Aff. ¶¶ 3-5, 10, 13; Grant Aff. ¶¶ 8-22), except to say that Defendants firmly disagree that MGRMC's conflicted management was at all satisfactory. To the contrary, the majority partners repeatedly found that MGRMC did not consult them or even give notice prior to making decisions respecting the partnerships' properties; did not provide them with sufficient information about the properties' affairs; and generally was not responsive to the majority partners' questions, concerns or

5

interests. (Declaration Of Sara Minskoff Allan In Support Of Defendants' Joint Motion To Dismiss The Complaint dated February 28, 2008 ("Allan Decl.") ¶ 4.) MGRMC consistently has refused to provide full access to partnership books and records, and has refused, failed to respond or seriously delayed in responding to requests for key partnership records, including executed copies of the purported management agreements, leases, financing documents, and other important partnership records. (Declaration Of Sara Minskoff Allan In Further Support Of Defendants' Joint Motion To Dismiss The Complaint And In Opposition To Plaintiff's Cross–Motion For Summary Judgment ("Allan Reply Decl.") ¶¶ 7-16.) Indeed, for years MGRMC refused to provide MYCA with executed copies of the purported management agreements unless MYCA agreed to sign them, which it never did. (*Id.* ¶ 9.[5])

Moreover, MGRMC has refused to recognize the authority of the majority partners to make decisions respecting the properties and refused to consult with them prior to taking action purportedly on behalf of the partnership. Incredibly, several months <u>after</u> MGRMC was terminated, MGRMC commenced un-noticed and unauthorized eviction proceedings against one of the partnerships' tenants. (*Id.* ¶¶ 17-18.) Yet MGRMC was prepared to pay itself approximately $270,000 from partnership accounts in 2008 for management fees, leasing commissions, reimbursement of its own employees' salaries, "vehicle expense" and "telephone," in addition to the distributions MGRMC's principals would receive from the properties where they own or control partnership interests. (*See* Grant Aff. Ex. D (2008 Draft Budgets).)

The majority partners justifiably do not trust MGRMC with managing the properties owned by the partnerships and should not be forced to suffer it.

---

[5] MGRMC misleadingly has provided this Court with unexecuted copies of the agreements showing signature lines for all then-partners. (Grant Aff. Ex. A.) MYCA and its principals never have executed the

**ARGUMENT**[6]

**I.    THE COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO JOIN INDISPENSABLE PARTIES**

In our opening brief, we explained how Scorpio's failure to join indispensable parties 82nd-83rd Street Venture and its absent partners would (a) prejudice the absent parties, because Scorpio seeks relief affecting the control and management of 82nd-83rd Street Venture's real property; (b) prejudice the parties to this suit, because the absent parties would not be bound by this Court's determinations with respect to the issues presented and could potentially seek inconsistent relief or seek to impose inconsistent obligations on the parties; and (c) would prevent this Court from affording complete, consistent and efficient settlement of the controversies respecting the management of 82nd-83rd Street Venture's property that Scorpio purports to seek to resolve, because the parties or their principals still will remain involved as co-partners with respect to 82nd-83rd Street Venture and its property.  (Opening Br. at 12-16.) Scorpio's opposition contains no answers to these defects.  Indeed, Scorpio fails completely to address the first two, and addresses the third only by misconstruing Defendants' arguments.

Scorpio does not contest that the real property at issue in this action is owned by a non-party, 82nd-83rd Street Venture.  (*See* 56.1 Counter Statement at ¶¶ 12, 13.[7]) Nor does Scorpio contest that joining the property's owner or its absent partners would destroy this Court's jurisdiction.  (*See* Opp. Br. at 21.)  Yet Scorpio offers <u>no</u> explanation for how this Court can

---

purported agreements, and the signed copies MGRMC provided after its termination show that a conflict-free majority of partners have never approved the agreements.  (Allan Reply Decl. Ex. 2.)

[6] Defendant MYCA agrees with and joins in the arguments set forth in the memorandum of law by defendant 2220 Equities Management Limited Partnership.

[7] Scorpio's brief, however, continues to discuss 82nd-83rd Street Venture's property in many places as though it were directly owned by Court-Martine.  (*See, e.g.*, Opp. Br. at 3-4, 17-18.)  To the extent that Scorpio does dispute 82nd-83rd Street Venture's ownership, 82nd-83rd Street Venture is a necessary party for that reason as well. *See Haas v. Jefferson Nat'l Bank of Miami Beach*, 442 F.2d 394, 398-99 (5th Cir. 1971).

order the relief Scorpio seeks—in particular, an order imposing a property manager (effectively, a receiver) on the absent party's real property[8] (*see* Opp. Br. at 17-18; Compl. at 8)—without the property's owner or its partners being party to the action. Amazingly, Scorpio's brief in opposition fails even to address this issue. (*See generally* Opp. Br. at 20-23.) Scorpio's silence is telling. "A federal court should not hesitate to require joinder of absentees whose interest [in real property] may be affected by the action[.]" 7 WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL 3D § 1621 (2001). This case cannot proceed without the property's owner, and the property's owner (or its partners) cannot be joined without destroying federal jurisdiction. (*See* Opp. Br. at 22.)

Scorpio similarly fails to respond to the prejudice the parties to this suit would suffer from the potential for subsequent litigation regarding the same or similar issues and from the potential for inconsistent relief or obligations. Any relief Scorpio obtains (or fails to obtain) with respect to Court-Martine's indirect interest in 82nd-83rd Street Venture's real property will not prevent the possibility of subsequent suits by 82nd-83rd Street Venture or its absent partners, including Pisces 8283 LLC and Stacey Minskoff-Essenfeld, or the possibility of inconsistent results in any such litigation. (*See* Opening Br. at 12-14.)

Scorpio claims that Defendants have argued that dissolving Court-Martine necessarily will result in the dissolution of 82nd-83rd Street Venture. (Opp. Br. at 23.) The true problem with Scorpio's suit is the opposite: dissolving Court-Martine will <u>not</u> necessarily dissolve 82nd-

---

[8] Scorpio seeks an order that it (or, more particularly, MGRMC) shall "manage the winding up of the Partnerships and the day-to-day affairs of the Properties during that process." (Opp. Br. at 14; *see also id.* at 18.) "Properties" includes the property owned by non-party 82nd-83rd Street Venture. (*See* Opp. Br. at 3-4 (defining "Properties" to include "169 to 183 Martine Avenue and 39 to 55 Court Street, White Plains, New York") and 56.1 Counter Statement at ¶¶ 13 (admitting that 82nd-83rd Street Venture owns and operates commercial real estate located at 167-183 Martine Avenue and 39-55 Court Street in White Plains, New York"), 10 (admitting that Court-Martine Associates' primary asset is its partnership interest in 82nd-83rd Street Venture).)

83rd Street Venture, and thus the status quo will remain with respect to the management disputes

Scorpio's suit purports to seek to remedy. Merely dissolving Court-Martine will not solve

management disputes respecting 82nd-83rd Street Venture's real property. (Opening Br. at 12.)

Scorpio's only attempt to explain how this action can afford complete relief for the disputes

concerning the management of 82nd-83rd Street Venture's real estate is its breezy assertion,

without explanation or supporting authority, that dissolving Court-Martine would "result in

unified, harmonious ownership of the 75% interest in 82-83, which likely would facilitate

harmonious management of 82-83." (Opp. Br. at 23.) Even if this 75% interest were to come to

rest in a single party's hands, Scorpio does not contest that the parties to the discord that Scorpio

purports to seek to resolve still would be partners in 82nd-83rd Street Venture. (*See* Allan Decl.

¶¶ 1-6.) More importantly, there is no reason to believe, despite Scorpio's conclusory assertion,

that dissolving Court-Martine would result in unified ownership of 75% of 82nd-83rd Street

Venture. To the contrary, Court-Martine's partnership interest in 82nd-83rd Street Venture would

likely be distributed pro rata to Court-Martine's partners, as Scorpio itself requests in its

Complaint. (*See* Compl. at 8 (seeking distribution of Court-Martine's surplus assets to the

partners according to their interests).)

Scorpio's transparent attempt to gerrymander diversity jurisdiction by omitting

indispensable parties fails, and the Complaint should be dismissed pursuant to rules 19(b) and

12(b)(7). This Court cannot enter orders directing the management of real property without

joining 82nd-83rd Street Venture or its partners, and this action cannot result in effective relief

among the parties. The controversies that Scorpio purports to seek to resolve can be readily

addressed in the courts of the State of New York, where all necessary parties can be joined and

where, indeed Scorpio's principals already have commenced litigation involving other partnerships with related ownerships.

## II.    IN THE ALTERNATIVE, SCORPIO'S SECOND CAUSE OF ACTION FOR INJUNCTIVE RELIEF SHOULD BE DISMISSED

Even if this action were not deficient under Rules 19 and 12, Scorpio's second cause of action for injunctive relief still would have to be dismissed for failure to state a claim or, in the alternative, for the absence of a genuine issue of material fact regarding the absence of irreparable injury. Scorpio does not contest that it has failed adequately to allege irreparable harm, nor does it contest that there is no genuine issue of material fact with respect to the absence of this element of injunctive relief. (*See* Opp. Br. at 19.) In other words, Scorpio does not contest that it cannot obtain an injunction.

Instead, Scorpio seeks to transform its second cause of action from a request for an injunction to a request for an order pursuant to Partnership Law Section 75. (*See* Opp. Br. at 19-20.) As discussed below, Scorpio's new request for such an order should be denied. But for purposes of Defendants' motion to dismiss, Scorpio cannot informally amend its complaint by attempting to re-characterize its second cause of action. It is plain from the Complaint that Scorpio pleaded a claim for injunctive relief. At paragraph 37, Scorpio alleges (conclusorily and without factual support) that it would suffer irreparable harm, an allegation plainly intended to support its request for an injunction. Moreover, in its plea for relief, Scorpio explicitly seeks an injunction "enjoining" the defendant majority partners from exercising their right to participate in the management of the partnership's affairs. (Compl. at 8.) In contrast to this express plea for an injunction, the Complaint nowhere mentions New York Partnership Law or purports to seek relief thereunder.

Scorpio's second cause of action is exactly what it sounds like: a request for injunctive relief. Scorpio has not pleaded and cannot show the elements required for an injunction and, accordingly, Scorpio's second cause of action and its plea for an injunction should be dismissed.

## III.    SCORPIO'S CROSS-MOTIONS FOR A JUDICIAL DECREE OF DISSOLUTION AND FOR A RECEIVER SHOULD BE DENIED

Scorpio asserts that Court-Martine Associates is a partnership at will that can be dissolved without judicial intervention at any time by any of the partners. (*See* Opp. Br. at 13.) Yet Scorpio has never acted to dissolve the partnership, and fails to explain why it has burdened this Court and the parties with litigation asking that that the Court do what Scorpio has failed to do for itself. Unless and until the partnership is dissolved, the majority partners believe that the partnership can be operated profitably and would like the partnership business to continue, in accordance with the majority partners' rights under New York law to make decisions on behalf of the partnership.

Scorpio claims that it is entitled to a judicial decree of dissolution because the minority partners and majority partners do not agree about the management of the partnership's property. (Opp. Br. at 13-14.) If New York partnerships were subject to dissolution as a matter of law any time the minority disagreed with the decisions of the majority, there soon would be no New York partnerships. For good reason, however, that is not the law of New York. Discord among partners only warrants judicial dissolution where the discord prevents the partnership from being able to make any decisions or to manage its affairs. Because there is a governing majority of partners at Court-Martine (and at non-party 82nd-83rd Street Venture), the partnerships can continue making decisions—like their decisions to replace MGRMC as managing agent.

Because the partnership has not been dissolved and is not subject to judicial dissolution, there is no need for the Court to address Scorpio's request for an order precluding the Defendants

11

from exercising their rights under New York Partnership Law to participate in the management of the partnership's affairs during the winding-up process. But because Scorpio's cross-motion is, in effect, a request that the Court appoint MGRMC as a receiver for 82nd-83rd Street Venture's real estate, and because MGRMC already has been discharged by 82nd-83rd Street Venture pursuant to the decision of the majority partners, we will add a few words about the cross-motion. Scorpio's request not only is contrary to its own Complaint, which seeks a referee-supervised winding-up of partnership affairs (Compl. at 8), but even if Court-Martine (and 82nd-83rd Street Venture) eventually are dissolved, and even if it were to become necessary for the Court to intervene in the management of 82nd-83rd Street Venture's real property during the winding-up process, MGRMC is the last entity that should be appointed to manage the property.

## A.    THE MINORITY'S DISAGREEMENT WITH THE MAJORITY'S DECISIONS DOES NOT CONSTITUTE PARTNERSHIP DEADLOCK

Scorpio asserts that it is entitled to summary judgment on its first causes of action for a judicial decree of dissolution of the Partnerships under New York Partnership Law Section 63(1)(f), because the defendants agree that there has been "sharp discord" among the partners with respect to MGRMC's controversial (and terminated) management. (*See* Opp. Br. at 13-14; *see also* Opening Br. at 4-6.) Scorpio mistakenly equates "discord" with "deadlock." As Scorpio's own cases make clear, dissolution under Section 63(1) is appropriate only if there is true deadlock resulting in the "inability of the partnership to make any decisions," *see Seligson v. Russo*, 792 N.Y.S. 2d 34, 35, 16 A.D.3d 253, 253 (App. Div. 2005) (cited by Opp. Br. at 13), or, possibly, where the partnership's inability to reach agreement would result in a partnership of indefinite duration, *see Harshman v. Pantaleoni*, 741 N.Y.S. 2d 348, 349, 294 A.D. 2d 687, 687-88 (App. Div. 2002) (dissolution under Section 63(1)(f) warranted where inability of partners

12

unanimously to agree on sale of real property would have resulted in indefinite continuation of partnership). But there is a governing majority able to manage the partnership's affairs pursuant to Partnership Law Section 40(8). Indeed, the majority partners at Court-Martine and 82nd-83rd Street Venture have acted to terminate MGRMC's conflicted management and to place 82nd-83rd Street Venture's real estate under the management of an independent, third-party property manager.

Notably, although Scorpio contends that Court-Martine is dissolvable at will (*see* Opp. Br. at 13), Scorpio strangely has not acted to dissolve the partnership. If the partnership is at-will, there simply is no need for Scorpio to burden this Court by seeking relief that is readily available to Scorpio outside the courtroom. The partnership has not been dissolved and, unless and until it is, the defendant majority partners prefer to continue managing the partnership's business in accordance with New York Partnership Law Section 40(8). If the partnership ever is dissolved notwithstanding the majority's preference to continue the business, MYCA reserves its rights to participate in the winding up of the partnership's affairs, *see* N.Y. Partnership Law § 68, and to an accounting.

Scorpio's cross-motion for summary judgment on its first causes of action for a judicial decree of dissolution accordingly should be denied.

## B.   EVEN IF THE PARTNERSHIP WERE IN DISSOLUTION, SCORPIO IS NOT ENTITLED TO IMPOSE A ROGUE AGENT AS RECEIVER AGAINST THE WILL OF THE MAJORITY

Because Court-Martine has not been dissolved and is not subject to judicial dissolution under New York Partnership Law Section 63(1)(f), there is no need to address Scorpio's cross-motion for an order prohibiting the defendant majority partners from participating in the winding up of the partnership's affairs and directing that MGRMC act as property manager for non-party

13

82nd-83rd Street Venture's property.[9]  We will nonetheless add a few words about Scorpio's cross-motion.

**1.      Scorpio's Cross-Motion Effectively Seeks A Temporary Receiver For 82nd-83rd Street Venture's Property**

Scorpio argues that, if the partnership is dissolved, the Court has unbounded discretion under Partnership Law Section 75 to exclude the majority partners from participating in managing the partnership's property and to appoint an agent to exercise exclusive management of the partnership's affairs, to wind up the partnership, and to perform an accounting.  (Opp. Br. at 14-15.)  The case law Scorpio cites, however, does not support that position.  Indeed, New York courts consider partners' and former partners' applications to appoint a temporary receiver and to preclude other partners from participating in the management of the partnership as a "drastic remedy."  *See, e.g., Rapuano v. Prod. Co.*, 756 N.Y.S. 2d 555, 303 A.D. 2d 243 (App. Div. 2003) (denying former partner's application for a receiver for insufficient showing of waste or mismanagement); *Sanley Co. v. Louis*, 602 N.Y.S. 2d 605, 197 A.D. 2d 412 (App. Div. 1993) (reversing appointment of receiver and injunction against partner's participation in winding up in the absence of mismanagement or misappropriation); *Harmon v. Marks*, 572 N.Y.S. 2d 305, 175 A.D. 2d 44, 45 (App. Div. 1991) (reversing appointment of temporary receiver: receivership is a "drastic remedy used sparingly in partnership dissolution proceedings"); *Shandell v. Katz*, 464 N.Y.S. 2d 177, 95 A.D. 2d 742 (App. Div. 1983) (affirming denial of partner's application for temporary receiver where there was no danger that partnership property would be removed from the state, lost, materially injured or destroyed); *Glassner v. Kaufman*, 244 N.Y.S. 2d 449, 19 A.D. 2d 885 (App. Div. 1963) (Appointing a receiver "is a drastic remedy, and can properly be

---

[9] As discussed above, non-party 82nd-83rd Street Venture or its partners are necessary parties to such a request in any event.  *Supra* at 7-10.

invoked only where there is a clear evidentiary showing of the necessity for the conservation of property and the protection of the interests of the litigant."); *Tannenbaum v. Rosenbaum*, 141 N.Y.S. 2d 708 (Sup. Ct. 1955) (denying partner's executrix's application to appoint herself as receiver). *See also* 2 ALAN R. BROMBERG & LARRY E. RIBSTEIN, PARTNERSHIP §7.08(b)(5) (2008) ("BROMBERG & RIBSTEIN") (ordinary matters in winding-up are decided by the majority partners).

The cases Scorpio relies on do not conflict with the principle that, ordinarily, cause or danger to the property is required before a court will enjoin the majority partners from deciding partnership affairs. In *Netburn v. Fischman* (cited at Opp. Br. at 16), the Supreme Court, Bronx County, denied an application by the plaintiff, a retiring partner, for a temporary receiver of the partnership business during dissolution because there was no danger that the business's property would be removed from the jurisdiction, lost, materially injured or destroyed. 364 N.Y.S. 2d 727, 729, 81 Misc.2d 117, 118 (Sup. Ct. 1975) (citing N.Y. C.P.L.R. § 6401(a)). The court invoked Partnership Law Section 75 simply to require the defendant, who would continue managing the partnership business in light of the denial of the application for a receiver, to post an undertaking, *id.*, and further ordered the defendant to keep accurate records and separate bank accounts for the partnership. In *Goergen v. Nebrich* (cited at Opp. Br. at 16), the Fourth Department faced a partnership dissolvable because of the incompetency of a partner. 167 N.Y.S. 2d 491, 492-93, 4 A.D. 2d 526, 528 (App. Div. 1957). The court addressed the trial court's "considerable discretion" in choosing between the only two alternatives available to it: appoint a temporary receiver, or permit the sole surviving partner to continue the business. *Id.* The appellate division affirmed the trial court's decision not to appoint a receiver. *Id.* Other cases applying Section 75 of the Partnership Law address whether the partners continuing the

15

partnership business during the pendency of a dissolution action should be required to post an undertaking, and in what amount. *See, e.g., Seiden v. Gogick, Seiden, Byrne & O'Neill LLP*, 718 N.Y.S. 2d 188, 278 A.D. 2d 302 (App. Div. 2000); *Zaubler v. Zaubler*, 490 N.Y.S. 2d 843, 112 A.D. 2d 157 (App. Div. 1985); *Tannenbaum*, 141 N.Y.S. 2d at 710-11 (directing surviving partner to execute a bond and comply with certain conditions). Neither *Netburn* nor *Goergen* support enjoining the management of partnership affairs by a competent and functioning majority without a finding of cause under Partnership Law Section 68 or circumstances justifying a temporary receiver under C.P.L.R. Section 6401(a). Indeed, another of Scorpio's own cases, *Bluestein v. Olden*, supports deferring to the majority's management in the face of a minority partner's application to be appointed sole liquidating partner. No. 04 Civ. 602 (RO), 2004 WL 435081, at *1-2 (S.D.N.Y. Mar. 8, 2004).

Accordingly, Scorpio's request should be recognized for what it is: an application for a temporary receiver. Scorpio seeks an order that would prohibit the majority partners from exercising their rights under New York law to participate in the winding up of the partnership's affairs, *see* N.Y. Partnership Law § 68; and from managing the partnership's business pursuant to majority vote, *see* N.Y. Partnership Law § 40(8); 2 BROMBERG & RIBSTEIN §7.08(b)(5). Scorpio's requested order would impose upon non-party 82nd-83rd Street Venture a managing agent that the partnership, pursuant to majority vote, terminated approximately three months ago. Scorpio asks the Court to imbue this rogue agent, MGRMC, with the power to wind up the partnership's affairs (including, presumably, the power to liquidate partnership assets and pay partnership debts), to perform an accounting of the partners' interests, and to distribute any excess assets to the partners in accordance with that accounting. (*See* Opp. Br. at 14-18.) This is an application for a receiver, and should be denied.

A receiver can only be appointed where the movant shows "danger that the property will be removed from the state, or lost, materially injured or destroyed." N.Y. C.P.L.R. § 6401(a). Scorpio has not alleged or introduced any evidence of circumstances warranting appointment of a receiver, nor does Scorpio argue that is has. Its cross-motion, accordingly, should be denied.

     **2.    Even If the Partnership's Management Were Subject To The Court's Plenary Discretion, MGRMC Should Not Be Appointed To Manage The Partnership**

Even if the partnership were dissolved, and even if the Court were inclined to intervene in the management of the partnership's affairs, Scorpio's motion to commit the management of the Property's affairs, the partnership affairs, the preparation of an accounting, and the liquidation and distribution of partnership assets to a rogue property manager should be rejected. Scorpio has cited no case where a New York court has forced a discharged managing agent upon a partnership as receiver, and we are aware of none. An order excluding the majority partners from winding up in favor of this rogue agent would improperly "reward [MGMRC] for [its] refusal to cooperate." *In re Armienti & Brooks, P.C.*, 767 N.Y.S. 2d 2, 309 A.D. 2d 659 (App. Div. 2003).

Scorpio argues that the Court should choose MGRMC over 82nd-83rd Street Venture's and its majority partners' decision because of its purported excellent history of property management, including, according to Scorpio and MGRMC, excellent tenant relationships, good budgetary and leasing practices, and regular updates to the partners. Despite Scorpio's and MGRMC's rosy, self-serving accolades, the experiences of the majority partners have been much different. Otherwise, why would they have elected to replace MGRMC's conflicted property management with an independent, third-party manager, and then gone through the trouble and expense of enforcing their rights in the New York state courts?

The first, and most glaringly obvious problem with overriding the partnership's decision to terminate MGRMC is MGRMC's willful and inexplicable refusal to acknowledge its

17

termination. Despite the decision by several partnerships, through their majority partners, to terminate MGRMC; despite Jean Grant's participation in at least one of the partnership meetings where that decision was made; despite letters from the partnerships and from the partnerships' counsel directing MGRMC to turn over partnership books, records, accounts and properties, MGRMC has ignored the partnerships' directions and unlawfully converted partnership property. MGRMC has interfered with the partnerships' attempts to gain control over their bank accounts (*see* Lockard Reply Decl. Ex. 2 (transcript of hearing at 15:17-16:20)), and has interfered with the partnerships' tenant relationships—even commencing unauthorized eviction proceedings against one tenant, without advance notice to the partners and without their consent. (*See* Lockard Reply Decl. Ex. 4 (holdover petition) & Ex. 5 (email); Allan Reply Decl. ¶¶ 17-18.) MGRMC has no concept of the duties of an agent to its principal, has no respect for the authority of the majority partners and cannot be trusted with the management of the partnerships' properties, much less the important duties of preparing an accounting and distributing partnership assets.

MGRMC's conduct prior to its termination by the partnership was little better. Grant and MGRMC repeatedly and consistently failed or refused to provide partners with access to partnership books and records in accordance with their rights under New York law, N.Y. Partnership Law § 41. They have been unresponsive to MYCA's questions, concerns or interests, and have impeded its ability to participate in partnership decisions. (Allan Decl. ¶ 9; Allan Reply Decl. ¶¶ 7-16.) Indeed, MGRMC has gone so far as to refuse MYCA access to partnership books and records unless it agreed to pay for a security guard and advance a $20,000 deposit. (*Id.* ¶ 12.) It is, in the end, MGRMC's own conduct that best demonstrates why the majority partners terminated its agency in November 2007, and why now, if the Court decides to

appoint a receiver, MGRMC's appointment would work an injustice on the partnership and only extend the dissension among the partners.

## CONCLUSION

For the foregoing reasons, defendant MYCA, LLC respectfully requests that the Court enter an Order (1) dismissing this action under Rules 12(b)(7) and 19(b) for failure to join an indispensable party, or, in the alternative, (2) dismissing Scorpio 8283 LLC's Second Claim for injunctive relief with prejudice; (3) denying Scorprio 8283 LLC's cross motion for (a) summary judgment on its first cause of action for a judicial decree of dissolution and (b) an order appointing the plaintiff as "winding-up partner;" and (4) granting such other and further relief as the Court deems just and proper.

Dated: April 17, 2008

Respectfully submitted,

AKIN GUMP STRAUSS HAUER & FELD LLP

By: _____

Michael D. Lockard (ML 2836)
Rebecca N. Loubriel (RL 4726)
590 Madison Avenue
New York, NY 10022
Telephone: (212) 872-1000
Facsimile:  (212) 872-1002

*Counsel for defendant MYCA, LLC*

19

## <u>CERTIFICATE OF SERVICE</u>

I, Michael D. Lockard, an attorney with the law firm of Akin Gump Strauss Hauer & Feld, hereby certify that on this 17th day of April 2008, I caused to be served, via email delivery a copy of (1) the Declaration Of Michael D. Lockard In Further Support Of Defendants' Joint Motion To Dismiss The Complaint And In Opposition To Plaintiff's Motion For Summary Judgment; (2) the Declaration Of Sara Minskoff Allan In Further Support Of Defendants' Joint Motion To Dismiss The Complaint And In Opposition To Plaintiff's Cross-Motion For Summary Judgment; (3) MYCA, LLC's Reply Memorandum Of Law In Further Support Of Defendants Joint Motion To Dismiss The Complaint And In Opposition To Plaintiff's Cross-Motion For Summary Judgment; and (4) MYCA, LLC's Response To Plaintiff's Local Rule 56.1 Statement to:

WILLKIE FARR & GALLAGHER
Thomas H. Golden
787 Seventh Avenue
New York, New York 10019

*Counsel for plaintiff Scorpio 8283 LLC*

-and-

WHITEMAN OSTERMAN & HANNA LLP
Philip H. Gitlen
Christopher E. Buckey
One Commerce Plaza
Albany, New York 12260

*Counsel for defendant*
*2220 Equities Management Limited Partnership*

Dated: New York, New York
      April 17, 2008

Michael D. Lockard